# EXHIBIT A

October 15, 2021

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Hough v. Miraj and Petty*, Docket No. 21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

Pursuant to Section III(A) of Your Honor's Individual Practice and Rules, I write to request a pre-motion conference in advance of a motion by Defendant Onika Tanya Maraj ("Defendant") to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3), (5) and (6).[1] Given the three-page limit for this letter, the following outlines just **some** of the Amended Complaint's failings. Should the Court permit Defendant to file a motion to dismiss the Amended Complaint, there are multiple additional arguments which she would pursue.

A.   **THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(3)**

When a defendant moves to dismiss a complaint under Rule 12(b)(3), "the plaintiff has the burden to establish that venue is proper." *Hansen v. Miller*, 2020 U.S. Dist. LEXIS 179456, at *12 (E.D.N.Y. Sep. 29, 2020). Since Paragraph 12 of the Amended Complaint alleges (correctly) that Defendants "are both residents of California," venue would be proper here only if Plaintiff Jennifer Hough ("Plaintiff") had adequately alleged that "a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in this District. 28 U.S.C. § 1391(b)(2).

In the first instance, Plaintiff has not met her burden because the Amended Complaint does not allege **any** basis for venue in this District, instead stating only that "Plaintiff felt the bulk of Defendant's action in the states of Georgia and New York." (Amended Complaint, at ¶ 6) This allegation does not support venue because § 1391(b)(2) requires that "events," took place in the relevant district.

---

[1]   I note my belief that there appear to be compelling reasons to dismiss the Amended Complaint under Rule 12(b)(2). Pursuant to my Rule 11 obligations, though, I am not pressing this argument now, as I need to undertake some additional investigation of the facts and law. However, Defendant does not intend to waive a claim that the Court lacks personal jurisdiction over her by reason of not discussing it in this letter.

Turning, then to the alleged "events" in the case, Plaintiff is undoubtedly resting her venue claim upon the fact that the attempted rape for which Defendant's husband was convicted occurred in Queens County. However, the location of that event is irrelevant to the issue of whether venue **as to Defendant** is proper because "'[w]hen venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state' for *each* claim against each defendant...." *Sea Tow Servs. Int'l, Inc. v. Pontin*, 472 F. Supp. 2d 349, 363 (E.D.N.Y. 2007) (Emphasis in original).

Given the page limit for this letter, I cannot detail each of the Amended Complaint's minimal allegations against Defendant, but they may be found at Paragraphs 82, 84-85,[2] 88-94, and 100-04 thereof. Not a single one of these allegations even remotely suggests conduct in New York. The lack of any connection between these allegations and the Eastern District of New York is further demonstrated by the fact that the three Claims for Relief asserted against Defendant in the Amended Complaint (Counts V, VI, and VII) all seek relief **only** under California and Georgia law. If Plaintiff were alleging that Defendant engaged in **any** conduct in New York, she would have also sought relief under New York law.[3]

**B.      THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(5)**

"Once a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Reich v. City of N.Y.*, 2021 U.S. Dist. LEXIS 193330, at *7 (E.D.N.Y. Oct. 5, 2021). Here, Defendant has made an evidentiary showing that she was not properly served.

The Affidavit of Service filed by Plaintiff (Doc. No.14) states that Defendant was served via personal service of a copy of the Summons and Complaint upon her husband, who is described as a "Black Male, 40 Years Old, 200 lbs. black hair, brown eyes."

Defendant, however, has executed a sworn Declaration in which she states that "[t]he process server is not telling the truth, as this never happened. In fact, my husband is approximately 5'9" tall and weighs no more than 175 pounds. Further, there is no person who resides in our house or who was present there on September 15, 2021, who fits the description contained in the Affidavit of Service."

**C.      THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)**

The three Claims for Relief asserted against Defendant are almost unintelligible, and certainly not sufficient to withstand a motion for dismissal.

---

[2]      The "Queen radio" referenced in Paragraph 84 of the Amended Complaint refers to the name of an Apple Music show, not Queens, New York.

[3]      Alternatively, pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the Central District of California, which is the district in which both Defendants reside.

Count V alleges that Defendant engaged in "Harassment and Witness Intimidation" under California and Georgia law.[4] The claim under California law is facially frivolous because Plaintiff is seeking damages for a violation of Cal. Civ. Proc. § 527.6. That statute, however, provides only for injunctive relief. *See Banks v. Am. Airlines Grp., Inc.* 2020 U.S. Dist. LEXIS 251489, at *11-12 (C.D. Cal. Dec. 29, 2020) (Dismissing a claim under § 527.6 because the statute does not provide for an award of damages). As for Plaintiff's reliance upon a supposed "Georgia's harassment statute" (Amended Complaint, at ¶ 157), there does not appear to be one that gives rise to a civil remedy for damages. *See Somerville v. White*, 337 Ga. App. 414, 416 (2016) ("[C]ivil liability may only be authorized under a penal statute when the General Assembly has *expressly provided* for a private right of action in the textual provisions of that statute, 'not extrapolated from the public policy the statute generally appears to advance.'") (Emphasis in original) (Citation omitted).

As drafted then, the Amended Complaint failed to state a claim for "Harassment and Witness Intimidation" because it does not even identify a claim pursuant to which a plaintiff can seek damages. That being said, it is hard to imagine that the meager allegations against Defendant in the Amended Complaint would provide "factual content [that] allows the court to draw the reasonable inference that the defendant is liable," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), for some tort under Georgia or California law. But how can one assess the adequacy of factual allegations if Plaintiff has not identified a claim for which those factual allegations are supposedly adequate?

Count VI of the Amended Complaint alleges that Defendant is liable for "Aiding and Abetting" under California and Georgia law. This claim is incomprehensible because a claim that a defendant was aiding and abetting another person is meaningless unless the plaintiff also identifies the underlying conduct which was supposedly being "aided and abetted." Here, the Amended Complaint fails to do so.

Count VII of the Amended Complaint alleges that Defendant should be held liable under California and Georgia law for "Intentional Infliction of Emotional Distress." The allegations against Defendant in the Amended Complaint do not remotely make out the elements of that tort under either California or Georgia law. *See Belen v. Ryan Seacrest Productions, LLC*, (2021) 65 Cal. App. 5th 1145, 1164 (California law) and *Everett v. Goodloe*, 268 Ga. App. 536, 537 (2004) (Georgia law).

Respectfully yours,

Judd Burstein

---

[4] That all of the claims made against Defendant are brought under California and Georgia law, raises issues concerning whether a defendant can be held liable for acts committed outside of a state simply because a plaintiff felt the effect of the acts there. Plaintiff appears to be contending that as a victim of a tort committed against her in State A, she can sue the wrongdoer under the law of State B ten years later because she has continued to suffer from the effects of the tort after moving there. This makes no sense.