# JUDD BURSTEIN, P.C.
### ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
  PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

October 19, 2021

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Hough v. Maraj and Petty</u>, Case No. 21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

  We represent Defendant Onika Tanya Maraj ("Defendant") in the above-referenced case. I write in response to Plaintiff Jennifer Hough's ("Plaintiff") motion requesting that the Clerk's Office's denial of her application for a Certificate of Default "be withdrawn and request granted." (Doc. No. 20, at p. 1)

  Before turning to the merits of Plaintiff's application, I think it is important to note this is a dispute that should never been brought to the Court. A lawyer showing the basic courtesy which members of the Bar are expected to show to each other would not have denied my request -- made just nine days after Defendant's purported default -- for a limited extension of time to answer or move against the Amended Complaint. *See Law Offices of Sanford F. Young, P.C. v. Landow*, 2020 U.S. Dist. LEXIS 89161, at *9, n.5 (S.D.N.Y. May 20, 2020) ("The Court frowns upon the lack of civility displayed among counsel in this case, and wonders in particular why Plaintiff's counsel would not extend a fairly common professional courtesy of extending Defendant's time to answer...."); *see also New York Standards of Civility*, §§ III(A) ("In the absence of a court order, a lawyer should agree to reasonable requests for extensions of time or for waiver of procedural formalities when the legitimate interests of the client will not be adversely affected.") and (B) ("Upon request coupled with the simple representation by counsel that more time is required, the first request for an extension to respond to pleadings ordinarily should be granted as a matter of courtesy.").

  It is also troubling that Mr. Gordon's letter contains a hearsay accusation regarding an alleged conversation between someone in the Clerk's Office and his co-counsel, Mr.

Hon. Eric N. Vitaliano
October 19, 2021
Page 2

Blackburn: "Upon appearing at the Clerks Office today, Ms. Hough's counsel, Mr. Blackburn, was advised that the delay in issuing the Certificate was caused by understaffing and limited hours in the Clerks office." (Doc. No. 20, at p. 2) This is a serious accusation and should have been made directly by Mr. Blackburn.

Turning to the merits, in Defendant's pending motion seeking leave to file a late pre-motion conference letter, I had decided not to waste the Court's time with a challenge to the inadequacy of Plaintiff's application for a Certificate of Default because I believed that it made far more sense to address the substantive issue of whether, if entered, the Certificate of Default should be vacated pursuant to Fed. R. Civ. P. 55(c). Moreover, it made no sense for me to challenge an expected action by the Clerk's Office which had not yet come to pass.

However, since Plaintiff has now moved for an Order directing the Clerk to issue a Certificate of Default, Defendant opposes that motion on the ground that the Clerk should have rejected Plaintiff's application for a default for a reason other than the Notice of Appearance which I filed in the case -- *i.e.*, Plaintiff's failure to submit an affidavit "demonstrating that ... the pleading to which no response has been made was properly served." Local Civil Rule 55.1(b)(3). Rather, Plaintiff's counsel's affirmation in support of Plaintiff's application does not even mention service of the Summons and Complaint, instead stating only that "Defendant Onika Tanya Maraj ... [has] not answered or otherwise moved concerning the complaint. The time for Defendant Onika Tanya Maraj … to answer or otherwise move has not been extended." (Doc. No. 15-1, at ¶ 4)

Local Civil Rule 55.1 is explicit in its statement of the requirements for securing a Certificate of Default from the Clerk's Office. Plaintiff's counsel failed to meet those requirements, and his motion should therefore be denied.[1]

Respectfully submitted,
/s/ Judd Burstein
Judd Burstein

cc:  Tyrone A. Blackburn, Esq. (via ECF)
     Steven N. Gordon, Esq. (via ECF)

---

[1] While Plaintiff's counsel may point to the Affidavit of Service he filed with the Court, he should not do so because, as made clear in Defendant's Declaration submitted in support of her pending motion, the Affidavit falsely claims that the process server served Defendant's husband. In any event, the Affidavit of Service is irrelevant because Plaintiff's counsel did not incorporate it by reference into his Affirmation. *See Sebastiani v. Lee*, 2019 U.S. Dist. LEXIS 180014, *4, n.1 (E.D.N.Y. Oct. 17, 2019) (Refusing to consider documents filed on the Court's ECF docket because they had not been incorporated by reference.). Further, while the Court may take judicial notice of a document filed on ECF, it may not do so for the truth of the matter asserted therein, but only for the fact that the document was filed. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992).