

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

October 25, 2021

VIA PACER
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Jennifer Hough v. Onika Tanya Maraj AKA ("Nicki Minaj") and Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC**

Dear Judge Vitaliano:

We and our co-counsel, Steven N. Gordon, represent Plaintiff Jennifer Hough in the above-referenced matter. Through this letter, we respectfully request that Your Honor determine a schedule for the following motions: (a) Plaintiff's motion for a Certificate of Default Judgment, (b) if (a) is granted, Plaintiff's motion for entry of default judgment, (c) Plaintiff's petition for a Traverse Hearing, and (d) Defendant Maraj's motion to vacate default judgment or for leave to file a late pre-motion conference letter in anticipation of filing a motion to dismiss the Amended Complaint.

On October 11, 2021, we filed a Request for a Certificates of Default Judgment against Defendants Onika Tanya Maraj and Kenneth Petty. The Defendants' deadline to respond to our Complaint was October 6, 2021, which was served correctly on Defendant Petty on September 15, 2021. Before the Clerk issued the Certificates of Default Judgment, on October 15, 2021, nine days after her response was due, counsel for Defendant Maraj, Mr. Burstein, filed a motion for "Leave to File A Late Letter Requesting A Pre-Motion Conference In Anticipation of A Motion to Dismiss the Amended Complaint."

In my experience, the Clerk promptly issues Certificates of Default Judgment so that parties may immediately move for entry of default judgment. Mr. Burstein also acknowledges this is an unusual circumstance in his motion mentioned above. (*See* ECF Dkt. No. 17-6, Memorandum in Support, p. 3). On October 19, 2021, I appeared at the Clerk's Office because the Certificates had still not been issued. While there, I was advised the delay in issuing the Certificates of Default




# T. A. BLACKBURN LAW

Judgment was due to understaffing and limited in-person hours at the Clerk's Office. Soon after that, the Clerk issued the Certificate of Default Judgment against Mr. Petty but not against Ms. Maraj.

Instead, the Clerk denied issuing the Certificate of Default Judgment against Ms. Maraj because Mr. Burstein had submitted a Notice of Appearance. Because this was such an unprecedented issue, my co-counsel, Steven N. Gordon, submitted a letter to Your Honor seeking to rectify it. The issue is so unusual that it was unclear under which title the letter should be submitted in Pacer.

Hence, our prompt in that letter sought Your Honor's input on whether a motion was needed.

Assuming a motion is required, we contacted Mr. Burstein to discuss submitting a briefing schedule. *See* **the e-mail chain annexed hereto as Exhibit A.** It is our position that had the delay in issuing the Certificates of Default Judgment not occurred, they would have been properly issued against both Defendants, and we would have promptly moved for entry of default judgment before Mr. Burstein made his motion. Our position is that, logically, our motion should be heard first. His position is that they are heard contemporaneously.

Upon reviewing **Exhibit A**, Your Honor will see that Mr. Burstein is disputing whether Defendant Maraj was properly served by personal service upon her husband, Defendant Petty. Notwithstanding which way Your Honor rules with respect to Plaintiff's motion, whether service was properly made will be an issue. Plaintiff intends to petition the Court to schedule a Traverse Hearing.

In sum, we respectfully request that Your Honor determine a schedule for the following motions: (a) Plaintiff's motion for a Certificate of Default Judgment, (b) if (a) is granted, Plaintiff's motion for entry of default judgment, (c) Plaintiff's petition for a Traverse Hearing, and (d) Defendant Maraj's motion to vacate default judgment or for leave to file a late pre-motion conference letter in anticipation of filing a motion to dismiss the Amended Complaint. We thank Your Honor for his assistance in resolving this disagreement.

Respectfully Submitted,



Tyrone A. Blackburn, Esq.
*Attorney for Plaintiff*

📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com