# EXHIBIT # B

**From:** Judd Burstein jburstein@burlaw.com
**Subject:** Re: Your Motion for Leave to Amend the Complaint
**Date:** October 22, 2021 at 5:26 PM
**To:** Tyrone Blackburn tblackburn@tablackburnlaw.com, Steven Ciar's Husband sg@nytlaw.com
**Cc:** Peter B. Schalk pschalk@burlaw.com, Emily Finestone EFinestone@burlaw.com

I am not quite sure why you are both continuing to make legal arguments when this is a procedural issue or why you need my consent for a traverse hearing. If you are entitled to one, the Court will order it, perhaps on my consent after I review the law. **If you don't want to agree to simultaneous briefing, that is your right and maybe the Court will agree with you. You should then write to the Court and include my email with my proposal**

Sent from my T-Mobile 5G Device
Get [Outlook for Android](#)

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Friday, October 22, 2021, 5:16 PM
**To:** Steven Ciar"Æs Husband
**Cc:** Judd Burstein; Peter B. Schalk; Emily Finestone
**Subject:** Re: Your Motion for Leave to Amend the Complaint

To add to what Steven said, in light of your position Judd, I think it is essential for us to have a Traverse hearing and we will petition the court for one.

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
[TABlackburnlaw.com](#)

> On Oct 22, 2021, at 5:13 PM, Steven Gordon <sg@nytlaw.com> wrote:
>
> Perhaps you are thinking of State Court or where there is a sum certain, Judd. But, below is how it works. Nonetheless, we will file our letter with this email chain attached.
>
> "The entry of a certificate or notation of default by the Clerk of Court precedes the issuance of a default judgment. To obtain entry of a certificate of default, file a Request for Certificate of Default, (Request for Certificate of Default is located on ECF under the heading "°Other Filings ©\ Other Documents"±), supported by an affidavit or affirmation. See Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. **Once the Clerk has entered a certificate of default, a motion for default judgment may be filed using the Motions event, Default Judgment. See Fed. R. Civ. P. 55(b); Local Civil Rule 55.2**."
>
> See https://www.nyed.uscourts.gov/forms/request-enter-default-judgment
>
> On Fri, Oct 22, 2021 at 5:06 PM Judd Burstein <jburstein@burlaw.com> wrote:
>> That's just not the way it works for a default. **Nor do I want to litigate by email. If you don't agree with my proposal, write to the Court and annex my email so that the Court has both of our points of view.**
>>
>> Sent from my T-Mobile 5G Device
>> Get Outlook for Android
>>
>> ---
>> **From:** Steven Gordon <sg@nytlaw.com>
>> **Sent:** Friday, October 22, 2021 4:51:46 PM
>> **To:** Judd Burstein <jburstein@burlaw.com>
>> **Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
>> **Subject:** Re: Your Motion for Leave to Amend the Complaint
>>
>> Judd,
>>
>> a. Tyrone requested the Certificate of Default Judgment from the Clerk 4 days prior to your motion. If it had been promptly issued as usual, we would have moved for entry of default judgment before your letter. The Clerk's office advised Tyrone that the delay was caused by understaffing and limited hours in the office. You know this situation is unusual and unprecedented, and

was caused by understaffing and limited hours in the office. You know this situation is unusual and unprecedented, and acknowledge such in your motion. To be consistent, you should be amenable to our motion and our subsequent motion for default judgment heard first.

b. Notwithstanding that your motion analyzed the law as if default was entered, we will then need to apply for entry of default judgment before opposing your motion to vacate. *See* FRCP 55(b)(2) and Local Civil Rule 55.2. This cannot occur until the Certificate of Default has been entered.

c. We complied with all requirements for issuance of the Certificate of Default, and the Clerk was required to issue it due to your client's failure to timely respond. While you assume that the Court will vacate the default judgment, the Judge may feel otherwise when he learns that Ms. Maraj carelessly failed to timely respond, or that she was not advised by when she needed to respond.

The proof of service was submitted for both Mr. Petty and your client, in which the process server swore under penalty of perjury that he served Mr. Petty. Such constitutes an affidavit showing that service was proper.

