UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JENNIFER HOUGH,                                  :
                                                 :
                       Plaintiff,                :
                                                 :   Civil Action No. 21-cv-04568
           - against -                           :   (ENV) (JRC)
                                                 :
ONIKA TANYA MARAJ, AKA ("NICKI MINAJ")            :
and KENNETH PETTY, AKA ("ZOO"),                  :
                                                 :
                       Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# MEMORANDUM OF LAW OF DEFENDANT KENNETH PETTY
# IN SUPPORT OF MOTION TO VACATE CERTIFICATE OF DEFAULT


Dated: October 27, 2021
       New York, New York


                                    Law Offices of Steven D. Isser
                                    424 Madison Avenue, Third Floor
                                    New York, New York 10017
                                    (212) 812-5096
                                    *Attorneys for Plaintiff Kenneth Petty*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

SUMMARY OF THE FACTS ...................................................................................................3

ARGUMENT ...............................................................................................................................3

      POINT I

      THE DEFAULT SHOULD BE
      VACATED DUE TO DEFICIENT SERVICE..........................................................4

      POINT II

      THE DEFAULT SHOULD BE VACATED DUE
      TO PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 55.1 .............5

      POINT III

      THE DEFAULT SHOULD BE
      VACATED BECAUSE DEFENDANT
      HAS DEMONSTRATED GOOD CAUSE ...............................................................6

           A.     Defendant's Failure to Respond to the
                  Amended Complaint Was Not Willful .......................................................8

           B.     Defendant Has Demonstrated Meritorious Defenses ...............................11

           C.     Plaintiff Will Not Suffer Prejudice if the Default it Vacated.....................14

CONCLUSION..........................................................................................................................15

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) ...................................................................................8

*Crawford v. US Sec'y Assocs.*,
2019 WL 8128253, at *3 (S.D.N.Y. Sep. 11, 2019) ......................................................................4

*Davis v, Musler,*
713 F.2d 907, 916 (2d Cir. 1983) ................................................................................................14

*Dixon v. Ragland,*
2005 WL 2649484, at *2 (S.D.N.Y. October 14, 2005) ................................................................9

*Elohim EPF USA, Inc. v. 162 D&Y Corp.,*
2021 WL 2292682, at *4 (S.D.N.Y. June 4, 2021) ............................................................7, 9, 10

*Enron Oil Corp. v. Diakuhara*,
10 F.3d 90, 96 (2d Cir. 1993) .................................................................................................7, 11

*Goldstein v. Urgo Eleuthera Hotels Ltd.,*
2016 WL 1019394, at *2 (E.D.N.Y. February 10, 2018) .....................................................4, 7, 12

*Lin v. Grand Siuchuan,*
*74 St Inc.*, 2021 WL 4295208, at *5 -*6 (S.D.N.Y. September 21, 2021) ......................................4

*Lion-Aire Corp. v. Lion Air Installations,*
2020 WL 3868755, at 6 (E.D.N.Y. July 8, 20120) ........................................................................11

*Meehan v. Snow,*
652 F.2d 274, 277 (2d Cir. 1981); ................................................................................................4

*New Falls Corp. v. Soni Holdings,*
*LLC,* 2020 WL 2770922, at 3 (E.D.N.Y. May 8, 2020), adopted by,
*New Falls Corp. v. Soni Holdings,*
*LLC,* 2020 WL 2770015 (E.D.N.Y. May 28, 2020) ............................................7, 8, 9, 10, 11, 13

*O'Callaghan v. Sifre*,
242 F.R.D. 69, 72 (S.D.N.Y. 2007) .........................................................................................4, 6

*Onewest Bank, N.A. v. Ruiz,*
2018 WL 1318983, at *2 (E.D.N.Y March 13, 2018) .............................................................7, 8

*Plumbers, Union No. 112 Pension Fund v. Fendick Plumbing, Heating & Air Conditioning, Inc.*,
008 WL 4532500, at * 2 (N.D.N.Y. Sep. 29, 2008) ....................................................................9

*Resource Trade Finance, Inc. v. PMI Alloys, LLC,*
2002 WL 1836618 (S.D.N.Y. August 12, 2002) .......................................................................3

*U.S. Commodity Futures Trading Commission v. Safety Capital Management,*
2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017) ............................................................8, 11. 13

