

# Tsyngauz
## & Associates, P.C.

**114 Mulberry Street**
**Ground Floor**
**New York, NY 10013**

(212) 337 – 9770 telephone
(212) 337 – 3375 facsimile

November 30, 2021

**VIA PACER & CERTIFIED MAIL**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Jennifer Hough v. Onika Tanya Maraj AKA ("Nicki Minaj") and Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

Tyrone Blackburn, Esq., McGivney, Kluger, Clark & Intoccia, P.C., and this firm represent the Plaintiff Jennifer Hough ("Plaintiff") in the above referenced action. We write to Your Honor to assist us with Ordering a briefing schedule for Defendant Onika Tanya Maraj's ("OTM") pending motion pursuant to FRCP 55(c) for leave to file a late answer to the Amended Complaint and our cross-motion in response thereto. Below is a brief procedural history:

- September 15, 2021, Plaintiff's process server personally served OTM's husband, Defendant Kenneth Petty ("KP") with the Summons and Amended Complaint.
- October 11, 2021, Plaintiff sought Certificates of Default from the Clerk.
- October 15, 2021, nine (9) days after OTM and KP were required to interpose an answer or file a motion pursuant to FRCP 12(b), OTM filed a motion for leave to file a late response to the Amended Complaint.
- October 19, 2021, because the Certificates of Default had not yet been issued, Plaintiff's counsel, Tyrone Blackburn, appeared at the Court to inquire about their status. On the same date, the Clerk issued a Certificate of Default against KP but not OTM. The Clerk advised that based upon OTM's counsel filing a notice of appearance, it was not issuing a Certificate of Default against her.
- A notice of appearance does not suffice as a response to a complaint, and was nonetheless untimely. Therefore, Plaintiff filed a letter asking for reconsideration and seeking an Order that the Clerk should issue the Certificate of Default against OTM, or for the Court to advise whether this requires a formal motion.
- October 25, 2021, Plaintiff and OTM's counsels conferred via emails to schedule briefing for OTM's pending motion as well as Plaintiff's forthcoming motion for the Court to enter default judgment against OTM (*See* Exhibit A). The parties disagreed over dates on which the motions would be heard because the Certificate of Default issue had not yet been resolved. Such is typically a pre-requisite to filing a motion for entry of default judgment.
- October 25, 2021, Plaintiff filed a letter with the Court [Dkt. No. 22].[1]

---

[1] Please note that the Letter was submitted mistakenly filed as a "Reply in Support."

- October 26, 2021, the Court Ordered that the Certificate of Default issue would be decided prior to decisions on OTM's motion for leave to file a late response and Plaintiff's motion for entry of default judgment against OTM. (See Exhibit B).

Pursuant to this Court's Order, the same day, the Parties continued efforts to agree on a briefing schedule for the motions via email. Ultimately, in an email at 5:43 PM, OTM's counsel stated that he would not agree to a briefing schedule because he desired: (1) to wait until the Court decides our motion against KP so that OTM gets a "**second bite at the apple**"[2]; and (2) to determine whether OTM had a personal jurisdiction defense.[3] "[T]he message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If that party wishes to raise any of these defenses, that must be done at the time the first *significant defensive* move is made — whether it be by way of a Rule 12 motion or a responsive pleading." *Schweitzer v Crofton*, *13 [EDNY, Sep. 1, 2010, 08-CV-135 (DRH) (ETB)]

Briefing before the Court is designed to ensure thorough exploration of issues and permit the Court to make prompt, expedient decisions. Plaintiff cannot agree to permitting OTM to engage in a strategy to intentionally delay and/or present the same issues repeatedly before the Court. Plaintiff already failed to respond to the Complaint in a timely fashion and seeks relief from this Court from a default and/or to file a late answer. Plaintiff is not *also* entitled to correct mistakes and/or avoid the repercussions of failing to raise defenses which are now waived.[4]

