# EXHIBIT A

 Gmail

Steven Gordon <sg@nytlaw.com>

**Court's ruling**
15 messages

**Judd Burstein** <jburstein@burlaw.com>  Tue, Oct 26, 2021 at 1:44 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

I don't see any benefit to you from the Court's Orders because the issues in both sets of motion are common, but you could win on them with Kenneth, and I would them have a second bite of the apple because Nicki would not be collaterally estopped from any ruling against Kenneth, including whether service was proper. As for me, I just want to get this finished

I think you should reconsider how to approach this and agree to something akin to what I propose:

1. My motion will be deemed converted into a Rule 55(c) motion if the Court orders the entry of a default;
2. We would deem your letter motion on the Rule 55(a) issue and my response as motion submissions
3. You would answer my motion on 11/8. Indeed. the only non-Rule 55(c) issue in the motion is whether I should be permitted to make a late response to the Amended Complaint absent a default.
4. My reply papers on my motion and your reply papers on my motion will be exchanged on 11/22.

Let me know if this is acceptable.

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)


**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER – PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE.**


**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Friday, October 22, 2021 5:14 PM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint


Perhaps you are thinking of State Court or where there is a sum certain, Judd. But, below is how it works. Nonetheless, we will file our letter with this email chain attached.


"The entry of a certificate or notation of default by the Clerk of Court precedes the issuance of a default judgment. To obtain entry of a certificate of default, file a Request for Certificate of Default, (Request for Certificate of Default is located on ECF under the heading "Other Filings - Other Documents"), supported by an affidavit or affirmation. See Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. **Once the Clerk has entered a certificate of default, a motion for default judgment may be filed using the Motions event, Default Judgment. See Fed. R. Civ. P. 55(b); Local Civil Rule 55.2.**"


See https://www.nyed.uscourts.gov/forms/request-enter-default-judgment


On Fri, Oct 22, 2021 at 5:06 PM Judd Burstein <jburstein@burlaw.com> wrote:

That's just not the way it works for a default. Nor do I want to litigate by email. If you don't agree with my proposal, write to the Court and annex my email so that the Court has both of our points of view.

Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Friday, October 22, 2021 4:51:46 PM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint

Judd,

a. Tyrone requested the Certificate of Default Judgment from the Clerk 4 days prior to your motion. If it had been promptly issued as usual, we would have moved for entry of default judgment before your letter. The Clerk's office advised Tyrone that the delay was caused by understaffing and limited hours in the office. You know this situation is unusual and unprecedented, and acknowledge such in your motion. To be consistent, you should be amenable to our motion and our subsequent motion for default judgment heard first.

b. Notwithstanding that your motion analyzed the law as if default was entered, we will then need to apply for entry of default judgment before opposing your motion to vacate. See FRCP 55(b)(2) and Local Civil Rule 55.2. This cannot occur until the Certificate of Default has been entered.

c. We complied with all requirements for issuance of the Certificate of Default, and the Clerk was required to issue it due to your client's failure to timely respond. While you assume that the Court will vacate the default judgment, the Judge may feel otherwise when he learns that Ms. Maraj carelessly failed to timely respond, or that she was not advised by when she needed to respond.

The proof of service was submitted for both Mr. Petty and your client, in which the process server swore under penalty of perjury that he served Mr. Petty. Such constitutes an affidavit showing that service was proper.

**Given that you are calling our process server and Tyrone and I -- officers of the Court -- liars, I'm assuming that means you will consent to a Traverse Hearing?** That way, we can subpoena Mr. Petty to appear on the stand and swear under penalty of perjury that he was not served. We will also call our process server to the stand and submit additional documentary evidence that service was proper. We can let the Judge decide who he believes, and then we will move for sanctions based on the untruthful declaration that your client submitted as well as your baseless claim that we're lying. Accordingly, we will also immediately advise the U.S. Attorney for the Eastern District of your client's and Mr. Petty's perjury. I'm sure that will assist him during his January 2022 sentencing hearing for failing to register as a sex offender.

