

# EXHIBIT C

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Monday, November 29, 2021 11:58 AM
**To:** Judd Burstein
**Cc:** Emily Finestone; Tyrone Blackburn; Steven D. Isser; msnizek@mkcilaw.us.com; tfaenza@mkcilaw.us.com
**Subject:** Re: Hough v. Maraj et al.

We will. Thanks.

On Mon, Nov 29, 2021 at 11:53 AM Judd Burstein <jburstein@burlaw.com> wrote:

I have given you my proposal and disagree with your reasoning. Please include my proposal in your letter.

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER – PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE**

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Monday, November 29, 2021 11:42 AM
**To:** Judd Burstein <jburstein@burlaw.com>

**Cc:** Emily Finestone <EFinestone@burlaw.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Steven D. Isser <sisser@isserlaw.com>; msnizek@mkcilaw.us.com
**Subject:** Re: Hough v. Maraj et al.

Judd,

I hope you had a nice holiday weekend. The issue concerning our request for entry of default judgment without the Certificate being issued will be addressed in our cross-motion for entry of default judgment. The Court directed us to move forward with that motion and your briefing on your pending motion.

You're not forfeiting any arguments. Your opposition to our cross-motion can raise the argument that we have not satisfied the prerequisites for moving for entry. But, alone, it's not a barrier to moving for entry of default judgment. Nor do we believe it's a basis for denying our motion. If you believe that is the case, you can raise such in your opposition to our cross-motion.

We're trying to avoid redundant motions, which happened with Petty, and which is why **we** are forfeiting a Reply by moving for entry by cross-motion. It's clear that you want to withdraw your motion because (a) it waived some defenses (even if they are not viable), and/or (b) to continue the apparent strategy of delaying this matter (via default or otherwise) as long as possible.

Today, by letter, we will present to the Court our proposition, which, as already stated is:

Our opposition to your pending motion and cross-motion is to be served on or before December 10, 2021.

Your reply to your pending motion and opposition to our cross-motion is to be served on or before December 17, 2021.

We would possibly be amenable to pushing your reply and opposition to our cross motion to December 24, 2021.

If there are any other motions that you intend to file, we are amenable to adding them to a joint proposed briefing schedule. We are not, however, agreeing to allow you to withdraw your pending motion and agreeing that October 15, 2021 is the operative date for determining default.

Please let us know how you'd like to proceed soon, or we will be forced to seek the Court's intervention. We have been waiting long enough, and even afforded you the opportunity to see our arguments against Petty before pressing to finally get a schedule.

Best regards,

On Fri, Nov 26, 2021 at 9:45 AM Judd Burstein <jburstein@burlaw.com> wrote:

Steven:

I have thought more about your proposal. For the following reasons, I do not consent to it. However, as explained below, I have alternative proposal for you to consider,

1. At the time I filed my motion for permission to file a late pre-motion conference letter, I essentially assumed that the Clerk would enter a default against Minaj.

2. After the Clerk refused to do so, and you filed your letter motion seeking an Order directing the Clerk to enter the default, I then sought an agreement to simultaneously litigate all of the motions so as to ensure that the motion practice for Petty and Minaj go forward in tandem. Further, as I recall, my offer assumed that the Local Rule 55.1 issues were fully briefed by reason of the letter briefs which had been submitted to the Court.

3. Thereafter, the Court chose to separate the motions. As a result, if you want to move for a default judgment you need to first convince the Court that you should be excused from Rule 55(a)'s requirement that a default be entered prior to seeking a default judgment.

4. In light of this history, I now want to litigate in a manner that takes account of the fact that I do not have to move to vacate a default unless you get

past the Rule 55(a) issue. I don't want to waive my right to the last submission – i.e., a reply on a motion to vacate the default -- because if you now filed a motion seeking a default judgment, I would just respond by contending that the motion was procedurally deficient and reserve my right to file a motion to vacate a default if the Court enters ones.

5. To that end, I propose the following compromise to move things along expeditiously:

a. I will withdraw my motion for leave to file a late premotion conference **without prejudice** if you agree (i) that the operative date for determining whether a default judgment should be entered is October 15, 2021 -- the date on which I filed the motion for permission to file a late pre-motion conference letter, and (ii) if the Court does not grant a default judgment, I will have two weeks following the Court's decision to answer or move against the Amended Complaint;

b. You will withdraw **without prejudice** your motion seeking an order directing the Clerk to enter a default and I will agree that you can include that argument in your motion for a default judgment – i.e., that the Court should excuse the absence of a certificate of default because the Clerk erroneously denied your application. I of course would be free to argue against that claim.

6. We then litigate all the relevant issues in accordance with the following briefing schedule

a. You will serve your motion for the entry of a default judgment (including your Local Rule 55.1 arguments, on 12/10;

b. I will answer your motion on 12/17 and, as part of my response, argue in the alternative that if the Court excuses the requirement of a certificate of default, any such default should be vacated pursuant to Rule 55(c);

c. You will serve your reply to my answer on 12/24; and

d. I will serve a reply – **limited to my Rule 55(c) arguments and not addressing any Local Rule 55.1 arguments** – on12/31.

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)

**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER – PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE**

---

**From:** Steven Gordon <sg@nytlaw.com>
**Sent:** Monday, November 22, 2021 5:15 PM
**To:** Judd Burstein <jburstein@burlaw.com>; Emily Finestone <EFinestone@burlaw.com>; Tyrone Blackburn

<tblackburn@tablackburnlaw.com>; Steven D. Isser <sisser@isserlaw.com>; msnizek@mkcilaw.us.com
**Subject:** Hough v. Maraj et al.

Judd,

Attached please find a proposed briefing schedule for your motion and our motion for entry of default judgment.

Thanks,

Steve

--

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

--

Steven N. Gordon, Esq.

Tsyngauz & Associates, P.C.

114 Mulberry Street, Ground Floor

New York, NY 10013

Telephone: (212) 337-9770

Facsimile: (212) 337-3375

Email: sg@nytlaw.com

--

Steven N. Gordon, Esq.
Tsyngauz & Associates, P.C.
114 Mulberry Street, Ground Floor
New York, NY 10013
Telephone: (212) 337-9770
Facsimile: (212) 337-3375
Email: sg@nytlaw.com