# JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

———

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
   PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

December 1, 2021

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Hough v. Maraj and Petty*, Case No. 21-cv-4568-ENV-JRC

Dear Judge Vitaliano:

I am in receipt of Plaintiff Jennifer Hough's ("Plaintiff") counsel's November 30, 2021 letter (Dkt. No. 37), which I believe goes far beyond the scope of any letter permitted by Your Honor's Individual Practices and is materially inaccurate in many respects. However, unless the Court requests me to do so, I do not believe that a detailed response to most of the letter is appropriate because it would further compound Plaintiff's counsel's violation of the Court's Individual Practices.

In an effort to better understand counsel's position, we reached out to him seeking further clarification. He responded in a rather discourteous email this morning that "[o]ur client has a right to oppose your pending motion and file a cross-motion." (Exhibit A hereto, annexed per Plaintiff's counsel's request). This position cannot be reconciled with the procedural history of this case.

As matters stand now, Defendant Onika Tanya Maraj ("Defendant Maraj") has a pending motion seeking permission, **prior to the entry of a default**, to file a late letter requesting a pre-motion conference, and Plaintiff has a pending letter motion seeking an order directing the Clerk's Office to enter a default. The last submission on either of these motions was Plaintiff's counsel's October 25, 2021 letter replying to my opposition to Plaintiff's motion (Dkt. No. 22). In that letter, Plaintiff's counsel stated: "Our position is that, logically, our motion should be heard first. [Defendant Maraj's counsel's] position is that they are heard contemporaneously."

Hon. Eric N. Vitaliano
December 1, 2021
Page 2

On October 26, the Court **granted** Plaintiff's counsel's request that Plaintiff's motion be decided prior to moving forward with Defendant Maraj's motion. Five weeks later, apparently believing that the Court has not acted in an appropriately expeditious manner, Plaintiff's counsel wants to proceed on a dual track of waiting for Your Honor to decide Plaintiff's current motion for an Order directing the Clerk's office to enter a default while also seeking a default judgment without the benefit of an entry of a default by the Clerk's Office.

This makes no sense given the current procedural posture of this case. I initially sought to litigate both motions simultaneously because I wanted to keep track with Plaintiff's effort to secure a default judgment against Defendant Kenneth Petty ("Mr. Petty") – thereby permitting me an opportunity to weigh in on issues which are common to both defendants. I have since lost that opportunity because Plaintiff's motion for a default judgment against Mr. Petty and Mr. Petty's motion to vacate the default have been fully briefed for a decision by Magistrate Judge Cho. As Plaintiff's counsel will surely concede, it will be impossible for Plaintiff to secure a default judgment against Defendant Maraj if the default against Mr. Petty is vacated. Alternatively, even if a default judgment against Mr. Petty is entered, the parties might find themselves litigating issues which have already been decided as a matter of law. Relatedly, Defendant Maraj's motion will also be rendered moot if the Court grants Plaintiff's motion seeking an order directing the Clerk's Office to enter a default, and therefore it would be a waste of the Court's and counsel's time for the parties to litigate it.

Respectfully submitted,

/s/ Judd Burstein

Judd Burstein

Encl.

cc: Tyrone A. Blackburn, Esq. (via ECF w/ encl.)
Steven N. Gordon, Esq. (via ECF w/ encl.)
Tara E. Faenza, Esq. (via ECF w/ encl.)