JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM
————
EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
   PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 11, 2022

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Hough v. Maraj and Petty*, Case No. 21-cv-04568-ENV-JRC

Dear Magistrate Judge Cho:

I write as counsel to Defendant Onika Tanya Maraj ("Defendant").  In light of Plaintiff Jennifer Hough's ("Plaintiff") counsel's failure to submit reply papers in support of her default judgment against Defendant or even request an extension of time to do so, it is now clear that they have no intention of filing a reply.[1]  As discussed below, Plaintiff has therefore waived her right to contest a number of dispositive defenses which Defendant asserted in her answering papers.  Hence, we respectfully submit that the Court should issue a Report recommending denial of Plaintiff's motion for a default judgment against Defendant without the need for oral argument.

A movant's failure to file a reply brief does not waive any arguments which have been advanced in her moving papers.  *See, e.g., Condoleo v. Guangzhou Jindo Container Co.*, 427 F.Supp.3d 316, 323 (E.D.N.Y. 2019).  However, if the non-moving party advances arguments in opposition to a motion and the moving party then fails to file a reply brief countering those arguments, the moving party thereby waives her right to object to those arguments.  *See, e.g.*, *Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016); *Terry v. Fowles*, 2021 U.S. Dist. LEXIS 175622, *25 n. 9 (E.D.N.Y.

---

[1]     I suspect that the cause of counsel's silence is a Notice of Motion for sanctions under Rule 11, supported by a 15-page single-spaced letter, which I served upon them on Sunday night, January 9, 2021.

Hon. James R. Cho
January 11, 2022
Page 2

Sep. 15, 2021); *Axginc Corp. v. Plaza Automall, Ltd.*, 2017 U.S. Dist. LEXIS 178718, *17 (E.D.N.Y. Oct. 24, 2017).

Application of this waiver rule mandates denial of Plaintiff's motion without the need for oral argument because Plaintiff's failure to file reply papers serves to waive objection to Defendant's claim that she is not subject to the general or long-arm jurisdiction of the New York courts. (Defendant's Memorandum of Law in Opposition (Dkt. No. 43), at pp. 11-15). Further, while Plaintiff's moving papers list the factors to be considered by the Court on a motion for a default judgment (Dkt. No. 41, at pp. 4-15), Plaintiff has not challenged Defendant's contentions that her counsel misrepresented the governing law, which unequivocally precludes a default under the facts alleged in this case.[2]

Respectfully yours,

/s/ Judd Burstein

Judd Burstein

---

[2]     In addition, Plaintiff has failed to rebut numerous specific arguments made in Defendant's opposition papers, including that (a) the New Jersey postmark on the envelope purportedly enclosing the Summons and Amended Complaint that was supposedly mailed to Defendant demonstrates that Plaintiff's process server lied in claiming that he personally mailed those documents to her (Dkt No. 43, at pp. 36-37; Dkt. No. 43-1, at ¶¶ 8-9; and Dkt. No. 43-6), (b) Mr. Blackburn falsely alleged that Defendant is a member of the "Makk Ballers" gang (Dkt. No. 43-8, at ¶¶ 6-8), and (c) Mr. Blackburn's claim that Defendant ordered a "hit" on Plaintiff (Dkt. No. 43-8, at ¶¶ 16, 19-20, 22 n.4, 25, and 29), and (d) California law does not apply to any of Plaintiff's claims for relief (Dkt. No. 43, at pp. 16-17). The frivolity of these contentions, as well as others, will be addressed in the motion for sanctions which Defendant intends to file under (a) Rule 11 (if Plaintiff does not withdraw the Amended Complaint and her motion for a default judgment by January 30, 2021), and (b) even if Plaintiff and her counsel take advantage of Rule 11's safe harbor provision, 28 U.S.C. § 1927, and the Court's inherent power.