# JUDD BURSTEIN, P.C.
### ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
  PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 20, 2022

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Hough v. Maraj and Petty*, Case No. 21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

    I am counsel to Onika Tanya Maraj ("Ms. Maraj") in this matter. Pursuant to Section III(B) of Your Honor's Individual Motion Practice and Rules, I write to request that Your Honor set a briefing schedule for a sanctions motion I intend to file against Plaintiff Jennifer Hough ("Plaintiff") and her counsel. As explained below, I have been unable to secure Plaintiff's counsel's agreement to a reasonable schedule.

    Accordingly, I ask that the Court set the following schedule: (a) Ms. Maraj will serve her motion on January 26, 2021, (b) Plaintiff and her counsel will serve their answer to the motion on February 9, 2022, and (c) Ms. Maraj will serve her reply and file the bundled motion papers on February 25, 2022.

    By way of background, I served an extremely detailed Rule 11 motion -- demanding withdrawal of the Amended Complaint and Plaintiff's pending motion for a default judgment -- on January 9, 2022. Three days later, Plaintiff voluntarily dismissed the Amended Complaint as against Ms. Maraj without prejudice.

    Plaintiff's and her counsel's dismissal of the Amended Complaint permitted them to escape the Rule 11 sanctions sought in Ms. Maraj's January 9, 2022 motion. However, more than 21 days had passed since I had served other sanctions motions in an effort to put an end to what was an entirely frivolous case. Moreover, I had made clear to opposing counsel that I was going to seek sanctions under both 28 U.S.C. § 1927 and the Court's inherent power based upon some of the issues

JUDD BURSTEIN, P. C.

Hon. Eric N. Vitaliano
January 20, 2022
Page 2

identified in my January 9, 2022 sanctions motion -- **including counsel's inexcusable and wholly unsupported accusations against Ms. Maraj, such as that she ordered someone to kill Plaintiff and that she is a member of a notorious street gang**.

Immediately upon learning that the case against Ms. Maraj had been dismissed, I wrote to counsel informing them that I would be moving forward with the sanctions motions about which I had written them, and I proposed a briefing schedule. As I was unable to find a schedule agreeable to all of them, I stated that I would let them know when my motion was completed, at which time we could again seek to agree upon a schedule.

I then learned today that, during the oral argument on Plaintiff's motion for a default judgment against my client's husband, Plaintiff's counsel stated that they had dismissed the Amended Complaint against my client solely because they had concluded that the Court lacked personal jurisdiction (a fact which I had asserted months ago as a basis for Rule 11 sanctions), and that they were planning on refiling against Ms. Maraj in another jurisdiction. While Plaintiff's dismissal of her Amended Complaint does not moot my client's right to seek sanctions, *see, e.g.*, *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 353 (E.D.N.Y. 2019), it is clear to me that Plaintiff's counsel intend to interpose that new action (which will also be sanctionable) as a frivolous defense to a sanctions motion in this Court.

Accordingly, in an effort to avoid additional motion practice over yet another frivolous claim, I wrote to Plaintiff's counsel and proposed the same briefing schedule set forth above (except I shortened the time for Ms. Maraj's reply papers). I received the following responses:

**First**, Mr. Blackburn asked me to delay my initial filing until March. When I agreed to do so if he agreed that he would not file a new action against Ms. Maraj in the interim, he refused to respond to my proposal, and instead stated only that a March filing date would be preferable because it "work[s] best for [his] schedule."

**Second**, Mr. Gordon refused to engage, stating that he would "not concede to being harassed nor attempts at intimidation," and would respond only if I first sent a letter to the Court.

**Third**, Ms. Faenza refused to discuss a schedule with me based upon her erroneous belief, *see, e.g.*, *Hoffman v. Rattner*, 2021 U.S. Dist. LEXIS 52170, *5 (S.D.N.Y. Mar. 19, 2021), that she may not be sanctioned because the Court permitted her to withdraw as counsel -- albeit without informing the Court that I told her in writing that I intended to seek sanctions against her.

As I have tried to make clear to opposing counsel, I do not dispute their right to argue that they are immune from sanctions by reason of their dismissal of the Amended Complaint against Ms. Maraj and, in the case of Ms. Faenza, her withdrawal as counsel for Plaintiff. I have also made clear

JUDD BURSTEIN, P. C.

Hon. Eric N. Vitaliano
January 20, 2022
Page 3

that they certainly have the right to seek sanctions against me if they believe that my motion is frivolous or, as Mr. Gordon contends, I have somehow improperly "harassed [and] attempt[ed] [to] intimidat[e]" him. But those rights do not excuse them from responding to a motion which the law permits my client to file.

          Respectfully yours,

          /s/ Judd Burstein

          Judd Burstein

cc:    All Counsel (via ECF)