# Tsyngauz
## & Associates, P.C.

114 Mulberry Street
Ground Floor
New York, NY 10013

(212) 337 – 9770 telephone
(212) 337 – 3375 facsimile

Yevgeny Tsyngauz, Esq.
Mikhail Litt, Esq.
Ryan Banich, Esq.
Steven N. Gordon, Esq.

January 21, 20
**VIA PACER & FEDEX**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Jennifer Hough v. Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

    I represent Plaintiff Jennifer Hough ("Plaintiff") in the above referenced action. I write in response to the January 20, 2022, letter from counsel for Onika Tanya Maraj ("OTM"), Mr. Judd Burstein [ECF 50]. At the outset, I want to respectfully apologize for having to seek Your Honor's involvement. However, at this time, we have no other recourse.[1]

    On October 18, 2021, I submitted my notice of appearance in this action [ECF 18].[2] Since appearing, Mr. Burstein has emailed us a total of five purported and frivolous motions for sanctions. On Sunday, January 9, 2022, Mr. Burstein emailed us his fifth purported motion for sanctions. This was one day before Plaintiff's Reply in Support of her Motion for Entry of Judicial Default against OTM was due.[3] I assure, Your Honor, this is only the tip of the iceberg with respect to the unsavory, harassing, and threatening tactics that have been employed against Plaintiff's counsel.

    Under Rule 11, a court may sanction an attorney or party for, among other things, misrepresenting facts or making frivolous arguments. *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013). Under Rule 11(c)(2), "[t]he standard for triggering fees under Rule 11 is objective unreasonableness. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir.

---

[1] I note that, unfortunately, after receiving what amounted to accusations of criminal conduct by Plaintiff and her counsel as a means to get an advantage in this civil action, I was forced to request that Mr. Burstein direct all communications toward my law firm and I through the Court. After this request, I received approximately twelve (12) additional emails from Mr. Burstein after this request. I continuously reiterated my request.

[2] Since appearing, I have filed a letter motion [ECF 20], a Reply in Support of Plaintiff's Motion for Entry of Judicial Default Against Defendant Kenneth Petty [ECF 34], two letters regarding a briefing schedule [ECF 37 & 40], and, on January 20, 2022, orally argued concerning the pending motions with respect to Defendant Kenneth Petty.

[3] Likewise, on December 8, 2020, five minutes before a hearing in this action before Magistrate Judge Cho, Mr. Burstein emailed his fourth motion for sanctions. It is clear that this practice, at best, pushes the envelope on *in terrorem* litigation tactics. We note that, Your Honor, has stated in the past the Court strongly disapproves of such. *Green v. Toyota Motor CreditCorp*, 605 F.Supp.2d 430, fn. 5 (E.D.N.Y 2009) ("Frankly, if anything, the motion made by TMCC for Rule 11 sanctions against plaintiff's counsel itself comes closer to warranting sanctions under Rule 11…. The Court strongly disapproves of what skates close to the line of *in terrorem* litigation tactics on the part of TMCC").

Honorable Eric N. Vitaliano
January 22, 2021

2003). Under Rule 11(c)(3), where a Court awards sanctions *sua sponte*, the standard is upon a finding of "subjective bad faith." *Muhammad*, 732 F.3d at 108.[4]

28 U.S.C. § 1927 penalizes any attorney for unreasonably and vexatiously multiplying proceedings. Bad faith is the touchstone of an award under this statute. *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay") (internal citations and quotations omitted).

Mr. Burstein's recent letter, itself, fails to demonstrate that anything signed, filed, submitted, or advocated by Plaintiff's counsel was frivolous, legally unreasonable, or factually without foundation. In fact, Mr. Burstein does not even clearly state the grounds for which he seeks to file sanctions. **He does not cite a single case in his letter, nor does he include any of the motions which purportedly detail his grounds,** which is especially egregious given the potential effects such serious accusations could have on Plaintiff and her counsel – i.e., more threats to harm Plaintiff because OTM's fans believe she is lying, and harm to counsel's reputation and business.

If Mr. Burstein is claiming that he is seeking grounds for accusations regarding OTM's membership in the Makk Balla Brims ("Makk Balla") set of the Bloods gang, and OTM's supposed threats to Plaintiff's life, I believe Your Honor would find an objectively reasonable basis for such allegations. I urge Your Honor to view Exhibit **"A"** hereto, a photograph of OTM making the Makk Ballas gang sign and a still image of a video in which Defendant Kenneth Petty ("KP") making the same sign in a video, and the previously filed Exhibit J to the Blackburn Declaration in Support of Plaintiff's Motion for Entry of Judicial Default Against KP [ECF 25-11].

