# Tsyngauz
## & Associates, P.C.

114 Mulberry Street
Ground Floor
New York, NY 10013
(212) 337 – 9770 telephone
(212) 337 – 3375 facsimile

Yevgeny Tsyngauz, Esq.
Mikhail Litt, Esq.
Ryan Banich, Esq.
Steven N. Gordon, Esq.
Anna Buzhor, Esq.

January 24, 2022

**VIA PACER & FEDERAL EXPRESS**

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Jennifer Hough v. Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

I represent Plaintiff Jennifer Hough ("Plaintiff") in the above referenced action. I write in response to the January 21, 2022, letter from counsel for Onika Tanya Maraj ("OTM"), Mr. Judd Burstein [ECF 50].

In my January 21, 2022 letter to Your Honor, I demonstrated how OTM cannot even meet the lower standard for sanctions under Rule 11(c)(2). Yet, OTM's counsel claims to be seeking a briefing schedule for sanctions under 28 U.S.C. § 1927 and the court's inherent power. If OTM cannot show that any of Plaintiff's allegations were objectively unreasonable, it is axiomatic that she cannot meet the higher standard, subjective bad faith, required for such sanctions.

On January 20, 2022, OTM and her counsel learned that we are re-filing against her in California. Hence, the reason that they filed a letter with the Court on the same date. This request is nothing more than an attempt to delay Plaintiff's re-filing against OTM. **Should the Court wish to hear OTM's motion, Plaintiff and I request that briefing be scheduled for dates in March 2022. We also request that the court include Plaintiff's cross-motion for sanctions under Rule 11(c)(2), 28 U.S.C. § 1927 and the court's inherent power against OTM and her counsel for seeking sanctions for vexatiously multiplying and delaying proceedings and for frivolously seeking sanctions based on an improper purpose; to harass and intimidate.**

Finally, Plaintiff and I note that it is not merely ironic, **it is telling**, that in a case involving allegations of harassment and intimidation, OTM and her counsel have employed the same tactics in this litigation. With respect to my statements concerning the personal attacks threats that I have received from OTM's counsel, I encourage the Court to view **Exhibit A** hereto.

No person should be discouraged from seeking legal action for wrongs done to her through the use of *in terrorem* litigation tactics. Plaintiff and I hope that Your Honor can see through OTM and her counsel's request and not allow them to waste Plaintiff's and the Court's time and resources.

Honorable Eric N. Vitaliano
January 24, 2021

Respectfully submitted,

Steven N. Gordon, Esq.

cc:

Judd Burstein, Esq. (Via Pacer)
Emily Finestone, Esq. (Via Pacer)
Steven D. Isser, Esq. (Via Pacer)