# Tsyngauz
## & Associates, P.C.

**114 Mulberry Street**
**Ground Floor**
**New York, NY 10013**
(212) 337 – 9770 telephone
(212) 337 – 3375 facsimile

Yevgeny Tsyngauz, Esq.
Mikhail Litt, Esq.
Ryan Banich, Esq.
Steven N. Gordon, Esq.
Anna Buzhor, Esq.

January 27, 2022

**VIA PACER & FEDERAL EXPRESS**

The Honorable James R. Cho, U.S.M.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Jennifer Hough v. Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC

Dear Judge Cho:

My firm and I, Steven N. Gordon, Esq., are currently co-counsel representing Plaintiff Jennifer Hough ("Plaintiff") in the above-referenced action. Pursuant to F.2 of Your Honor's Individual Practice Rules, we write to the Court to advise of our withdrawal as counsel for Plaintiff.

On January 27, 2022, I was advised by written letter from Lead Counsel for Plaintiff, Tyrone A. Blackburn, and signed by Plaintiff, that my representation is being terminated. The basis for my firm and I's withdrawal is also supported by N.Y. Rules of Prof. Con. Rule 1.16(c)(8) and (11). Simply put, without revealing attorney client privileged communications, Lead Counsel and I irreconcilably disagree with respect to legal strategy moving forward. This is by no means a reflection of any views concerning the merits of this action or any future related actions.

Because I was terminated in writing by Plaintiff, and given that the remaining Defendant in this action has not Answered the Amended Complaint, I have not sought consent from same. Should the Court seek to review Plaintiff's letter, I ask permission to file it under seal for *in camera* review and consideration in order to preserve the confidentiality of the attorney-client relationship. *See e.g., Thekkek v. LaserSculpt, Inc.*, No. 11-cv-4426(HB)(JLC), 2012 WL 225924, at *3 (S.D.N.Y Jan. 23, 2012) (granting motion to withdraw upon in camera review, explaining: "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and… this method is viewed favorably by the courts") (internal quotations and citations omitted).

Finally, given the amount of time spent working on this case, my firm and I are entitled to attorneys for our representation to date. If, or when, judgment or settlement is entered, I seek that fees are properly apportioned for our representation to date. It is my understanding that this will be amicably worked out between Lead Counsel and I at the appropriate time. If no agreement can be reached, we **reserve** all rights to pursue collection of such fees.

Respectfully submitted,

Honorable James R. Cho
January 27, 2021

Steven N. Gordon, Esq.

cc:

Steven D. Isser, Esq. (Via Pacer)
Tyrone A. Blackburn, Esq. (Via Pacer)

Honorable James R. Cho
January 27, 2021

Steven N. Gordon, Esq.

cc:

Steven D. Isser, Esq. (Via Pacer)
Tyrone A. Blackburn, Esq. (Via Pacer)