**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER HOUGH,<br><br>　　　　　　　　　　Plaintiff,<br><br><br>　　-against<br><br><br>ONIKA TANYA  MARAJ, AKA<br>("NICKI MINAJ") an individual,<br>KENNETH PETTY, AKA ("ZOO"),<br>an individual<br>　　　　　　　　　　Defendants. | Case No. 21-CV-04568<br><br>**NOTICE OF WITHDRAWAL OF**<br>**DOCKET ENTRY #55** |

　　　　Given the claims made in docket entry #55 concerning Mrs. Gordon was requested to be inserted in the letter by former plaintiff's counsel Steven Gordon; given former Defendant Maraj's decision not to file a motion for sanctions against former plaintiff's counsel Steven Gordon, Plaintiff Jennifer Hough ("Plaintiff"), and her counsel ("Mr. Blackburn") hereby give notice that Plaintiff withdraws docket entry #55.  Docket entry #55 was a letter in support of docket entry #53, which is no longer relevant to this action.

On January 26, 2022, Counsel Judd Burstein clarified the claims made in docket entry #55 when he detailed in his proposed sanction motion that he provided to Plaintiff counsel that he obtained knowledge of Mrs. Gordon's YouTube post through a random email to his law firm with the subject line "Steven Gordon's wife spreading lies on Youtube" as opposed to searching for her comments on his own.  Mr. Burstein further explained that the email contained a link to the YouTube video in question and a screenshot of Mrs. Gordon's comment.  With this information, it was abundantly clear that Mr. Burstein did not independently search for Mrs. Gordon's comments on YouTube.

In further support of his position that he did not intend to harm Mr. Gordon or Mrs. Gordon, Mr. Burstein informed Plaintiff counsel that on November 23, 2021 (unbeknownst to Mr. Blackburn and Plaintiff), Mr. Gordon sent Mr. Burstein an email in which he thanked him for his "thoughtful and supportive words" on the path forward for him professionally as well as Mr. Burstein's advice

1

to Mr. Gordon regarding the risks posed to him if he and Plaintiff's counsel continued to seek a default judgment against former Defendant Maraj.

Mr. Burstein explained that the November 23, 2021 email with Mr. Gordon was not the first conversation they had had without the knowledge of Mr. Blackburn and Plaintiff.  Mr. Burstein shared, "After Mr. Gordon entered this case, he imparted some private information on Mr. Burstein which suggested to him that he may have been unfair in his assessment of Mr. Gordon."  Mr. Burstein did not disclose the details of the "private information" in his proposed motion.

Mr. Burstein went on to say, "Hence, on November 23, 2021, Mr. Burstein sent Mr. Gordon a private email which implored him to drop his pursuit of a default judgment against Ms. Maraj because it was sanctionable, stating, in relevant part:

> "The bottom line here is that there is a better chance of you getting sanctioned than there is of getting a default judgment against Nicki.  I really do not want to go down that route…
>
> In my view, it makes sense to do a reset.  You and Tyrone should abandon your effort to secure a default against Nicki with an understanding that, if asked, both of us will only say publicly that we discussed the matter and have agreed that it makes more sense to get to the merits of the case.  I would also agree not to file any sanctions motion based upon any past filings.
>
> Please do not mistake this offer as coming from a place of weakness or concern about the case; it is not.  I am just trying to give you the benefit of my experience.  One of the dangers of being a young talented lawyer (and I think you may fall into that category) is that your skills will often outstrip your judgment for many years.  That is when you are more at risk of making a mistake with lasting negative consequences."
>
> Mr. Burstein then included a footnote which states: "Exhibit L to Burstein Dec. has been redacted to remove extrenous information which should remain private.  Presumably, Mr. Gordon will not respond in a way that requires disclosure of presently redacted portions of the email correspondence."

Mr. Burstein shared that Mr. Gordon responded to the email by stating: "I appreciate your thoughtful and supportive words.  Tyrone… and I will take your propositions under advisement." Neither Mr. Gordon nor Mr. Blackburn ever responded to Mr. Burstein's offer.  Plaintiff and Mr. Blackburn were **<u>NOT</u>** made aware of this email conversation between Mr. Burstein and Mr. Gordon.

In fact, Mr. Blackburn's phone records indicate that he spoke with Mr. Gordon on November 22, 2021, and had not spoken to him until November 29, 2021.  Additionally, Mr. Blackburn does not have any emails from Mr. Gordon where this offer from Mr. Burstein was presented.  Mr. Gordon did not disclose to Mr. Blackburn or Plaintiff that he had private conversations with Mr. Burstein. Mr. Blackburn is also unaware if and highly doubts that prior co-counsels Tara Faenza and Michael Snizek were aware of Mr. Gordon's secretive private conversations with Mr. Burstein.

These secretive private conversations also call into question Mr. Gordon's claims in docket #53 that Mr. Burstein's "Your wife" email almost forced Mr. Gordon to withdraw from this action out of fear for his "family's safety and privacy."

Mr. Gordon did not execute his ethical duties required by Rule 1.4 of the model rules of professional conduct when he failed to "promply inform the client of (iii) material developments in the matter including settlement or plea offers."  Mr. Gordon robbed Plaintiff of her right to make an informed decision of whether to accept former Defendant Maraj's offer or to pursue the Default Judgment.

Dated: January 30, 2022

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
T: (347) 347-7432
E: tblackburn@tablackburnlaw.com

CC: all counsels of record via ECF