EXHIBIT J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JENNIFER HOUGH,

                        *Plaintiff*,

                -- against--

ONIKA TANYA MARAJ, AKA ("NICKI
MARAJ") and KENNETH PETTY, AKA
("ZOO"),

                      *Defendants*.
-------------------------------------------------------X

Case No. 21-cv-04568-ENV-JRC

**NOTICE OF MOTION**

**SIRS**:

      **PLEASE TAKE NOTICE** that, on January 31, 2021 or soon thereafter, Defendant Onika

Tanya Maraj ("Defendant") will move this Court for an Order granting sanctions against Plaintiff

Jennifer Hough ("Plaintiff"), including Defendant's legal fees, currently in excess of $300,000, on

the ground that the Amended Complaint and Plaintiff's motion for the entry of a default judgment

against Defendant were filed in violation of Fed. R. Civ. P. 11(b)(1), (2), and (3).

      Pursuant to the authority of *Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory,*

*Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012), the grounds for the relief sought in this motion are set forth

in the accompanying letter, dated December 9, 2021, from Judd Burstein, Esq., Defendant's counsel,

to Plaintiff's counsel.

Dated: Westport, Connecticut
       January 9, 2022

                                        Yours, etc.,

                                        JUDD BURSTEIN, P.C.

                                        By:_____
                                            Judd Burstein (JB9585)
                                        260 Madison Avenue, 15th Floor
                                        New York, New York 10016
                                        Tel.: (212) 974-2400
                                        Fax: (212) 974-2944
                                        jburstein@burlaw.com
                                        *Attorneys for Defendant Onika Tanya Maraj*

# JUDD BURSTEIN, P.C.

### ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

———

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
  PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

January 9, 2022

**VIA EMAIL**
Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
TBlackburn@TABlackburnlaw.com

Steven N. Gordon, Esq.
Tsyngauz & Associates, P.C.
114 Mulberry Street, Ground Floor
New York, New York 10013
sg@nytlaw.com

Michael J. Snizek, Esq.
Tara E. Faenza, Esq.
McGivney Kluger Clark & Intoccia, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
msnizek@mcgivneyandkluger.com
tfaenza@mcgivneyandkluger.com

      Re:    *Hough v. Maraj and Petty*, Case No. 21-cv-04568-ENV-JRC

Dear Counsel:

      Pursuant to the authority of *Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012), we write to provide you and your client with the basis for the sanctions sought against you and your client, Plaintiff Jennifer Hough ("Plaintiff"), under Fed. R. Civ. Proc. 11 by the accompanying Notice of Motion. This motion (a) supersedes the sanctions motions which we served on November 5, 2021 and December 8, 2021, which are therefore withdrawn without prejudice; and (b) supplements (i) the sanctions motion which we served on November 10, 2021, and (ii) that portion of the sanctions motion which we served on October 29, 2021 which alleges that Plaintiff did not receive a copy of

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 2

Exhibit F to her Declaration in Support of her Motion for a Default Judgment against Kenneth
Petty (Dkt. No. 25-17) "from a blogger" (*id*., at ¶ 90).[1]

**January 18, 2022 will be the 40th anniversary of my admission to the New York
Bar. I can safely say that the Amended Complaint and your motion for entry of a default
judgment win the award for the most incompetent, dishonest and/or reckless, and bad
faith filing which I have encountered over the past 40 years.**

It is profoundly troubling to encounter lawyers who believe that they can draft and file
a complaint written in the style of a *National Enquirer* article. Aside from the lack of
professionalism, your conduct in this case has been indecent. Indeed, you have gone so far as
to accuse Defendant Onika Tanya Maraj ("Defendant") of having "put a hit out on Ms. Hough's
life." (Dkt. No. 25-10, at p. 3). I am dumbfounded that a lawyer would make such a claim
with **zero** evidence.[2] As lawyers, you have both professional and moral obligations not to
baselessly accuse a defendant of having committed a serious felony. Sadly, you have violated
both of those obligations, seemingly without a care.

Your conduct in this case has been appalling. By way of just one out of many examples,
you have alleged that, after the Amended Complaint was filed, Defendant revealed herself to
be a member of the "Makk Ballers." This allegation is sanctionable pursuant to Rule 11(b)(3)
because it is pure speculation untethered to any evidence or even a reason to believe that you
could secure such evidence in the future. But your recklessness in making this accusation is
exacerbated by the fact it is entirely irrelevant to whether a default judgment should be entered
based solely upon the allegations in the Amended Complaint. In other words, if Defendant
were a member of the gang (**which she is not**), that fact would not make Plaintiff more entitled
to a default judgment. It is thus clear that, in violation of Rule 11(b)(1), you have made this
entirely gratuitous accusation for improper purposes: (a) to secure media attention for Mr.
Blackburn and (b) to put pressure on Defendant to settle so as to avoid further damage to (as
Mr. Gordon described it) her "brand."[3]

---

[1]  Defendant is withdrawing the remainder of that motion. As for the portion of the
motion still extant, we are not withdrawing it in light of your refusal to provide evidence that
Plaintiff did in fact receive it from a blogger.

[2]  You made this accusation in a letter to the Honorable Judge Michael Fitzgerald, the
California federal judge overseeing Defendant Kenneth Petty's ("Mr. Petty") criminal case.
You have also made that same accusation in this case because the letter to Judge Fitzgerald
was submitted in this Court as Exhibit H (Dkt. No. 25-10) to the Blackburn Declaration filed
on October 28, 2021 (Dkt. No. 25-4) and has been incorporated by reference in Paragraph 19
of the Declaration of Tyrone A. Blackburn, dated December 17, 2021 (Dkt. No. 41-1) (the
"Blackburn December Declaration").

