# EXHIBIT 12

| | |
|---|---|
| **From:** | Judd Burstein |
| **To:** | Tyrone Blackburn |
| **Cc:** | Emily Finestone; Peter B. Schalk; Victor Weberman; Steven Gordon |
| **Subject:** | Hough v. Maraj |
| **Date:** | Wednesday, March 30, 2022 12:35:49 PM |

Tyrone:

By reason of the Court's bundling rule, your reply papers will not be filed until Monday. I therefore want to give you an opportunity to amend your opposition to my motion to remove (a) your accusations against Steven Gordon and (b) the new accusation concerning Nicki's brother and her supposed "reputation of supporting sex offenders." If you want to adjust the motion schedule by a week to delete these portions of your response, I am amenable. If not, I will rely upon your refusal of this offer as an additional ground for sanctions.

Your inflammatory accusations concerning Steven's alleged personal problems and his supposed interactions with your client are entirely irrelevant to the motion and I just do not understand why you would include them for any reason other than for the improper purpose of inflicting some sort of revenge upon him. I do not have any personal knowledge about Steven's interactions with others or the personal problems which you allege. However, even if everything you say is true, it would be morally wrong for you to tar a young lawyer with these kinds of accusations when they are entirely gratuitous. I have been practicing law for more than 40 years, so my reputation will weather your sanctionable "sick obsession" comments about me. But if you force me to file your opposition papers, anyone contemplating hiring Steven in the future as an employee or as an attorney will likely find these accusations when they do a Google search on him. Why would you do this to him when the accusations add nothing to your response to the motion? Indeed, if they are true, that would be **more** of a reason not to include them because doing so would only unnecessarily cause him additional emotional damage. I have no allegiance to or even fondness of Steven. I am just looking at this from a decency perspective.

You should also withdraw the new allegation against Nicki because it is both entirely gratuitous and nonsensical. How is a supposed "reputation" for protecting sex offenders relevant here? Why do you say that she undertook a PR campaign when you have no evidence of anything she did in that regard? Moreover, the fact that someone might pay for her own brother's defense counsel does not show support for sex offenders in general. Using the term "information and belief" is not a license for ugly speculation

Tyrone, there is a difference between expressing an opinion and making factual allegations. Your response's invective about my supposed cretinous and bedwetting, etc., discussion of the case law is an opinion. I think your choice to use that language in a court filing is inappropriate and likely sanctionable, but you are nonetheless only expressing a personal opinion with which the Court can agree or disagree without knowledge of underlying facts. But your comments about Steven and Nicki are entirely different because you are abusing the litigation privilege to make gratuitous **factual** statements which cannot be tested without a full factual inquiry unavailable to them at this time.

Please just take a step back and do the right thing.

Judd Burstein
Judd Burstein, P.C.
260 Madison Avenue
New York, New York 10016
(212) 974-2400 (Main Number)
(917) 687-2981 (Direct)