# JUDD BURSTEIN, P.C.
## ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

———

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS.
  PENNSYLVANIA. AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

April 20, 2022

**VIA ECF**
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Hough v. Maraj and Petty*, Case No. 21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

I write to request an emergency *in camera* conference with the Court in the wake of Plaintiff Jennifer Hough's counsel, Tyrone Blackburn, having informed me that he intends to seek leave to file a sur-reply in further opposition to former Defendant Onika Tanya Maraj ("Ms. Maraj's") and my pending motion for sanctions against him ("Sanctions Motion"). I further ask that Susan Kellman, the attorney for the wife of Mr. Blackburn's former co-counsel, Steven Gordon, be permitted to participate in the conference because Mr. Blackburn inexcusably seeks to harm her client's reputation and reveal purported details of her private life that have no relevance to the Sanctions Motion pending before Your Honor and no place in a sur-reply.

Mr. Blackburn should not be permitted to further pollute the public record with ugly accusations against non-parties which (a) are wholly irrelevant to the pending Sanctions Motion, and (b) could have been included in his answering papers: *i.e.*, supposed additional proof related to Mr. Gordon's purported drug use or whether he has been unfaithful to his wife. Permitting Mr. Blackburn to file a sur-reply will further victimize Ms. Maraj because it will result in another round of media frenzy focused upon salacious allegations that have nothing to do with her or, for that matter, me. But more fundamentally, Mr. Gordon and his wife are two young lawyers whose reputations and private lives should not be further intruded upon for no discernable reason.

Mr. Blackburn's answering papers on the Sanctions Motion falsely claimed that Mr. Gordon and I participated in a conspiracy pursuant to which Mr. Gordon surreptitiously assisted in my defense of Ms. Maraj to the detriment of his client, Plaintiff Jennifer Hough. In my Reply Declaration (Dkt. No. 71) in support of the Sanctions Motion, I made clear that Mr. Blackburn's false conspiracy accusation provided yet another reason for sanctions because he has no facts in his possession which would permit even a rational inference that there was such a conspiracy. In addition, I contended that, regardless of whether his accusations against Mr. Gordon are true, Mr. Blackburn had no good faith basis for including them in his answer to the Sanctions Motion because they were entirely irrelevant and plainly designed to intimidate, harass and humiliate Mr. Gordon. I also made clear in my Reply Declaration that I did not know whether

JUDD BURSTEIN, P.C.

Hon. Eric N. Vitaliano
April 20, 2022
Page 2

Mr. Blackburn's accusations were true. And, whether true or not, they are completely irrelevant to the Sanctions Motion pending before Your Honor. Nonetheless, without vouching for them, I attached Declarations from Mr. Gordon and his wife as exhibits to my Reply Declaration because I believed that it would be unfair to put them in a position where, in a case in which the media pays close attention to every filing, irrelevant but very embarrassing purported details of their personal lives, some of which would be harmful to each of their careers, as young lawyers, would become part of the public record without contradiction.

Now, Mr. Blackburn wants to further tarnish Mr. Gordon, as well as his wife, through a sur-reply which seeks to respond to their Declarations, annexed as Exhibits 2 and 3 to my Reply Declaration (Dkt. Nos. 71-2 and 71-3), by offering purported proof to support the collateral accusations against Mr. Gordon – accusations which should never have been made in the first place. Mr. Blackburn should not be permitted to victimize Mr. and Mrs. Gordon in this manner because the truth of his accusations will not affect the outcome of the Sanctions Motion. Moreover, upon information and belief, some of the "proof" which Mr. Blackburn seeks to offer was procured through a gross breach of ethics which is itself worthy of disciplinary action.

Initially, I was troubled by some of the information provided to me by Mr. Blackburn when he informed me of his plan to seek leave to file a sur-reply, and I had contemplated withdrawing Mr. and Mrs. Gordon's Declarations. In particular, I was concerned that the Declaration from Mrs. Gordon which I had submitted to the Court might not have been genuine. However, Ms. Kellman, who is now representing Mrs. Gordon, has confirmed to me that Mrs. Gordon did indeed sign her Declaration. I have also satisfied myself that other "proof" provided to me by Mr. Blackburn does not demonstrate that Mr. Gordon or Mrs. Gordon's Declarations are untrue in any material respect.

I did not consult Mr. Blackburn prior to sending this letter because I was concerned that he would preemptively file a letter with the Court detailing his inflammatory and unfair attacks upon Mr. Gordon and his wife before I had an opportunity to seek relief from the Court. While I cannot stop him from acting prior to a conference, my hope is that Mr. Blackburn will show some restraint in the short term until we can be heard by the Court.

Respectfully yours,

/s/ Judd Burstein

Judd Burstein

cc:    Tyrone Blackburn, Esq. (via ECF)
       Susan Kellman, Esq. (via email)
       Steven Gordon, Esq. (via email)