**Given that you are calling our process server and Tyrone and I -- officers of the Court -- liars, I'm assuming that means you will consent to a Traverse Hearing?** That way, we can subpoena Mr. Petty to appear on the stand and swear under penalty of perjury that he was not served. We will also call our process server to the stand and submit additional documentary evidence that service was proper. We can let the Judge decide who he believes, and then we will move for sanctions based on the untruthful declaration that your client submitted as well as your baseless claim that we're lying. Accordingly, we will also immediately advise the U.S. Attorney for the Eastern District of your client's and Mr. Petty's perjury. I'm sure that will assist him during his January 2022 sentencing hearing for failing to register as a sex offender.

With respect to the schedule, we are fine with my letter and your letter serving as the motion and opposition for the Certificate of Default Judgment but propose that we are to submit our Reply papers **by next Friday, October 29, 2021.** If our motion is granted, we propose the following schedule:

1. We submit our motion for entry of default judgment **ten days** after the Certificate of Default Judgment is issued.

2. You then have **ten days** to file your opposition.

3. We will then have **seven days** to submit our Reply.

If our motion is declined, we propose the following:

 1. We have **ten** days to file our opposition, after which you have **seven** days to submit your reply.

If you do not agree with this schedule, we will file our letter for the Judge to decide on scheduling and will include this email chain.

Regards,

On Fri, Oct 22, 2021 at 2:40 PM Judd Burstein <jburstein@burlaw.com> wrote:

> ## I disagree for the following reasons:
>
> > a.      Defendant"Æs motion could not have sought relief from a default because no default had been entered; it asked for permission to file a late pre-motion conference letter, thereby obviating any default which might be entered. It thus is legitimately the first-filed motion.
>
> > b.      More importantly, Defendant"Æs motion

analyzed the law as though a default had been entered and that Rule 55(c) applied.

c. The substance of my motion has now changed, but the circumstances have because the default has been rejected. While you assume that your letter motion will be granted, I do not know why you believe that to be so given that (a) you did not file an affidavit concerning service of the Complaint, and (b) you now know that your process server"Æs affidavit erroneously claims that he served Mr. Petty.

I therefore suggest the following schedule:

1. We will consider the letter I sent in response to Steven"Æs letter concerning the Clerk"Æs refusal to enter a default as Defendant"Æs full response to Plaintiff"Æs letter motion.

2. Plaintiff will respond to Defendant"Æs motion on October 29, 2021 (or later if you wish more time).

3. The parties will each file reply papers on their respective motions 10 days after the date on which Plaintiff"Æs response to the motion is due.

4. If the Court directs the Clerk to enter a default, the briefing on Defendant"Æs motion will be deemed to be a fully briefed motion to vacate

> the default pursuant to Rule 55(c).

I note that you are not obligated to file a motion pursuant to Rule 55(b) immediately and if Defendant were to lose her motion to vacate the default, it would remove a major obstacle to securing a default judgment from the Court.

**If you do not agree to this proposal, I ask that you provide it to the Court with your letter so that we do not waste the Court"Æs time with dueling letters.**

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell"ṚBest number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS.  I AM A TERRIBLE TYPIST AND PROOFREADER ØC PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE.**

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Friday, October 22, 2021 11:59 AM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Steven Ciar"Æs Husband <sg@nytlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint

Judd,

Steven and I have been attempting to craft a briefing schedule to have our request for a Certificate of Judgment and your motion heard on the same date. In the event the Judge grants our request for the Certificate of Default (which is likely), we cannot, however, find a way to reconcile the requirements for transitioning our opposition into one for a motion for default judgment to have it heard simultaneously. While we understand that your motion contains the same arguments as it would to oppose entry of default judgment, ours and the hearing on such would be much more involved, requiring additional time after the Certificate is issued. For example, see FRCP 55(b)(2).

As such, we think it only makes sense to have our request heard first and then we can schedule briefing on your motion.

If you agree, we can draft a joint briefing schedule with respect to our request. If not, we will write the Judge to seek his input.

Tyrone A. Blackburn, Esq.