*USA Herbals, LLC v. Sybervision, Inc.,*
2008 WL 11517565 (S.D.N.Y. November 14, 2008) ..................................................................9

*Westchester Fire Ins. Co. v. Tyree Service Corp.,*
304 F.R.D. 111, 112 (E.D.N.Y. 2014) .......................................................................................7

**State Cases**

*Banks v. Am. Airlines Grp., Inc.,*
2020 U.S. Dist. LEXIS 251489, at *11-12 (C.D. Cal. Dec. 29, 2020) .......................................13

*Somerville v. White,*
337 Ga. App. 414,416 (2016) ....................................................................................................13

**Statutes and Rules**

Cal. Civ. Proc. § 527.6 ................................................................................................................13

Fed. R. Civ. P. 55(a) ................................................................................................................2, 5

Fed. R. Civ. P. 55(c) ................................................................................................................5, 6

Rule 55.1 of the Local Rules of the United States District Courts
for the Southern and Eastern Districts of New York ..............................................................2, 5

Rule 55.1(b)(3) of the Local Rules of the United States District Courts
for the Southern and Eastern Districts of New York ...................................................................5

**PRELIMINARY STATEMENT**

Plaintiff Jennifer Hough ("Plaintiff") alleges in her Amended Complaint ("Amended Complaint" or "Am. Compl.") that in 1994 she was raped by Defendant Kenneth Petty ("Defendant" or "Mr. Petty"). After remaining silent for over 27 years, Plaintiff now claims to have suffered damages and emotional distress from this alleged incident. The explanation for Plaintiff waiting 27 years to commence litigation is obvious. In October 2019, Defendant Petty married co-defendant Onika Tanya Maraj a/k/a Nicki Minaj ("Ms. Maraj"), who is a famous and wealthy musician. Believing that a celebrity with deep pockets, who is now married to Mr. Petty, would fear adverse publicity, Plaintiff is attempting to extract money based on the 27 year old alleged incident.

Plaintiff's improper rush to obtain a default judgment against Mr. Petty and avoid resolution of this action on the merits further demonstrates that Plaintiff is well aware that her claims lack merit, and that her that lawsuit is motivated by Mr. Petty's recent marriage to a celebrity deep pocket. Indeed, on October 11, 2021, just five days after the date by which Mr. Petty and co-defendant Ms. Maraj would have been required to respond to the Amended Complaint, **if** they had been properly served (which they were not), Plaintiff's counsel filed a Request for a Certificate of Default from the Clerk of the Court. *See* Declaration of Steven D. Isser, sworn to on October 27, 2021 ("Isser Declaration" or "Isser Decl.") at Exhibit ("Ex.") 5.

Although Ms. Manaj's counsel requested that Plaintiff's counsel withdraw the Request for a Certificate of Default and agree to a reasonable extension of time to respond to the Amended Complaint, as such extensions of time are normally granted in litigation, Plaintiff's counsel refused. Isser Decl. at Ex. 2. As a result of Plaintiff's refusal to abide by the common courtesies

normally extended in litigation, the instant motion for an Order vacating the Certificate of Default against Defendant and permitting Defendant to respond to the Amended Complaint is necessary.

As is further discussed below, Defendant has demonstrated that there is good cause to vacate the Certificate of Default for numerous reasons and this motion should be granted. **First,** service was not properly effectuated on Defendant. As discussed below, Mr. Petty was not personally served, as inaccurately claimed in the Affidavit of Service previously filed by Plaintiff, and he is not 5'10'' or 200 pounds, the description of the person served contained in the Affidavit of Service. The failure to properly serve Defendant in and of itself requires not only that the Certificate of Default be vacated, but also dismissal of the action, as the Court lacks personal jurisdiction over Defendant.

**Second**, Plaintiff failed to comply with Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), which requires that a party applying for entry of default under Fed. R. Civ. P. 55(a) shall file an affidavit demonstrating that "the pleading to which no response has been made was properly served." Plaintiff's application, however, did not include an affidavit of service and the Affidavit of Service previously filed did not state that the Amended Complaint, the "pleading to which no response has been made," was the document allegedly served on Defendant.