To avoid unnecessary Court communication, Plaintiff waited to contact OTM's counsel until our motions with respect to KP were fully briefed. On November 24, 2021, we sent a proposed letter to OTM's counsel. (See Exhibits B and C). OTM's counsel, however, refuses to agree to a briefing schedule until the motions against KP are decided, for the following reasons, "On reflection, this does not work for me because, as matters stand now, I have two bites at the apple. If Petty's default is vacated, there is no way that you could possibly secure a default judgment against Nicki. However, if you prevail against Petty, she would not be bound by that

---

[2] *See* Exhibits A and C.
[3] OTM's counsel was advised of the waiver of this defense by failing to raise it in her first motion, including a pre-Rule 12(b) motion conference letter.
[4] "While Defendants state in the Motion to Dismiss that they move pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), they have not briefed the issue of lack of jurisdiction except as it arises from insufficient service of process. **Nonetheless, Defendants purport in a footnote to 'reserve [the] right' of Defendants Elwin and Marcovitch 'to challenge the exercise of this Court's *in personum* jurisdiction' as to them.** (Mot. to Dismiss, FN 1.) [Doc. No. 29.] Defendants state that 'Because the issue of insufficiency of process is particularly clear, no Defendant in this case raises in this Motion other issues or bases for dismissing the Complaint or First Amended Complaint brought against them.' *Id.* ….'If a party makes a motion under [Rule 12] but <u>omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof</u>.' Fed.R.Civ.P. 12(g). Personal jurisdiction is not among those defenses listed in Rule 12(h)(2) which cannot be waived, but is instead considered waived pursuant to 12(h)(1) if omitted from a motion in the circumstances described in Rule 12(g)."

*Competitive Techs., Inc. v. Marcovitch*, No. CIV.A. 3:07CV1327, 2008 WL 140073, at *2 (D. Conn. Jan. 11, 2008) (emphasis added).

Honorable Eric N. Vitaliano
November 30, 2021

decision." (See Exhibit C). Indeed, Defendants are entitled to engage in strategy which is best suited to their clients, *but doing so must avoid vexatious and frivolous motion practice*.

Pursuant to Rule III(A)(B) of the Court's Individual Motion Practice and Rules concerning briefing schedules, upon approval by the Court, we provide a briefing schedule for Defendant's motion pursuant to FRCP 55(c) for leave to file a late answer to the Amended Complaint. In addition to filing an opposition, Plaintiff intends to cross-move for entry of default judgment against Defendant. Plaintiff has already filed a motion for a Certificate of Default against Defendant and advised the Court of its intention to move for entry of default judgment against Defendant.[5] Accordingly, Plaintiff respectfully requests the following briefing schedule:

- Opposition to Defendant's motion for leave to file a late answer and Plaintiff's cross-motion for entry of default judgment - served and filed on **December 10, 2021**; and
- Reply in further support of Defendant's motion for leave to file a late answer and opposition to Plaintiff's cross-motion - served and filed on **December 17, 2021**.

Due to disagreement over a briefing schedule, OTM required Plaintiffs to advise the Court of their preferred briefing scheduling: motion for entry of default judgment (including Local Rule 55.1 arguments) by December 10, 2021, response to the motion for entry of default or argue to vacate default by December 17, 2021, reply to response due on December 24, 2021, Defendant to file a sur reply on December 31, 2021. Plaintiff *notes* that OTM desires to withdraw her prior filed Motion for Leave to File Late Answer to correct defects, which is neither permissible nor agreed to. (See Exhibits A and C). OTM's pattern of late, delayed filings and attempts at multiple bites of the apple are neither consistent with this Court's Rules nor the Federal Rules of Civil Procedure. Respectfully, Plaintiff seeks to continue with a briefing schedule consistent with this Court's prior orders, prevailing case law and the Federal Rules of Civil Procedure.

Thank you for your attention to this matter.

Respectfully submitted,

Steven N. Gordon, Esq.

cc:
Judd Burstein, Esq. (Via Pacer)
Emily Finestone, Esq. (Via Pacer)
Steven D. Isser, Esq. (Via Pacer)

---

[5] On October 26, 2021, Your Honor Ordered Plaintiff's motion pending for an Order to set aside the Clerk's denial to issue a Certificate of Default against Defendant [Dkt. Nos. 20-22] be ruled on prior to a decision on the instant motions for which this briefing schedule is sought.