With respect to the schedule, we are fine with my letter and your letter serving as the motion and opposition for the Certificate of Default Judgment but propose that we are to submit our Reply papers **by next Friday, October 29, 2021.** If our motion is granted, we propose the following schedule:

1. We submit our motion for entry of default judgment **ten days** after the Certificate of Default Judgment is issued.

2. You then have **ten days** to file your opposition.

3. We will then have **seven days** to submit our Reply.

If our motion is declined, we propose the following:

1. We have **ten** days to file our opposition, after which you have **seven** days to submit your reply.

If you do not agree with this schedule, we will file our letter for the Judge to decide on scheduling and will include this email chain.

Regards,

On Fri, Oct 22, 2021 at 2:40 PM Judd Burstein <jburstein@burlaw.com> wrote:

> I disagree for the following reasons:
>
> a. Defendant's motion could not have sought relief from a default because no default had been entered; it asked for permission to file a late pre-motion conference letter, thereby obviating any default which might be entered. It thus is legitimately the first-filed motion.
>
> b. More importantly, Defendant's motion analyzed the law as though a default had been entered and that Rule 55(c) applied.
>
> c. The substance of my motion has now changed, but the circumstances have because the default has been rejected. While you assume that your letter motion will be

granted, I do not know why you believe that to be so given that (a) you did not file an affidavit concerning service of the Complaint, and (b) you now know that your process server's affidavit erroneously claims that he served Mr. Petty.

I therefore suggest the following schedule:

1.  We will consider the letter I sent in response to Steven's letter concerning the Clerk's refusal to enter a default as Defendant's full response to Plaintiff's letter motion.

2.  Plaintiff will respond to Defendant's motion on October 29, 2021 (or later if you wish more time).

3.  The parties will each file reply papers on their respective motions 10 days after the date on which Plaintiff's response to the motion is due.

4.  If the Court directs the Clerk to enter a default, the briefing on Defendant's motion will be deemed to be a fully briefed motion to vacate the default pursuant to Rule 55(c).

I note that you are not obligated to file a motion pursuant to Rule 55(b) immediately and if Defendant were to lose her motion to vacate the default, it would remove a major obstacle to securing a default judgment from the Court.

**If you do not agree to this proposal, I ask that you provide it to the Court with your letter so that we do not waste the Court's time with dueling letters.**

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER – PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE.**

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Friday, October 22, 2021 11:59 AM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Steven Ciar's Husband <sg@nytlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint

Judd,

Steven and I have been attempting to craft a briefing schedule to have our request for a Certificate of Judgment and your motion heard on the same date. In the event the Judge grants our request for the Certificate of Default (which is

likely), we cannot, however, find a way to reconcile the requirements for transitioning our opposition into one for a motion for default judgment to have it heard simultaneously. While we understand that your motion contains the same arguments as it would to oppose entry of default judgment, ours and the hearing on such would be much more involved, requiring additional time after the Certificate is issued. For example, see FRCP 55(b)(2).

As such, we think it only makes sense to have our request heard first and then we can schedule briefing on your motion.

If you agree, we can draft a joint briefing schedule with respect to our request. If not, we will write the Judge to seek his input.

Tyrone A. Blackburn, Esq.

T. A. Blackburn Law, PLLC.

Phone: 347-342-7432

TABlackburnlaw.com

> On Oct 21, 2021, at 3:38 PM, Judd Burstein <jburstein@burlaw.com> wrote:

## Actually, I need 20 minutes

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER –**

**PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE.**

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Thursday, October 21, 2021 3:03 PM
**To:** Judd Burstein <jburstein@burlaw.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>
**Subject:** Re: Your Motion for Leave to Amend the Complaint

We don't mind agreeing on a briefing schedule for both motions and allowing the Court to decide whether it would like to withdraw what is on file to package them together. I'm available by phone now or any time over the next two hours, and then after 7:30 PM. Please let me know what works for you.