Further, I direct your honor to Exhibit C of Plaintiff's Declaration in Support of Plaintiff's Motion for Entry of Judicial Default Against KP [ECF 25-20]. This Exhibit is a photograph from Barry Dukes, AKA "Black," where he threatens Plaintiff by circling two guns in the photograph. OTM swears under oath that "Black" was the individual who connected OTM with Plaintiff on the phone. *See* OTM's Declaration in Opposition to Plaintiff's Motion for Entry of Default Judgment Against OTM [ECF 43-8].

As Your Honor has personally stated is necessary for sanctions under Rule 11(c)(2), neither of the Plaintiff's aforementioned claims could be considered utterly frivolous or lacking merit at the time they were advanced. *Green v. Toyota Motor CreditCorp*, 605 F.Supp.2d 430, 436-37 (E.D.N.Y. 2009).

While unclear, it appears that Mr. Burstein is also stating that he is grounds for sanctions based upon the allegation that in the Amended Complaint that the Court has personal jurisdiction over OTM. It is true that, in a purported sanctions motion dated November 5, 2021, Mr. Burstein alleged that personal jurisdiction was frivolously alleged. Mr. Burstein, however, did not provide evidence to support his statement until submitting OTM's Opposition to Plaintiff's Motion for

---

[4] I understand that Mr. Burstein is also seeking sanctions under the Court's inherent power, which also requires a showing of bad faith. As such, in the interest of brevity, I am omitting a discussion of such.

Honorable Eric N. Vitaliano
January 22, 2021

Entry of Default Judgment against OTM. Indeed, Mr. Burstein is seeking that the Court sanction Plaintiff and her counsel for not believing his statement. Once evidence was provided, on January 12, 2022, Plaintiff voluntarily dismissed against OTM, despite having her default.

Further, as Mr. Burstein carefully omits, such earlier motion was superseded and withdrawn by his January 9, 2022 sanctions motion. Plaintiff's voluntary dismissal was squarely within the 21-day safe harbor period of Mr. Burstein's latter motion.[5]

Nonetheless, there are several objectively reasonable reasons why the allegation that this Court had personal jurisdiction over OTM. First, as conceded by KP, her husband is a resident of New York. Second, her husband owns property in New York. Third, OTM is considered a "New York" based "rapper" from Queens County. Fourth, this is not the first time that OTM has been sued in New York. These are only some of the reasons why it was objectively reasonable for Mr. Blackburn to believe personal jurisdiction was proper in this Court.[6]

Simply put, there is absolutely no grounds upon which Plaintiff or Plaintiff's counsel could be held liable for sanctions under Rule 11, 28 U.S.C. § 1927, or the courts inherent power. The sole purpose for Mr. Burstein filing this letter and seeking a briefing schedule is stated in his letter. On January 20, 2022, Mr. Burstein learned for the first time that Plaintiff voluntarily dismissed this action against OTM to re-file in California, where he has been arguing the case should have been filed in the first instance.

As a young attorney, I never could have fathomed the type of harassment and threats that Mr. Burstein has employed upon me, personally. He has engaged in an obsessive pattern of ad hominem attacks against my co-counsel and I, and **even my wife**, to gain an advantage in this litigation. **Mr. Burstein baselessly attempted to threaten that my wife had waived our marital communications privilege, insinuating that he would seek to invade one of the most private relationships in my life.**[7] **Accordingly, for my family's safety and privacy, I was almost forced to withdraw from this action.**

Finally, in sum, Mr. Burstein's letter is completely frivolous, and undoubtedly filed with subjective bad faith. Mr. Burstein's purpose, and he succeeded, was delay Plaintiff's counsel from preparing Plaintiff's complaint, which is soon to be filed against OTM in California, and to vexatiously and unreasonably multiple proceedings. There is only one counsel who deserves to be sanctioned, and he does not represent Plaintiff.

Respectfully submitted,

Steven N. Gordon, Esq.

---

[5] Hence, the inference that Mr. Burstein has a basis to move for Rule 11 sanctions based upon the allegation concerning personal jurisdiction in the Amended Complaint is frivolous.

[6] I note, however, that I was not counsel on this case when the Amended Complaint was filed.

[7] Unfortunately, this is only one of the many appalling acts by Mr. Burstein throughout the course of this action. If a hearing is held, or motion practice required, I will detail the remainder of his appalling acts to the Court.

Honorable Eric N. Vitaliano
January 22, 2021

cc:
Judd Burstein, Esq. (Via Pacer)
Emily Finestone, Esq. (Via Pacer)
Steven D. Isser, Esq. (Via Pacer)

4