[3]  Your improper purpose of seeking to pressure Defendant into a settlement so that she
could end this litigation is further demonstrated by your repeated violations of Fed. R. Civ.
Proc. 5.2 by reason of your choice not to redact Defendant's home address from your various
filings. In addition, Plaintiff has filed papers disclosing Defendant's telephone number and
then refused to redact it when we requested that you do so. That these were intentional choices
on your part is demonstrated by Ms. Faenza's December 31, 2021 emails in which she

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 3

Please be advised that you have 21 days – *i.e.*, until January 30, 2022 – to withdraw the following:

1.     Pursuant to Fed. R. Civ. Proc. 11(b)(1), (2), and (3), the Amended Complaint, or parts of it as detailed below, should be withdrawn because:

   a.     The claim that Defendant Onika Tanya Maraj, aka Nicki Minaj ("Defendant") is subject to the Court's jurisdiction is frivolous.

   b.     There is no basis for the exercise of supplemental jurisdiction when there is no federal claim in this case.

   c.     There is no basis for venue in the Eastern District of New York.

   d.     Count V of the Amended Complaint is frivolous insofar as it alleges that (a) California law applies, (b) there is a Georgia statute applicable to the facts alleged in the Amended Complaint, (c) that there is a private cause of action for a violation of O.C.G.A. § 16-11-90, and (d) that there is some other cognizable tort recognized under Georgia law for the allegations set forth in the Amended Complaint.

   e.     Count VI of the Amended Complaint is frivolous insofar as (a) it alleges that California law applies, and (b) it seeks to impose aider and abettor liability based upon the conduct alleged in Count V of the Amended Complaint.

   f.     Count VII is frivolous insofar as it alleges that California law applies.[4]

   g.     It was filed for an improper purpose – *i.e.*, to force a settlement out of Defendant and to secure Mr. Blackburn media exposure and also to harass her.

   h.     There is no factual basis for Plaintiff's claims against Defendant, rather, they are based on speculation.

2.     Pursuant to Fed. R. Civ. Proc. 11(b)(1), (2), and (3), Plaintiff's December 17, 2021 motion for entry of a default judgment against Defendant should be withdrawn because:

   a.     The claim that Defendant has no meritorious defenses is frivolous.

---

acknowledged that publicly filing personal information in this case is "**extremely dangerous**" (emphasis in original), and (b) feigned ignorance about the personal information you had filed with the Court.

[4]     While we do not believe that Plaintiff's Intentional Infliction of Emotional Distress claim has any chance of withstanding a Rule 12(b)(6) motion, we are not seeking sanctions for that claim under Georgia law because there are no cases in which the same facts were presented to a Georgia court.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 4

b.   You knowingly made false representations to the Court, including that Mr. Petty "does not deny being served by Robert Diaz" (Dkt. No. 41, at p. 4) and that Defendant "makes no attempt to explain why she failed to respond (Dkt. No. 41, at p. 7).

c.   The claim that Plaintiff will be prejudiced if a default is not granted is frivolous.

d.   Given the facts here and the governing case law, the claim that Defendant's purported default was willful is frivolous.

e.   The motion for entry of a default judgment was filed for an improper purpose – *i.e.*, to force a settlement out of Defendant.

f.   The factual allegations set forth in Paragraphs 14-17 of the Blackburn December Declaration are likely knowingly false and, in all events, are sanctionable pursuant Fed. R. Civ. Proc. 11(b)(1) and (3).

g.   Your disgraceful accusation that Defendant is member of a gang is frivolous because (i) it is pure speculation without any basis in fact, and (ii) relatedly, you and Plaintiff have no evidence available to rebut Defendant's sworn denial of these allegations.  For the same reasons, your accusations that Defendant associates with gang members and is "colleagues" with the "gangster" who allegedly threatened Plaintiff on Twitter are similarly frivolous.  Further, these allegations were made for an improper purpose because they were plainly designed to "turn up the heat" on Defendant in the hope that she would settle in order to avoid additional false accusations which, if true, could be devastating to her career.

To the extent you refuse to withdraw the Amended Complaint, or the portions referenced above, and the motion for entry of a default judgment against Defendant, we will seek sanctions under Fed. R. Civ. Proc. 11(c).[5]

## THE GOVERNING LAW

Fed. R. Civ. Proc. 11(b) provides:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[5]   We also intend to seek sanctions pursuant to 28 U.S.C. § 1927 because your frivolous motion for entry of a default judgment "multiplie[d] the proceedings . . . unreasonably and vexatiously."

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 5

> (2)    the claims, defenses, and other legal contentions are warranted by
>         existing law or by a nonfrivolous argument for extending,
>         modifying, or reversing existing law or for establishing new law;
>         [and]
>
> (3)    the factual contentions have evidentiary support or, if specifically,
>         so identified, will likely have evidentiary support after a reasonable
>         opportunity for further investigation or discovery[.]

"A pleading, motion or other paper violates Rule 11 when it 'has been interposed for any improper purpose, or *where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (Citation omitted) (Emphasis in original).  The Court may impose sanctions for a violation of Rule 11(b).  Fed. R. Civ. Proc. 11(c)(1).

Under Rule 11, a court also may impose sanctions against an attorney who "misrepresent[s] facts."  *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013).  Where the opposing party moves for sanctions against an attorney based on the attorney's misrepresentation of facts to the Court, the attorney can be sanctioned if their conduct was "objectively unreasonable."  *Muhammad*, 732 F.3d at 108.

Finally, although Mr. Blackburn is the primary Rule 11 offender here, Mr. Gordon and Ms. Faenza are equally liable for sanctions because they have advocated for both the Amended Complaint and for entry of a default judgment against Defendant.  *See Watkins v. Smith*, 2013 U.S. Dist. LEXIS 24712, at *29 (S.D.N.Y. Feb. 22, 2013) ("Although Taneja did not personally sign the amended complaint, he violated Rule 11 by signing and submitting memoranda of law and affirmations in opposition to the defendants' motion to dismiss in which he 'advocated' on behalf of the allegations contained in the amended complaint.") (Citation omitted); *Carling v. Peters*, 2012 U.S. Dist. LEXIS 46235, at *9 (S.D.N.Y. Mar. 30, 2012) ("An oral representation violates Rule 11 when: '(1) it [] violate[s] the certification requirement of Rule 11(b), *e.g.*, by advocating baseless accusations, and (2) it [] relate[s] directly to a matter addressed in the underlying paper and [is] in furtherance of that matter to constitute advocating within the meaning of subsection(b).'") (*Quoting O'Brien v. Alexander*, 101 F.3d 1479, 1489-90 (2d Cir. 1996)) (Alterations in original).  Hence, we have grouped all of you together as Rule 11 offenders (referring to the three of you as "you") even though Mr. Blackburn filed the Amended Complaint before Mr. Gordon and Ms. Faenza entered the case.[6]