T. A. Blackburn Law, PLLC.

Phone: 347-342-7432

TABlackburnlaw.com

> On Oct 21, 2021, at 3:38 PM, Judd Burstein <jburstein@burlaw.com> wrote:
>
> Actually, I need 20 minutes
>
> Judd Burstein
> Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell"ṚBest number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS.  I AM A TERRIBLE TYPIST AND PROOFREADER ØC PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE.**

---

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Thursday, October 21, 2021 3:03 PM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint

We don't mind agreeing on a briefing schedule for both motions and allowing the Court to decide whether it would like to withdraw what is on file to package them together. I'm available by phone now or any time over the next two hours, and then after 7:30 PM.  Please let me know what works for you.


Thanks,


On Thu, Oct 21, 2021 at 2:36 PM Judd Burstein <jburstein@burlaw.com> wrote:
> I do not agree that in this unusual circumstance when your co-counsel told me to just file my motion, my filing was in violation of the Court"Æs Order.   On the other hand,  your letter was in violation of the rule, as it asked for relief, not just clarification.

**However,** I do not want to continue wasting the Court"Æs time with this nonsense.  So, I propose that we agree on a briefing schedule for both motions and ask the Court whether it would like us to withdraw what is on file so that we may bundle them.

If this plan is not acceptable, I guess you should write the Court.  However, you have an obligation to provide the Court with a copy of this email.

---

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Thursday, October 21, 2021 2:16:30 PM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>
**Subject:** Your Motion for Leave to Amend the Complaint

Judd,

Before writing to the Court that your motion was improperly submitted, I wanted to give you the opportunity to withdraw your pending motion for leave to amend the complaint.  Per the Judge's Rules, parties are not permitted to serve any motion paper before obtaining Court approval of a briefing schedule.

Section III(B) of the Judge's Rules entitled "Scheduling of Motions" provides:

"Where permission to file a motion is granted, or where permission is not needed, the parties are to jointly file a letter proposing a briefing schedule for Court approval. If the moving party is **unable** to obtain the adversary"Æs consent to the proposed briefing schedule, **the moving party must state the reasons consent was not obtained, including describing any unsuccessful efforts to reach the adversary.**

**No party is to serve any motion paper prior to obtaining court approval of the schedule.** No changes to the approved schedule may be made without court order."

While we did not agree to filing a late response to the Amended Complaint, we never stated that we would not discuss a briefing schedule and jointly submit one to the Judge.  As such, I urge you to withdraw your motion and discuss submitting a briefing schedule with us.

Before you attempt to say that we also did not follow the rules, my letter the other day was simply a letter to the Judge. Per the Judge's rules, letters to the Court are to be filed through Pacer.  Because of the unprecedented nature of the Clerk's delay -- and subsequent improper denial -- with respect to issuing the Certificate of Default, the purpose of my letter was to advise the Judge of this error and seek direction on how to proceed if we needed to do so formally.

If you refuse to withdraw your motion and discuss a briefing schedule with us, I will be forced to advise the Judge that you refuse to comply with his rules.

Regards,

Steve

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

> > 114 Mulberry Street, Ground Floor
> >
> > New York, NY 10013
> >
> > Telephone: (212) 337-9770
> >
> > Facsimile: (212) 337-3375
> >
> > Email: sg@nytlaw.com
>
> --
>
> Steven N. Gordon, Esq.
>
> Tsyngauz & Associates, P.C.
>
> 114 Mulberry Street, Ground Floor
>
> New York, NY 10013
>
> Telephone: (212) 337-9770
>
> Facsimile: (212) 337-3375
>
> Email: sg@nytlaw.com

--
Steven N. Gordon, Esq.
Tsyngauz & Associates, P.C.
114 Mulberry Street, Ground Floor
New York, NY 10013
Telephone: (212) 337-9770
Facsimile: (212) 337-3375
Email: sg@nytlaw.com


--
Steven N. Gordon, Esq.
Tsyngauz & Associates, P.C.
114 Mulberry Street, Ground Floor
New York, NY 10013
Telephone: (212) 337-9770
Facsimile: (212) 337-3375
Email: sg@nytlaw.com