**Third,** even had Defendant been properly served and Plaintiff had complied with Local Rule 55.1, Defendant's failure to timely respond to the Amended Complaint was not willful, which is one of the criteria weighed in determining whether to vacate a default. As discussed below, Defendant was having difficulty obtaining counsel and was waiting for his wife's counsel to help him find representation. Through a miscommunication between Defendant's wife and her counsel, this was delayed. In addition, that Defendant has sought to vacate the Certificate of Default six

days after it was entered (on October 19, 2021) further demonstrates that his failure to respond to the Amended Complaint was not willful.

**Fourth**, Defendant has meritorious defenses, another criteria weighed in determining whether to vacate a default. As discussed below, in 1994, Defendant was convicted of the **attempted** rape of Plaintiff. Yet, Plaintiff claims to have been raped by Defendant. In the Declaration of Kenneth Petty, sworn to on October 27, 2021 ("Petty Declaration" or "Petty Decl."), Mr. Petty denies the allegations that he raped the Plaintiff, as well as all of the other material allegations. In addition, many of Plaintiff's claims are not legally cognizable.

**Fifth**, Plaintiff will not suffer any prejudice if the default is vacated, the most important criteria weighed in determining whether to vacate a default. As the default is relatively recent, there cannot be any reasonable claim that evidence is now unavailable or that Plaintiff's ability to prove her claims has been hampered, which is required to demonstrate prejudice. Mere delay is insufficient to establish prejudice. Accordingly, Plaintiff would not suffer prejudice if the default is vacated.

For any and all of the reasons discussed above and below, the default should be vacated and Defendant should be permitted to respond to the Amended Complaint

## SUMMARY OF THE FACTS

Certain of the relevant facts are discussed below, but to avoid undue repetition, all of the relevant facts are not set forth herein. For a fuller discussion of the facts, the Court is respectfully referred to the accompanying Petty Declaration and Isser Declaration.

## ARGUMENT

"The Second Circuit has made clear its 'preference for resolving disputes on the merits.'" *Resource Trade Finance, Inc. v. PMI Alloys, LLC,* 2002 WL 1836618, at *5 (S.D.N.Y. August 12,

2002) (citation omitted). "The extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir. 1981); *Goldstein v. Urgo Eleuthera Hotels Ltd.,* 2016 WL 1019394, at *2 (E.D.N.Y. February 10, 2018) (same).

## POINT I

### THE DEFAULT SHOULD BE VACATED DUE TO DEFICIENT SERVICE

In the Affidavit of Service previously filed with the Court concerning "service" on Defendant, the process server claims to have personally served the summons on Defendant. Isser Decl. at Ex. 3. As discussed in the Petty Declaration, however, Defendant was not personally served with the Summons, the complaint, the Amended Complaint or any other document in this litigation. Petty Decl. at ¶2. Indeed, the statement in the Affidavit of Service that Defendant was personally served is demonstrably inaccurate. Isser Decl. at Ex. 3. The Affidavit of Service describes the individual served as "200 lbs, 5'10." Isser Decl. at Ex. 3. Defendant, however, weighs only approximately 170-175 pounds and is only five feet and nine inches tall. Petty Decl. at ¶3.

As Defendant was not personally served, as claimed by Plaintiff, this in and of itself requires that the default be vacated (and requires dismissal of the Amended Complaint). Indeed, "[t]here is good cause to vacate entry of default when a plaintiff fails to properly serve a defendant with a summons and complaint . . . In the absence of proper service, the putative defendant has no obligation to 'plead or otherwise defend' as required by Rule 55(a) . . ." *Crawford v. US Sec'y Assocs.*, 2019 WL 8128253, at *3 (S.D.N.Y. Sep. 11, 2019). *See also Lin v. Grand Siuchuan 74 St Inc.,* 2021 WL 4295208, at *5 -*6 (S.D.N.Y. September 21, 2021) (default is void when party is not properly served with process because the court lacks personal jurisdiction); *O'Callaghan v.*

4

*Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) ("[a] default judgment may not be granted, however, if the defendant has not been effectively served with process.")

For any and all of the above discussed reasons, the default should be vacated because service of process was not properly effectuated.