Thanks,

On Thu, Oct 21, 2021 at 2:36 PM Judd Burstein <jburstein@burlaw.com> wrote:

> I do not agree that in this unusual circumstance when your co-counsel told me to just file my motion, my filing was in violation of the Court's Order. On the other hand, your letter was in violation of the rule, as it asked for relief, not just clarification.
>
> **However,** I do not want to continue wasting the Court's time with this nonsense. So, I propose that we agree on a briefing schedule for both motions and ask the Court whether it would like us to withdraw what is on file so that we may bundle them.
>
> If this plan is not acceptable, I guess you should write the Court. However, you have an obligation to provide the Court with a copy of this email.
>
> **From:** Steven Gordon <sg@nytlaw.com>
> **Sent:** Thursday, October 21, 2021 2:16:30 PM
> **To:** Judd Burstein <jburstein@burlaw.com>
> **Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Peter B. Schalk <pschalk@burlaw.com>
> **Subject:** Your Motion for Leave to Amend the Complaint
>
> Judd,

Before writing to the Court that your motion was improperly submitted, I wanted to give you the opportunity to withdraw your pending motion for leave to amend the complaint. Per the Judge's Rules, parties are not permitted to serve any motion paper before obtaining Court approval of a briefing schedule.

Section III(B) of the Judge's Rules entitled "Scheduling of Motions" provides:

"Where permission to file a motion is granted, or where permission is not needed, the parties are to jointly file a letter proposing a briefing schedule for Court approval. If the moving party is **unable** to obtain the adversary's consent to the proposed briefing schedule, **the moving party must state the reasons consent was not obtained, including describing any unsuccessful efforts to reach the adversary.**

**No party is to serve any motion paper prior to obtaining court approval of the schedule.** No changes to the approved schedule may be made without court order."

While we did not agree to filing a late response to the Amended Complaint, we never stated that we would not discuss a briefing schedule and jointly submit one to the Judge. As such, I urge you to withdraw your motion and discuss submitting a briefing schedule with us.

Before you attempt to say that we also did not follow the rules, my letter the other day was simply a letter to the Judge. Per the Judge's rules, letters to the Court are to be filed through Pacer. Because of the unprecedented nature of the Clerk's delay -- and subsequent improper denial -- with respect to issuing the Certificate of Default, the purpose of my letter was to advise the Judge of this error and seek direction on how to proceed if we needed to do so formally.

If you refuse to withdraw your motion and discuss a briefing schedule with us, I will be forced to advise the Judge that you refuse to comply with his rules.

Regards,

Steve


Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

--

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

--

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

--

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

---

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 1:53 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

The benefit is that our client will have her right to move for entry of the default judgment. She isn't able to until the Court has decided the issue with respect to the Certificate. Your proposals are the same as the emails that were attached to the letter [Dkt. No. 24]. The Judge apparently agreed that, logically, the Certificate issue needs to be decided first. So, no. We need to wait for the Court's decision before scheduling your motion.

- Unless, however, your client wants to concede to the Certificate being issued. Then, we can possibly discuss scheduling your motion.

[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>  Tue, Oct 26, 2021 at 2:12 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Steven:

Your position is the ultimate exaltation of form over substance. My objection to your motion to enter the default is **identical** to one of Petty's arguments about why the default should be vacated. Moreover, my letter to the Court made clear that I was not supporting the Court's rationale but was arguing that your application had been sufficient.

So, your view is that even though I am willing to treat my motion as a Rule 55(c) motion which would challenge the adequacy of a default entered under Rule 55(a) motion for the identical reasons offered by Petty, you will not agree to my proposal unless I stipulate that a default was properly entered?

I just want to be sure that I understand your position before deciding whether to write to the Court.

[Quoted text hidden]

---

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 3:02 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Judd,

I understand the arguments in your motion. The difference between yours and Mr. Petty's motions is the cases are at different postures. We are able to file our motion to enter default against Mr. Petty right now. We can't yet likewise move against your client. That means, under your proposition, we would not be able to have motion for entry of default judgment heard at the same time as your motion. If we prevail, we would have to appear again to move for entry of default.