---

[6]    Because Mr. Snizek has not been active in the litigation to date, we do not seek sanctions against him at this time.  However, we reserve the right to do so if he signs onto Plaintiff's reply brief in support of Plaintiff's motion for entry of a default judgment or participates in the oral argument on Plaintiff's motion, currently scheduled for January 20, 2022 before Magistrate Judge Cho.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 6

## THE AMENDED COMPLAINT IS FRIVOLOUS

Here, the Amended Complaint violates Fed. R. Civ. Proc. 11(b)(2) and (3) because any competent attorney who conducted a reasonable inquiry would have realized that, as to Defendant, (a) the Amended Complaint's factual allegations are based upon pure speculation which is inconsistent with Plaintiff's prior statements to the Daily Beast and in numerous social media video interviews,[7] and (b) the claims asserted in the Amended Complaint against Defendant have no legal support. Thus, the Amended Complaint is frivolous as that term is defined in Rule 11 and the relevant case law.[8]

In addition, the Amended Complaint violates Fed. R. Civ. Proc. 11(b)(1) because it is frivolous and has been filed against Defendant for an improper purpose – to force Defendant to settle to avoid Plaintiff's baseless smear campaign. Further, Mr. Blackburn obviously inserted his own florid characterizations of the alleged facts in an effort to make the Amended Complaint more salacious and therefore more likely to attract more media attention.

A.    **The Claims Against Defendant Are Not Supported by Existing Law.**

    1.    **The Allegations That Defendant is Subject to This Court's Jurisdiction are Frivolous.**

The Amended Complaint acknowledges that "the Defendants are both domiciled in California," (Dkt. No. 8, at ¶ 5). Thus, for Defendant to be subject to the Court's jurisdiction, Plaintiff's claims must "arise[] out of or relate[] to [Defendant's] contacts with the forum state." *Aybar v. Aybar*, 2021 N.Y. LEXIS 2134, at *15 (N.Y. Oct. 7, 2021). Plaintiff alleged the Court has jurisdiction based on Defendant's transaction of business and making contracts within the state; commission of a tortious act within this district; and ownership, use, or possession of any real estate situated within this state. (Dkt. No. 8, at ¶ 3).[9]

---

[7]    Exhibit D to the Declaration of Judd Burstein (the "Burstein Declaration"), dated December 31, 2021, is just the tip of the iceberg in terms of Plaintiff's prior contradictory accounts of the "facts."

[8]    To be clear, if you do not believe that you have a Rule 11 obligation to withdraw the entirety of the Amended Complaint or Plaintiff's motion for the entry of a default judgment, you nonetheless have an obligation to withdraw the frivolous portions of those submissions.

Further, while this letter summarizes the grounds for sanctions, it also incorporates by reference Defendant's opposition to Plaintiff's motion for entry of a default judgment against Defendant. By way of example, this letter's summary of the reasons why your claims of personal jurisdictional are frivolous incorporates Defendant's December 30, 2021 Declaration, at ¶¶ 33-42, and Defendant's Memorandum of Law, at pp. 11-15.

[9]    This bizarre "kitchen sink" tactic is all the more astounding and incompetent because a plaintiff is not under any obligation to plead personal jurisdiction in a federal complaint. Rather, in the first instance, the defendant must go forward on this issue. Hence, I would not have had any basis for seeking sanctions on the issue of personal jurisdiction if you had acted

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 7

Any attorney who conducted **any** legal research would have concluded that the Amended Complaint does not allege facts which would support personal jurisdiction over Defendant.[10]

**First**, the Court cannot exercise jurisdiction over Defendant based on her allegedly transacting business and making contracts within the state because such activity only gives rise to personal jurisdiction where, unlike here, there is an "articulable nexus" or "substantial relationship" between Plaintiff's claims against Defendant and the activity. *D&R. Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro,* 29 N.Y.3d 292, 298-99 (2017). Similarly, jurisdiction based on ownership, possession, or use of property is only available where the Plaintiff's claims "directly implicate" Defendant's ownership, possession, or use of property. *Marie v. Altschuler*, 30 A.D.3d 271, 272 (1st Dep't 2006). That is not the case here. Thus, the allegations of personal jurisdiction on these grounds are frivolous.

Further, Plaintiff's allegation of personal jurisdiction based on Defendant's purported commission of a tort in the state is frivolous, given that Plaintiff has failed to allege Defendant committed *any* tortious acts within the State of New York. *See Aaron Consulting Co., LLC v. Snap Sols. LLC*, 2018 U.S. Dist. LEXIS 163284, at *16-17 (E.D.N.Y. Sept. 20, 2018) (Jurisdiction based on the commission of a tortious act "appl[ies] only when the defendant was actually physically present in New York when he performed the allegedly tortious act").

To the extent Plaintiff relies on individuals purportedly acting on Defendant's behalf within the state of New York as the basis for the Court's personal jurisdiction over Defendant—putting aside the fact that Plaintiff has failed to sufficiently allege an agency relationship—the conduct allegedly occurring in New York (*i.e.*, attempting to bribe Plaintiff) is not a cognizable tort under New York law. *See Sardanis v. Sumitomo Corp.*, 279 A.D.2d 225, 230 (1st Dep't 2001) (Holding that there is no "private right of action under the commercial bribery provisions of the Penal Law"). Accordingly, Defendant's alleged commission of a tort cannot provide the Court personal jurisdiction over Defendant and Plaintiff's allegation otherwise is frivolous.