### POINT II

### THE DEFAULT SHOULD BE VACATED DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 55.1

Local Rule 55.1(b)(3) provides, in part, that "[a] party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: . . . **an affidavit demonstrating** that . . . the pleading to which no response has been made **was properly served**." Local Rule 55.1(b)(3) (emphasis added). The Affirmation in Support of Request for Certificate of Default by Tyrone Blackburn, Esq., affirmed on October 11, 2021 (the "Affirmation" or "Aff."), filed by Plaintiff's counsel, however, failed to satisfy these requirements.

For example, the Affirmation does not even mention service on Defendant, let alone demonstrate that Defendant was properly served. Isser Decl. at Ex. 4. It merely states that the time for the Defendant to answer or otherwise move concerning the "complaint" has expired and that Defendant has not answered or otherwise moved concerning the "complaint." Isser Decl. at Ex. 4 at ¶¶ 3-4. The Affirmation does not even mention when Defendant was served or when his time to respond to the "complaint" expired.

To the extent Plaintiff seeks to rely on the Affidavit of Service previously filed with the Court, such reliance is misplaced. Rule 55.1 requires that the affidavit filed in support of the request for a Certificate of Default demonstrate service, not that a previously filed affidavit do so. Further, the Affidavit of Service also fails to satisfy the requirements of Rule 55.1. As stated, Rule 55.1 requires that the affidavit demonstrate that "**the pleading to which no response has been**

5

**made** was properly served," *i.e.,* the Amended Complaint. Local Rule 55.1(b)(3) (emphasis added). The Affidavit of Service, however, fails to mention service of the Amended Complaint. Isser Decl. at Ex. 3. The Affidavit of Service merely states that the "summons" was served, and under the heading "[a]dditional information regarding attempted service, etc.," it state "Summons, Jury Demanded, Exhibit(s)." Isser Decl. at Ex. 3.

Even assuming that "Jury Demanded" refers to a complaint, it is not clear whether it refers to the original complaint, or the Amended Complaint, for which a default is sought. *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 72 (S.D.N.Y. 2007) ("for a plaintiff to be entitled to a default judgment on an amended pleading, there must be an adequate showing that the relevant amended pleading was duly served, under the relevant rules.").

For any and all of the above discussed reasons, because Plaintiff has failed to comply with Local Rule 55.1, the default should be vacated,

## POINT III

### THE DEFAULT SHOULD BE VACATED BECAUSE DEFENDANT HAS DEMONSTRATED GOOD CAUSE

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under rule 60(b)." Fed. R. Civ. P 55(c). Accordingly, the default should be vacated not only due to Plaintiff's failure to effect proper service and/or comply with Local Rule 55.1, but also because Defendant has demonstrated "good cause" to vacate the default.

"Because Rule 55(c) does not define the term 'good cause,' we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious

6

defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp.*, 10 F.3d at 96.

"Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. "In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously." *Id. See also New Falls Corp. v. Soni Holdings, LLC,* 2020 WL 2770922, at 3 (E.D.N.Y. May 8, 2020), adopted by *New Falls Corp. v. Soni Holdings, LLC,* 2020 WL 2770015 (E.D.N.Y. May 28, 2020) (good cause should be construed generously.).

Of the three factors to be examined to determine whether there is "good cause" to vacate a default, "[n]o single factor is dispositive." *Onewest Bank, N.A. v. Ruiz,* 2018 WL 1318983, at *2 (E.D.N.Y March 13, 2018); *Goldstein,* 2016 WL 1019394, at *2 (same). *See also Westchester Fire Ins. Co. v. Tyree Service Corp.,* 304 F.R.D. 111, 112 (E.D.N.Y. 2014) (vacating default even though the defendant failed to demonstrate a meritorious defense); *Elohim EPF USA, Inc. v. 162 D&Y Corp.,* 2021 WL 2292682, at *4 (S.D.N.Y. June 4, 2021) ("[a]ll three factors in this case favor vacating the defaults. Though the Court ultimately concludes that the Defaulted Defendants' defaults were *not* willful, a contrary conclusion would not alter the balance of the factors, which would still weigh in favor of vacating the defaults.") (emphasis original); *New Falls Corp.,* 2020 WL 2770922, at 3 ("[a]lthough the Moving Defendants have failed to sufficiently raise a meritorious defense at this juncture, the Court finds that their default was not willful and Plaintiff will not be prejudiced by setting aside the defaults. Weighing these three factors, the Court

7

concludes that vacating the entry of default is more appropriate under these circumstances in light of the fact that 'strong public policy favors resolving disputes on the merits.'") (citation omitted).