That being said, if this is going count as your **one and only Rule 55(c) motion**, or motion under **any other grounds** to vacate default and/or Certificate of Default Judgment, we are agreeable to setting dates. That means, this will be your one bite at the apple to challenge the default, even if our motion to enter default is briefed and filed afterwards or if the Court requires us to re-file for the Certificate. If your motion is denied, your only options would be to either file a motion to reargue/renew or appeal it. For example, we don't want the situation where the Court tells us to re-file for the Certificate and your motion for filing a late answer is denied but you oppose our request for the Certificate. Or where the Court issues the Certificate but we don't have time to prepare a motion for entry of default judgment before your motion is heard and you attempt to oppose entry.

If you're agreeing to that, then we can set the dates for the Opposition due 11/8 and replies due 11/22.
[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>  Tue, Oct 26, 2021 at 3:07 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

I have never suggested that scenario. Instead, I have made clear that I want the merits of this resolved at one time and that I had no plans to try to make a second motion to vacate. So yes, the concept is that the court directs the entry of a default, my motion will be deemed to have been my one motion to vacate. This is the third time I have tried to make this point

[Quoted text hidden]

---

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 3:17 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

I guess third-time's the charm.
[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>  Tue, Oct 26, 2021 at 3:20 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Since you are most concerned about the dangers posed by your proposal, why don't you draft a letter setting out the terms.


OK?

[Quoted text hidden]

---

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 4:29 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

For your review and signature.

[Quoted text hidden]


**10.26.21 Joint letter.docx**
25K

---

**Judd Burstein** <jburstein@burlaw.com>　　　　　　　　　　　　　　　　　　　Tue, Oct 26, 2021 at 5:43 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Steven. It just dawned on me that if we do it this way, I might be waiving a personal jurisdiction defense. I won't know if I have one for Nicki until I meet with her tomorrow.

If I do have one, I may be better off waiting to see what the Court does on your motion. That way, if he grants your motion, I get a second bite at the apple based upon what I see you do.

[Quoted text hidden]

---

**Steven Gordon** <sg@nytlaw.com>　　　　　　　　　　　　　　　　　　　　　Tue, Oct 26, 2021 at 5:59 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Judd,

You already waived your personal jurisdiction defense by filing your motion. It constituted your first motion or response. Honestly, I was surprised when it wasn't raised in your motion or proposed pre-motion conference letter. Even if your motion does not count as your first motion, your opposition to our motion for a certificate of default did. We don't have to submit the letter, but we will still be objecting to any late personal jurisdiction defenses.
[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>　　　　　　　　　　　　　　　　　　　Tue, Oct 26, 2021 at 6:20 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

You may say so, but I disagree.

[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>　　　　　　　　　　　　　　　　　　　Tue, Oct 26, 2021 at 6:21 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

The federal law is different than NYS

[Quoted text hidden]

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 6:23 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

Federal law says that you need to raise it in your first motion or response to the complaint. Case law says a footnote is not sufficient. It needs to be briefed.
[Quoted text hidden]

---

**Judd Burstein** <jburstein@burlaw.com>  Tue, Oct 26, 2021 at 6:26 PM
To: Steven Gordon <sg@nytlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

## Really, you don't need to lecture me on the law, and I have no need to debate it with you

[Quoted text hidden]

---

**Steven Gordon** <sg@nytlaw.com>  Tue, Oct 26, 2021 at 6:27 PM
To: Judd Burstein <jburstein@burlaw.com>
Cc: Tyrone Blackburn <tblackburn@tablackburnlaw.com>, "Peter B. Schalk" <pschalk@burlaw.com>, Emily Finestone <EFinestone@burlaw.com>, "Steven D. Isser" <sisser@isserlaw.com>

It was just a professional courtesy.
[Quoted text hidden]