## 2.    The Allegation that the Court has Supplemental Jurisdiction is Frivolous.

Plaintiff has alleged "[t]he Court has supplemental jurisdiction over Plaintiff's related claims under state and local law under 28 U.S.C. § 1367(a)." (Dkt. No. 8, at ¶ 4). However, any attorney who had merely read the statute would have realized that § 1367(a) provides supplemental jurisdiction only in civil actions "of which the district courts have original jurisdiction." The district courts have original jurisdiction when the civil action involves a federal question and arises under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff does not plead any causes of action under federal law. Rather, she only asserts claims under the laws of New York, California, and Georgia. Accordingly, there is no conceivable basis for Plaintiff's assertion that the Court has supplemental jurisdiction over her claims.

---

in conformance with established procedure instead of making **unnecessary** frivolous allegations of personal jurisdiction in the Amended Complaint.

[10]    Incredibly, you did not even take the time to accurately quote the sections of New York Civil Practice Law and Rules § 302 upon which you have relied.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 8

### 3.     The Filing of this Action in this District Was Frivolous.

The Amended Complaint alleges that Defendant and Mr. Petty are "domiciled in" and residents of California.  (Dkt. No. 8, at ¶¶ 5, 12).[11]  Thus, for jurisdiction in this venue to be proper, "a substantial part of the events or omissions giving rise to the claim" must have occurred in the Eastern District of New York.  28 U.S.C. § 1391(b)(2).  In filing her claims in the Eastern District of New York, Plaintiff appeared to be relying on her allegation that Mr. Petty raped her in Queens County.  (Dkt. No. 8, at ¶ 3 n.1).  However, this allegation plainly has no bearing on whether the Eastern District of New York is a proper venue for Plaintiff's claims against Defendant because, as the most basic research would have revealed, "plaintiff bears the burden of proving that venue is proper in the forum state for *each* claim against each defendant."  *See Tow Servs. Int'l, Inc. v. Pontin*, 472 F. Supp. 2d 349, 363 (E.D.N.Y. 2007) (Internal quotation marks and citation omitted) (Emphasis in original).

Here, Plaintiff has failed to plead *any* connection between Defendant's alleged conduct and this District.  At best Plaintiff alleged certain individuals allegedly acting on Defendant's behalf approached her family members in New York and intimidated her family members in New York.  (Dkt. No. 8, at ¶¶ 160, 168, 175).  Notably, the Amended Complaint does not allege that these minor events took place in the Eastern District of New York, but even if it had, these allegations certainly do not amount to a substantial part of the events alleged in the Amended Complaint.  Accordingly, there is no legal basis to support that venue lies in this District.

### 4.     Plaintiff's Assertion of Claims under California Law is Frivolous.

It appears you have failed to conduct any inquiry into which state's laws govern Plaintiff's claims, as the Amended Complaint asserts claims against Defendant for Harassment and Witness Intimidation (Count V), Aiding and Abetting (Count VI), and Intentional Infliction of Emotional Distress (Count VII) under both California and Georgia Law.  An attorney who conducted **any** research on basic choice of law principles, would have realized that "[a] federal district court sitting in diversity applies the substantive law of the forum state, including that state's choice of law rules."  *Am. Empire Surplus Lines Ins. Co. v. Concord Restoration*, 2021 U.S. Dist. LEXIS 141338, at *15 n.14 (E.D.N.Y. July 28, 2021).[12]

---

[11]     Paragraphs 14-15 of the Blackburn December Declaration appear to be an anticipatory effort to explain why Defendant was sued in the Eastern District.  As discussed *infra,* the allegations in those Paragraphs are likely intentionally false and, at a minimum, frivolous.

[12]     Yet again, you have revealed an utter lack of familiarity with federal practice by citing case law in the Amended Complaint.  If you had undertaken basic legal research, you would have learned that citing cases and making legal arguments in a complaint is inappropriate.  *See Ballou v. Air Methods Corp.*, 2021 U.S. Dist. LEXIS 146909, at *2 n.1 (D. Vt. Aug. 5, 2021) ("Defendants correctly note that Plaintiff asserts legal arguments in his First Amended Complaint which must be disregarded."); *Jennings v. Hunt Cos.*, 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019) ("[I]t is generally inappropriate to include a legal argument within a complaint.") (Internal quotation marks and citation omitted); *Gleis v. Buehler*, 2012 U.S. Dist. LEXIS 50200, at *14 (D. Conn. Apr. 10, 2012) ("[I]t is inappropriate to include legal argument and briefing within a complaint as Plaintiff has done here.").  Of course, the fact that the cases

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 9

Under New York choice of law principles, Georgia law unquestionably applies here because Plaintiff alleged that she was living in Georgia and, briefly, in Florida when Defendant allegedly committed the tortious acts and that she "felt the bulk of Defendant's action in" (Dkt. No. 8, at ¶ 6) Georgia.[13]  *See AHW Inv. P'ship v. CitiGroup Inc.*, 980 F. Supp. 2d 510, 523 (S.D.N.Y. 2013) ("[T]he law of the jurisdiction in which a plaintiff suffers . . . would usually apply.").  Plaintiff did not allege that she was ever present in California during the period of time when Defendant supposedly wronged her.  Accordingly, there is no legal basis for Plaintiff's application of California law.

**5.     Plaintiff's Claim for Harassment and Witness Intimidation (Count V) is Frivolous.**

Count V of the Amended Complaint purports to assert a claim under "Georgia's harassment statute" without ever identifying the relevant statute.  Based on Plaintiff's later filings, it is apparent she was asserting the claim under O.C.G.A. § 16-11-90.  Nevertheless, minimal research would have led you to O.C.G.A. § 9-2-8 which precludes a tort claim under § 16-11-90 because "[n]o private right of action shall arise from any Act enacted after July 1, 2010, unless such right is expressly provided therein."  Because § 16-11-90 was enacted in 2014 and does not explicitly authorize a private right of action, Plaintiff cannot rely upon it.  Worse still, you have cited § 16-11-90 even though *Somerville v. White*, 337 Ga. App. 414, 417-18 (2016), cited § 9-2-8 in explicitly holding there is no private right of action under § 16-11-90.  It is astounding that a lawyer would be so sloppy as to assert a tort claim based upon the alleged violation of a criminal statute without even researching whether the statute authorizes a private right of action.  It is even more astounding that you apparently believe that a statute which criminalizes "nude or sexually explicit electronic transmissions" applies to the Amended Complaint's allegations.  The title of the statute should have at least given you a clue that it was inapplicable.