Accordingly, even if a defendant is unable to establish a factor, the default may still be vacated. Here, however, Defendant has demonstrated that all three factors weigh in favor of vacating the default,

### A. Defendant's Failure to Respond to the Amended Complaint Was Not Willful

"'[W]illfulness, in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (citation omitted). *See also New Falls Corp. v. Soni Holdings, LLC,* 2020 WL 2770922, at 3 (E.D.N.Y. May 8, 2020) ("[a] finding of willfulness is appropriate where 'there is evidence of bad faith' or that a defendant's default is the result of 'egregious or deliberate conduct.'") (citation omitted); *U.S. Commodity Futures Trading Commission v. Safety Capital Management,* 2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017) ("[e]ven a defendant who was 'grossly negligent' in failing to answer was not necessarily willful; '[r]ather, the defaulting party must have engaged in deliberate or egregious conduct.'") (citation omitted).

"In the context of a motion to vacate entry of default, a court should resolve a 'factual dispute regarding willfulness . . . in favor of the party moving to set aside the default.'" *Onewest Bank, N.A.,* 2018 WL 1318983, at *2.

Here, Defendant's default clearly was not willful. As explained in the Petty Declaration, Defendant diligently sought to obtain counsel, but because he is married to a wealthy celebrity, lawyers he spoke with attempted to charge Defendant outrageous fees and sought exorbitant retainers (such as $100,000). Petty Decl. at ¶6. At the time, Defendant's wife, co-defendant Ms.

8

Maraj, also was seeking to obtain counsel and was in the process of retaining Judd Burstein, Esq. to represent her in this action. Petty Decl. at ¶6. Mr. Burstein agreed to help Defendant obtain counsel. Petty Decl. at ¶ 6. Due, however, to a miscommunication between Mr. Burstein and Ms. Maraj, Mr. Petty and his wife both mistakenly believed Mr. Burstein had been retained by Ms. Maraj and was looking for counsel for Defendant. Petty Decl. at ¶ 6. This miscommunication is discussed in the Declaration of Judd Burstein and the Declaration of Onika Tanja Maraj, previously filed with the Court. Petty Decl. at Ex. 2.

After Mr. Burstein was retained by Ms. Maraj, he referred Defendant to counsel. Petty Decl. at ¶7; Isser Decl. at ¶7. Defendant then diligently sought to vacate the default, within a month after his response to the Amended Complaint would have been due if he had been properly served.

It is well settled that when the failure to timely respond to a complaint is due to miscommunication with a law firm and/or difficulty in obtaining counsel, it does not constitute willful default. *See e.g., New Falls Corp.,* 2020 WL 2770922, at *4 (efforts to obtain counsel are relevant in determining willfulness); *Plumbers, Union No. 112 Pension Fund v. Fendick Plumbing, Heating & Air Conditioning, Inc.*, 2008 WL 4532500, at * 2 (N.D.N.Y. Sep. 29, 2008) ("the failure to file an answer was the result of a 'miscommunication' within the law firm representing defendant in this matter. Thus, there is no evidence of willfulness."); *USA Herbals, LLC v. Sybervision, Inc.,* 2008 WL 11517565 (S.D.N.Y. November 14, 2008) (difficulty in obtaining counsel does not constitute willfulness); *Dixon v. Ragland,* 2005 WL 2649484, at *2 (S.D.N.Y. October 14, 2005) ("where there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful.")

In *Elohim EPF USA, Inc. v. 162 D&Y Corp.,* 2021 WL 2292682 (S.D.N.Y. June 4, 2021),

9

the court held that a default due to a miscommunication with a law firm was not willful, even though counsel for the defendant did not file a notice of appearance for nearly one year and did not move to vacate the default until seven months after counsel had appeared. As the court held, "[t]he Defaulted Defendants' behavior was at least negligent. Even accepting the fact of the misunderstanding as true and drawing all inferences in the Defaulted Defendants' favor, the Defaulted Defendants do not explain why it took them nearly a year to find out that no one had entered an appearance or why they were not made aware when they received no bills during this time period that would indicate that attention was being given to the case . . . But the Court cannot conclude—in light of their explanations and resolving all doubts in their favor—that their actions were willful."