**6.     Plaintiff's Claim for Aiding and Abetting (Count VI) is Frivolous.**

Given that Count VI of the Amended Complaint incorporates **only** the allegations in the preceding paragraphs (Dkt. No. 8, at ¶ 163), Plaintiff is seeking damages for Defendant's supposed aiding and abetting of the harassment and witness intimidation alleged in Count V.  Since Count V is frivolous, so is a claim for aiding and abetting such conduct.  *See Triest Irrigation LLC v. Hiers, Civil Action*, 2021 U.S. Dist. LEXIS 103112, at *37-38 (M.D. Ga. June 2, 2021) (A complaint must be dismissed if it fails to "identify an underlying tort from which to establish liability"); *Kipperman v. Onex Corp.*, 2006 U.S. Dist. LEXIS 96944, at *93 n.19 (N.D. Ga. Sept. 15, 2006) ("The aiding and abetting claim lives on only so far as the underlying breach of fiduciary duty claims are still extant.").  Accordingly, there is no legal basis for Count VI.

---

which you have cited in the Amended Complaint are irrelevant and/or inapposite only serves to exacerbate your gaffe.

[13]     Plaintiff has also alleged she suffered injury in New York (Dkt. No. 8, ¶ 6) with respect to her claims solely against Mr. Petty (Counts I through IV).

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 10

**B.      The Amended Complaint is Grounded in Outrageous Speculation.**

Plaintiff has alleged a single interaction with Defendant:

[…] Defendant Minaj called Plaintiff.

During the call, Defendant Minaj stated she heard Plaintiff was willing to 'help
out' their situation and stated that she would fly Plaintiff and her family to Los
Angeles.  Plaintiff declined this offer.

Defendant Minaj then stated she would send her publicist to meet with Plaintiff
to craft a statement recanting Plaintiff's rape charge.  Plaintiff denied this offer
as well.

Before they got off the phone, Plaintiff said to Defendant Minaj, 'I need you to
know woman to woman, that this happened.'  Defendant Minaj hung up the
phone.

(Dkt. No. 8, at ¶¶ 89-92).  Plaintiff's remaining allegations against Defendant are conclusory
assertions that Defendant directed other individuals' conduct (*e.g.*, *id.* at ¶¶ 102, 106, 116).

The viability of each of Plaintiff's claims against Defendant necessarily depends on a
finding that such individuals were acting on Defendant's behalf.  Clearly, claims for intentional
infliction of emotional distress, aiding and abetting, and witness intimidation and harassment
(assuming *arguendo* they are cognizable claims) cannot be supported by the single interaction
between Plaintiff and Defendant – a phone conversation, during which, as described in the
Amended Complaint, Defendant did not threaten Plaintiff, harass her, intimidate her, or do
anything extreme and outrageous that caused Plaintiff severe emotional distress.  Further, the
Amended Complaint is bereft of **any** allegations which permit a non-speculative inference that
the individuals supposedly threatening and harassing Plaintiff were acting on Defendant's
behalf.  Accordingly, there is no factual basis for any of Plaintiff's claims against Defendant.

Moreover, Plaintiff's prior statements, including those set forth in Exhibit D to the
Burstein Declaration, show that (a) Plaintiff was explicitly told that Defendant was not behind
Plaintiff's alleged communications with Black and her brother, (b) Plaintiff believes that Black
and her brother had their own motives to make it appear as though she was being threatened,
and (c) Plaintiff was not sure that Defendant was behind any of Black's and Plaintiff's brother's
alleged conduct.

**C.      Plaintiff Filed the Amended Complaint for an Improper Purpose.**

There is overwhelming evidence that you and Plaintiff filed the Amended Complaint
for the improper purpose of (a) forcing a settlement upon Defendant by making ugly allegations
against her which you erroneously believed she would want to avoid publicly litigating, and
(b) garnering media attention for Mr. Blackburn.

**First**, as discussed above, Plaintiff's claims against Defendant are frivolous and based
on speculation, rather than grounded in fact.  *See Sussman by & Through Guilden v. Bank of
Isr.*, 56 F.3d 450, 458 (2d Cir. 1995) ("Although the 'improper purpose' and 'frivolousness'

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 11

inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose.") (Citation omitted).

**Second**, during our single Zoom conference with each other (not including Ms. Faenza and Mr. Snizek, who had not yet appeared in the case) on October 29, 2021, Mr. Blackburn made clear that he filed this lawsuit solely to secure a settlement because the first statement he made during the conference was that he hoped we could get in a room together or with a mediator to settle this case.[14] Moreover, our research indicates that filing lawsuits to secure a settlement is Mr. Blackburn's *modus operandi*, **as it does not appear that he has ever tried a case**. Rather, all of his cases have been either voluntarily terminated or settled.[15] *See Wenz v. Ascensia Diabetes Care US Inc.*, Case No. 2:20-cv-00232-BRM-JSA (D.N.J. 2021) (settled); *Taylor v. City of Jersey City*, Case No. 2:19-cv-20662-KM-JBC (D.N.J. 2021) (settled); *Riggins v. Interfaith Med. Ctr.*, Case No. 1:19-cv-05317-RML (E.D.N.Y. 2021) (settled); *Cumberbatch v. Funeral Home*, Case No. 1:20-cv-00201-LB (E.D.N.Y. 2021) (settled); *Rosiello v. Richmond University Med. Ctr.*, Case No. 1:20-cv-04746-FB-JRC (E.D.N.Y. 2021) (settled); *Durand v. Crown Heights Ctr. For Nursing & Rehabilitation*, 1:20-cv-04771-EK-PK (E.D.N.Y. 2021) (settled); *Cunningham v. Mendenwaldt*, Case No. 1:21-cv-03391-WFK-VMS (E.D.N.Y. 2021) (Dkt. No. 17) (case voluntarily dismissed after the parties' counsel "met and conferred, and [] decided to resolve this matter out of court"); *Adams-Borden v. North Shore Univ. Hospital*, No. 2:21-cv-03466-BMC (E.D.N.Y. 2021) (settled); *Solis v. Wholley*, Case No. 1:21-cv-00619-BCM (S.D.N.Y. 2021) (Dkt. No. 26) (case voluntarily dismissed without prejudice to state law claims, after Mr. Blackburn's client agreed to withdraw all federal claims insofar as "plaintiff [could not] meet the threshold to assert a federal wage and hour claim"); *Govindharajan v. Tata Consultancy Servs.*, Case No. 1:19-cv-10017-RA (S.D.N.Y. 2020) (court granted motion to compel arbitration and dismissed the action); *Weingarten v. CBS*, Case No. 1:20-cv-02598-JPC-KNF (S.D.N.Y. 2021) (voluntarily dismissed); *Smith v. Bosley Hair Restoration*, Case No. 1:20-cv-08489-JGK (S.D.N.Y. 2021) (voluntarily dismissed); *Donovan v. Goykhman, et al.*, Index. No. 655307/2019 (N.Y. Cty. Sup. Ct. 2021) (voluntarily discontinued approximately five months after Mr. Blackburn appeared in the case); *see also Jones v. Fox Rothschild LLP*, Case No. 2:20-cv-06312-SDW-LDW (D.N.J.) (Dkt. Nos. 55, 66) (court granted motion to dismiss some claims, with leave to file an amended complaint as to others, but rather than file an amended complaint, Mr. Blackburn's client prematurely appealed, which the Third Circuit dismissed for lack of appellate jurisdiction).[16]