In contrast to the facts in *Elohim EPF USA, Inc.*, which did not even constitute willfulness, here, Defendant acted much more diligently. Had Defendant been properly served, his response to the Amended Complaint would have been due on or before October 6, 2021 and Plaintiff obtained a Certificate of Default on October 19, 2021. Isser Decl. at Ex. 5. Defendant appeared in this action to defend himself less than a month after his response to the Amended Complaint was due (if served) and less than a week after the Certificate of Default was obtained. This too demonstrates that Defendant's default was not willful.

Indeed, numerous courts have concluded that promptly seeking to vacate a default, even a default judgment, demonstrates that the default was not willful. For example, in *New Falls Corp*, the Court held that:

> Based on this timeline, the Moving Defendants were in default for approximately four weeks prior to appearing in this action. Indeed, the Moving Defendants appeared and cross-moved to vacate the entry of default just ten days after Plaintiff filed its motion to enter default judgment and two weeks after the Clerk of the Court entered the notation of default. **Here, the Moving Defendants' short delay in appearing and making application to set aside the entry of default supports a**

10

>  **finding that the Defendants' default was not willful and reflects an intent to defend against the action**. *See, e.g.*, *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) ("[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful."); *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311, 2019 WL 2233828, at *1 (E.D.N.Y. May 22, 2019) ("[Nine days] after plaintiff filed its motion for default judgment, [defendant] filed an affidavit in opposition to plaintiff's motion. Such action supports a finding that default was not willful because it evidences an intention and attempt to defend against the action.") (citation omitted); *Oscilloscope Pictures, Inc. v. Monbo*, No. 17-CV-7458, 2019 WL 2435644, at *7 (E.D.N.Y. March 25, 2019) ("[T]wo days [after notation of default entered], [defendant] moved to vacate the Clerk's entry of default. Such actions support a finding that defendants' default was not willful because they evidence an intention and attempt to defend against the action.") (citation omitted); *see also Prestige Capital Corp. v. Fuber LLC*, No. 16-CV-9577, 2017 WL 2558803, at *3 (S.D.N.Y. June 5, 2017) (finding that the defendant did not act willfully despite its lack of explanation for the default because defendant promptly appeared and moved to set aside the entry of default).

*New Falls Corp.,* 2020 WL 2770922, at *4 (emphasis added).

For any and all of the reasons discussed above, Defendant has demonstrated that the default was not willful.

### B. Defendant Has Demonstrated Meritorious Defenses

"The second factor a court must consider in deciding whether to vacate a clerk's certificate of default is whether the defaulting party has a meritorious defense to the claims against it." *New Falls Corp.,* 2020 WL 2770922, at *6. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 98. "'The defaulting defendant 'need only meet a low threshold to satisfy this factor.'" *New Falls Corp.,* 2020 WL 2770922, at *6 (citation omitted); *U.S. Commodity Futures Trading,* 2017 WL 3236441, at *3 (same). A defaulting defendant's allegations "are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.'" (citation omitted). *See also Goldstein v. Urgo Eleuthera Hotels Ltd.,* 2016 WL 1019394, at *2 (E.D.N.Y. February 10,

11

2018) (same).

Defendant has more than satisfied this "low threshold." As discussed in the Petty Declaration, Defendant was not convicted of raping Plaintiff in 1994, 27 years ago. He pled guilty to, and was convicted of, *attempted* rape. Petty Decl. at Ex. ¶8. Defendant denies that he ever raped Plaintiff and Defendant denies all of Plaintiff's allegations of improper conduct and/or sexual assault. Petty Decl. at ¶9. Rather, the sexual encounter between Plaintiff and Defendant was consensual and Plaintiff was a willing participant. Petty Decl. at ¶9. Defendant pled guilty to attempted rape, despite his innocence, because he was a scared 16 year old kid and was told that his sentence would be 20 years to life if he did not plead guilty to attempted rape. Petty Decl. at ¶9.