---

[14] For a host of reasons, which we will detail if we are forced to file this motion, Mr. Blackburn's comment (made in Mr. Gordon's presence) is not rendered inadmissible by reason of Fed. R. Evid. 408.

[15] I also know that Mr. Gordon, who entered the case shortly after I did, has little or no trial experience. As for Mr. Snizek and Ms. Faenza, I assume they were brought on as counsel because they do have some experience trying cases, but their appearance in this case does not change the fact that it was commenced for the improper purpose of forcing a settlement.

[16] It is impossible to reconcile this record with Mr. Blackburn's website, which describes him as a "seasoned litigator" who "knows that your case is worth pursuing and . . . will keep fighting until he has no fight left."

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 12

Moreover, you have used every opportunity to drag Defendant's name through the mud—including with commentary that has absolutely no relevance to this litigation—in an effort to force a settlement. Not only have you repeatedly accused Defendant of being affiliated with a gang or gang members (*e.g.*, Dkt. No. 25, at p. 5; Dkt. No. 25-4, at ¶ 18; Dkt. No. 32-1, at ¶ 21; Dkt. No. 41-1, at ¶ 16), you have, as discussed above, also accused her of "put[ting] a hit out on Ms. Hough's life." (Dkt. No. 25-10, at p. 3).

These are not isolated incidents. You and Plaintiff have repeatedly taken liberties in characterizing the facts. Every single filing that Plaintiff has submitted in this action has been laced with dramatic and hyperbolic language, as well as speculation and innuendo, that has no basis in fact. For example, in Plaintiff's memorandum of law in support of her motion for entry of a default judgment against Mr. Petty, you argued that Mr. Petty and Defendant did not respond to the Amended Complaint by the purported deadline "so that they [could] hide their assets," speculating that "[g]iven the expansive criminal history of Defendant Petty, it is very likely that they could be engaged in such sort of fraud."[17] (Dkt. No. 25, at p. 18).

Even the Amended Complaint is pled with dramatic flair, including allegations that have absolutely no relevance to Defendant or Mr. Petty, such as the allegations recounting the alleged hardships and abuse Plaintiff allegedly endured throughout her life (Dkt. No. 8, at ¶¶ 26, 75-76)[18] and the allegations regarding Plaintiff's failed relationships and "partying, drugs, living in the streets, in and out of shelters [sic]." (*Id.* at ¶¶ 77-78). Similarly, Mr. Blackburn appears to mistakenly believe that he is permitted to take dramatic license with the alleged facts by offering irrelevant commentary and using florid language of his own invention in an apparent attempt to sensationalize the Amended Complaint. For example, the Amended Complaint alleges:

- When Petty's parents allegedly came to Plaintiff's house after Plaintiff accused Mr. Petty of raping her, they engaged in "a clueless delusional rant." (*Id.* at ¶ 64).

- At the hearing on Petty's criminal proceeding, "Plaintiff hid in the stairwell the whole time mentally in shambles." (*Id.* at ¶ 71).

- After Plaintiff's brother purportedly relayed a bribe offer from "two people," Plaintiff was "distraught that Defendant Minaj's [sic] instructed her associates to contact her brother, and her brother would even relay such a message." (*Id.* at ¶ 93).

- Plaintiff allegedly put out a YouTube video in November 2020 "in hopes of creating a digital footprint just in case something was to happen to her." (*Id.* at ¶ 114)

---

[17]    Under Mr. Blackburn's logic, his demonstrated *modus operandi* of quickly settling his cases would support the inference that his goal has been and is to force a quick settlement in this action.

[18]    One of these superfluous allegations further demonstrates your improper purpose because Plaintiff is suing Defendant for alleged non-violent activity but is not suing her uncle after he allegedly raped her. (Dkt. No. 8, at ¶ 76). The only reasonable explanation for this odd choice of defendants is that Plaintiff's uncle apparently is not wealthy.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 13

You have also fixated on Defendant's fame, fortune, and celebrity status, including in filings that pertain only to Mr. Petty and have no relevance to Defendant, further suggesting that Plaintiff's motives in filing this action were to obtain a settlement from Defendant. For example, in Plaintiff's "Reply to Memorandum of Law In Opposition to Defendant Kenneth Petty's Motion for Default Judgment," a motion pertaining only to Mr. Petty, you devoted an entire page to discussing Defendant's wealth and the purported impact of her relationship with Petty on her brand,[19] and quoted at length an article discussing Defendant's 2003 arrest, which has absolutely no relevance to the present litigation (Dkt. No. 34, at p. 6). In Plaintiff's memorandum of law in support of her motion for entry of a default judgment against Mr. Petty—again, a motion pertaining only to Mr. Petty—you summarized: "This case is about whether fame and fortune make one immune to the law." (Dkt. No. 25, at p. 5). Given that Defendant is the only party to this action with "fame and fortune," your focus on fame and fortune in a brief pertaining only to Mr. Petty is telling. The reasonable inference is that Plaintiff's primary target is Defendant and her motive in filing the Amended Complaint and pursuing her claims against Defendant is improper.