Accordingly, Defendant has demonstrated a meritorious defense concerning Count I (Intentional Infliction of Emotional Distress (New York)), Count II (Assault and Battery) and Count III (Sexual Assault (New York)) of the Amended Complaint, which are all based on the alleged rape of Plaintiff, which Defendant denies occurred. Am. Compl. at ¶¶ 122-146. Defendant also has meritorious defenses to all of the other causes of action asserted against him.

In the Amended Complaint, Plaintiff asserts several causes of action based on claims that Defendant intimidated and harassed Plaintiff. Am. Compl. at ¶¶ 147-162 and 171-177. In the Petty Declaration, Defendant denies all of these allegations as well. Petty Decl. at ¶¶ 10-15. This demonstrates a meritorious defense concerning Count IV (Negligent Infliction of Emotional Distress (New York and California)), Count V (Harassment and Witness Intimidation (California and Georgia)) and Count VII (Intentional Infliction of Emotional Distress (New York and California)). Am. Compl. at ¶¶ 47-162 and 171-177. These causes of action are based on Plaintiff's allegations of intimidation and harassment, which Defendant has denied. Petty Decl. at

12

¶¶ 10-15; Am. Compl. at ¶¶ 47-162 and 171-177.

In addition, Plaintiff's claims against Defendant under California and Georgia law are not cognizable. A defendant cannot be held liable for acts committed outside of a state simply because a plaintiff felt the effect of the acts there. Plaintiff appears to be contending that as a victim of a tort committed against her in State A, she can sue the wrongdoer under the law of State B ten years later because she has continued to suffer from the effects of the tort after moving there. This is not the law.

Further, Count V, which alleges that Defendant engaged in "Harassment and Witness Intimidation" under California law is facially frivolous because Plaintiff is seeking damages for a violation of Cal. Civ. Proc. § 527.6. Am. Compl. at ¶156. That statute, however, provides only for injunctive relief. *See Banks v. Am. Airlines Grp., Inc.,* 2020 U.S. Dist. LEXIS 251489, at *11-12 (C.D. Cal. Dec. 29, 2020) (dismissing a claim under § 527.6 because the statute does not provide for an award of damages).

As for Plaintiff's reliance upon "Georgia's harassment statute" (Am. Compl. at ¶157), there does not appear to be one that gives rise to a civil remedy for damages. *See Somerville v. White,* 337 Ga. App. 414, 416 (2016) ("civil liability may only be authorized under a penal statute when the General Assembly has *expressly provided* for a private right of action in the textual provisions of that statute, 'not extrapolated from the public policy the statute generally appears to advance.'") (emphasis original) (citation omitted). Accordingly, the Amended Complaint fails to state a claim for "Harassment and Witness Intimidation" because it does not even identify a claim pursuant to which a plaintiff can seek damages.

For any and all of the above discussed reasons, Defendant has demonstrated he has meritorious defenses.

13

### C. Plaintiff Will Not Suffer Prejudice if the Default it Vacated

"Whether the non-defaulting party would be prejudiced by vacating a default 'has been described as the single most persuasive reason' to deny a motion to vacate." *U.S. Commodity Futures Trading Commission v. Safety Capital Management,* 2017 WL 3236441, at *3 (E.D.N.Y. July 31, 2017). "To establish prejudice, a plaintiff must demonstrate 'the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion - circumstances that make it more difficult for plaintiff to prosecute its case.'" *New Falls Corp.,* 2020 WL 2770922, at *6 (citation omitted). *See also U.S. Commodity Futures Trading Commission,* 2017 WL 3236441, at *3 (same). "'[D]elay alone is not a sufficient basis for establishing prejudice.'" *U.S. Commodity Futures Trading Commission,* 2017 WL 3236441, at *3.

As the Certificate of Default was recently entered on October 19, 2021, it is difficult to imagine how vacating the default soon after it was entered would prejudice Plaintiff. Isser Decl. at Ex. 6. This factor too weighs in Defendant's favor.

## **CONCLUSION**

For any and all of the reasons discussed above, Defendants' motion should be granted in its entirety.

Dated: New York, New York
October 27, 2021

                                              Law Offices of Steven D. Isser

By:_____
      Steven D. Isser. Esq.
424 Madison Avenue, Third Floor
New York, New York 10017
(212) 812-5096
*Attorneys for Defendant Kenneth Petty*

15