In sum, the frivolity of the Amended Complaint, Mr. Blackburn's pursuit of publicity and his push to quickly settle this matter (as is his regular practice), and your continued and repeated efforts to tarnish Defendant's reputation collectively demonstrate that you filed this lawsuit for an improper purpose. Accordingly, sanctions are warranted. *See McCullough v. World Wrestling Entm't, Inc.*, 2016 U.S. Dist. LEXIS 156459, at * 38 (D. Conn. Nov. 10, 2016) ("Baseless claims that are included in a complaint as part of a media campaign to pressure the defendant with negative public relations have been found to evidence bad faith and improper purpose on the part of filing counsel."); *Galonsky v. Williams*, 1997 U.S. Dist. LEXIS 19570, at *18 (S.D.N.Y. Dec. 9, 1997) ("[T]he overall circumstances of this case indicate that Mr. Kraft filed these baseless claims as part of a public relations campaign in order to embarrass the defendants and thereby coerce a settlement. While the Court certainly cannot ordinarily punish a lawyer for talking to the press, it is appropriate to consider the press conference held by counsel in assessing the issue of his good faith in filing frivolous claims and motions.").

## THE MOTION FOR ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT IS FRIVOLOUS

A.    **Plaintiff's Motion for Entry of a Default Judgment Against Defendant is Frivolous.**

Because, for the reasons stated above, the Amended Complaint is frivolous, Plaintiff's efforts to obtain a default judgment against Defendant are also frivolous.

However, even if the Amended Complaint passed muster under Rule 11 (which it plainly does not), your motion seeking a default judgment would still be sanctionable.

**First,** in seeking to demonstrate prejudice, you have done nothing more than merely parrot the legal standard and cite cases which bear no similarity to this case – all the while ignoring cases in which courts have rejected claims of prejudice on far more compelling facts.

---

[19]    This filing further demonstrates that you acted in bad faith because you purposefully sought to leverage what you believed would be Defendant's desire to preserve her "brand" by making false/reckless allegations which you surely knew were entirely superfluous to the case.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 14

*See e.g., King v. Regen Med. Mgmt., LLC*, 2021 U.S. Dist. LEXIS 169150, at *5 (S.D.N.Y. Sept. 7, 2021) (Finding "little, if any, evidence of prejudice" where defendant "promptly made appearances after the Clerk's office issued certificates of default" and filed an answer "[j]ust over a month after default was entered, and only 93 days after King filed her complaint").

**Second**, your claim that Defendant's purported default was willful is also frivolous. Not only has Defendant provided a reasonable explanation for her purported delay (for which she must be given the benefit of the doubt under the case law), our prompt filing of a Notice of Appearance and motion for permission to file a late letter requesting a pre-motion conference precludes a finding of willfulness. *See, e.g.*, *New Falls Corp. v. Soni Holdings, LLC*, 2020 U.S. Dist. LEXIS 83499, at *9-12 (E.D.N.Y. May 8, 2020), *R&R adopted*, 2020 U.S. Dist. LEXIS 93477 (E.D.N.Y. May 28, 2020).

**Third**, the argument that Defendant cannot have any meritorious defenses because she is deemed to have admitted the Amended Complaint's allegations is frivolous and based upon an obvious misstatement of the law. On a Rule 55 motion, in the first instance, the plaintiff is entitled to the same presumptions afforded on a Rule 12(b)(6) motion: the Court must "accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, in contrast to a Rule 12(b)(6) motion, "the Court may consider whether material issues of fact remain . . . ." *Criollo v. Ny Fine Interiors*, 2021 U.S. Dist. LEXIS 64632, at *12 (E.D.N.Y. Mar. 3, 2021).

Your analysis of the governing law is nonsensical in light of the well-established principle that a defendant seeking relief under Rule 55 need only "present some evidence beyond conclusory denials to support his defense" and "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Further, the proffered defense does not need to be "ultimately persuasive" and is deemed meritorious "if it is good at law so as to give the factfinder some determination to make . . . ." *Div. 1181 Amalgamated Transit Union – N.Y. Emps. Pension Fund v. R & C Transit, Inc.*, 321 F.R.D. 60, 63 (E.D.N.Y. 2017) (internal quotation marks omitted). This case law would be meaningless if, as you contend, the mere entry of a default under Rule 55(a) precludes any challenges to a complaint's factual allegations. Your failure to acknowledge this point renders the argument frivolous.

**Fourth**, your argument that Defendant made a "strategic choice to delay the action" to "avoid making disclosures" (Dkt. No. 41, p. 3) is beyond frivolous. We are not sure what you even mean by "disclosures." If you are talking about Rule 26 discovery, your argument makes no sense because you do not get discovery at this stage of a default litigation, whereas you would have been free to ask the Court to allow discovery to go forward while we litigated a Rule 12(b)(6) motion. Further, if Defendant had been seeking to delay the case by not answering or moving against the Amended Complaint within 21 days of its purported service, we would not have contacted you a mere week after the purported deadline for responding to the Amended Complaint, seeking a reasonable extension to answer or move against the Amended Complaint. We also would not have filed an appearance the following day, and then promptly filed a motion seeking leave to file a late letter requesting a pre-motion conference in anticipation of Defendant's motion to dismiss the Amended Complaint. Moreover, as discussed below, any supposed delay is a wound which Plaintiff has suffered at your hands

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 15

because your frivolous pursuit of a default judgment is the sole cause of delay in adjudicating the merits of the Amended Complaint.

**Fifth**, the argument that Defendant delayed to avoid answering the Amended Complaint's allegations is nonsensical because, rather than defaulting, she could have delayed denying or admitting the Amended Complaint's baseless allegations by filing a Rule 12(b)(6) motion.  In all events, this argument is no longer viable because Defendant's December 30, 2021 Declaration does exactly the thing you claim she was seeking to avoid: it responds under oath to the Amended Complaint's frivolous allegations.  (Dkt. No. 43-8, at ¶¶ 4-40).

**B.    You Have Made Inexcusable False Statements to the Court.**

In Plaintiff's memorandum of law in support of her motion for entry of a default judgment, you made the following false assertions: "[Mr. Petty] does not deny being served by Robert Diaz" (Dkt. No. 41, at p. 4), and "[Defendant] makes no attempt to explain why she failed to respond – she merely admits to same [sic] with flagrant disregard for the Federal Rules of Civil Procedure and this Court." (*Id.* at p. 7).  You knew that these assertions were false based on the declarations of Mr. Petty and Defendant filed in this action.  Thus, it was objectively unreasonable for you to assert that Mr. Petty does not deny being served or that Defendant failed to explain the reason why she did not respond to the Amended Complaint by the purported deadline.

In addition, you made outrageously false and likely knowingly false misrepresentations to the Court in the Blackburn December Declaration.  Specifically, paragraphs 14-15 of the Blackburn December Declaration state:

> Before commencing the instant action, I researched property owned by the Defendants and found that, in 2019, Maraj transferred real property in Long Island, New York, to Petty. Located at 967 Middle Bay Drive, Baldwin, NY 11510 [sic].

> Thus, it was reasonable to assume that – at the very least – the parties, as husband and wife, are both domiciled in New York.

This appears to be an attempt to walk back Plaintiff's concession in the Amended Complaint that Defendant and Mr. Petty are domiciled in California.  (Dkt. No. 8, at ¶ 5).  Nevertheless, these representations are frivolous for the following reasons.

**First**, we believe that Mr. Blackburn knowingly and falsely claimed that, based upon property research **prior to the commencement of this action**, he had reasonably assumed that the parties, as husband and wife, are both domiciled in New York because if this were true:

a.    The original Complaint, filed on August 13, 2021, would have alleged that Defendant and her husband were domiciled in New York.  It does not.

b.    Mr. Blackburn would not have written the Court on August 31, 2021 asking for an extension of time to serve the summons and complaint on the grounds that

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 16

Defendant and her husband's "home address is not publicly listed" (Dkt. No. 7).[20]

c.    The Amended Complaint, filed on September 2, 2021, would not have added the allegation that "Defendants are both domiciled in California." (Dkt. No. 8, at ¶ 5).

**Second**, in the unlikely event that, even though both pleadings allege only California residence and domicile, Mr. Blackburn had, prior to filing the original Complaint, undertaken a property search, and relied upon it to reasonably assume that Defendant and Mr. Petty reside in Baldwin, that claim is nonetheless frivolous for the following reasons:

a.    A review of the actual deed – publicly available and easily found on the Nassau County Clerk's Office website – indicates that the 2019 transfer of the Baldwin property by Defendant was to Mr. Petty, as trustee of the Tori Spaulding Trust or to any successor trustees of that trust.  Plainly, that type of transfer does not permit **any** inference that Defendant and her husband are domiciled in New York.

b.    If there had been any doubt about who lives in that house, any public records research site would have revealed that Defendant's mother resides there.

c.    In light of what you have alleged about Defendant's wealth, as well as what you have undoubtedly learned about the size of her home in California, you could not possibly have assumed or believed that Defendant, her husband, and their child reside in Baldwin based upon (i) the image of the house found on a Google Maps search of the address, and (ii) the fact that a search of Nassau County's Land Records shows that the house is only 3,031 square feet located on 0.21 acres.

d.    Had you conducted basic legal research before submitting Mr. Blackburn's Declaration, you also would have learned that a Defendant can only have one place of domicile.  *See Reich v. Lopez*, 858 F.3d 55, 63 (2d. Cir. 2017) ("One may have more than one residence in different parts of this country or the world, **but a person may have only one domicile**.") (Internal quotation marks and citation omitted) (Emphasis added).

Accordingly, sanctions are warranted.  *See Luscier v. Risinger Bros. Transfer*, 2015 U.S. Dist. LEXIS 129640, at *22, 30 (S.D.N.Y. Sept. 17, 2015) (Sanctioning counsel where "[t]here [was] no question that [he] knew that the factual statements he made to the Court were false" under the more stringent "bad faith" standard that applies when a court imposes sanctions *sua sponte*).

---

[20]    In addition to showing that Mr. Blackburn's newly asserted claim about his reasonable assumption concerning domicile is undoubtedly a knowingly false misrepresentation of the facts, this letter demonstrates Mr. Blackburn's astounding lack of diligence.  No lawyer who had taken the one minute needed to pull up Fed. R. Civ. Proc. 4 and review Rule 4(m) would have wasted the Court's time by asking for an extension of time to serve a pleading just 18 days after it had been filed.

Mr. Blackburn, Mr. Gordon, Mr. Snizek and Ms. Faenza
January 9, 2022
Page 17

Finally, as explained above, your accusation in the Blackburn December Declaration that Defendant is a member of the Makk Ballers set of the Bloods gang (Dkt. No. 41-1, at ¶ 16) is frivolous because (i) it is pure speculation without any basis in fact, and (ii) relatedly, you and Plaintiff have no evidence available to rebut Defendant's sworn denial of the allegations. For the same reasons, your accusations that Defendant associates with gang members and is "colleagues" with the "gangster" who allegedly threatened Plaintiff on Twitter (Dkt. No. 41-1, at ¶¶ 16, 18) are similarly frivolous.

**C.      Plaintiff Filed Her Motion for Default Judgment for An Improper Purpose.**

The frivolity of your continuing to pursue a default judgment – "supported" by, *inter alia*, outrageous, false and irrelevant accusations, such as that Defendant "put a hit out" on Plaintiff – also demonstrates you are doing so for an improper purpose because the only inference to be drawn from your conduct is that you are seeking to avoid litigation on the merits because you never intended to do so.

Very truly yours,

Judd Burstein