

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

April 20, 2022

VIA PACER
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Jennifer Hough v. Onika Tanya Maraj AKA ("Nicki Minaj") and Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC</u>

Dear Judge Vitaliano:

  We represent Plaintiff Jennifer Hough in the above-referenced matter. We respectfully submit this letter in response and in opposition to Defense Counsel Judd Burstein's ("Defense Counsel") letter dated April 20, 2022 ("The Letter"). Defense counsel *sandbagged* Plaintiff by intentionally violating a mutually agreed upon waiting period to circumvent this writer's request to file a sur-reply to Defense counsel's defamatory and perjury riddled declaration response to Plaintiffs Opposition to Defense counsels' motion for Default Judgment.

Your Honors individual rules require the parties to meet and confer regarding pre-motion scheduling. This writer complied with Your Honors individual rules when we reached out to Defense counsel via email on April 18, 2022. (**Exhibit A**). Defense counsel requested a 24-hour waiting period before this writer filed his letter with the Court to request a scheduling order for the sur-reply. (**Exhibit B**). This writer obliged. Shortly after, the Defense counsel requested additional information and requested that this writer hold off filing his letter until April 21, 2022. (**Exhibit C**). This writer was patient and corporative with Defense counsel and gave him whatever time he needed before filing the sur-reply letter with the Court. The Court should **<u>NOT</u>** award Defense counsels' act of deceptive railroading by granting his request for an emergency motion in-camera hearing.

The purpose for Plaintiff's request to leave to file a sur-reply is predicated in part on the Declaration by Steven Gordon ("Gordon") (**Exhibit D**) and Ciardone Franklin, aka "Mrs. Gordon" ("Franklin") (**Exhibit E**). On April 11, 2022, this writer sent an email to Gordon providing him





until April 18, 2022, to withdraw and or amend the demonstrably false declaration he provided to Defense counsel on behalf of himself and Franklin. (**Exhibit F**). Gordon ignored my request. On April 11, 2022, this writer sent a text message to Franklin inquiring about the declaration Gordon provided to Defense counsel purportedly on Franklin's behalf. (**Exhibit G**). This writer also provided Franklin an opportunity to correct the record since several aspects of her declaration were demonstrably false, and for the simple reason that before the date of the "Mrs. Gordon Declaration," she sent this writer a text message informing me that she had been crying all day because Gordon had threatened to use the "Tyrone Blackburn Declaration" against her in their divorce to get money out of her. (**Exhibit H**).

Gordon and Franklin are both licensed attorneys. The fact that they would sign two declarations that are demonstrably false pursuant to 28 U.S.C. §1746 is sanctionable at best and perjury at worst. It comes as no surprise that Gordon would intentionally lie to this Court. However, it is surprising that Franklin would willingly follow his lead and do the same. In the face of Gordon's documented impersonation of Franklin[1], and the fact that he purportedly threatened to get money out of her in their divorce, it is highly likely Franklin's "Mrs. Gordon Declaration" was written and submitted by Franklin while she was under duress.

**<u>Defense Counsel Introduces New Arguments In his Reply Brief</u>**:

Arguments raised for the first time in reply are not to be considered. The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of or new grounds for the motion. Bransten v. State of N.Y., 2013 NY Slip Op 23175, ¶ 1, 40 Misc. 3d 512, 513, 969 N.Y.S.2d 402, 404 (Sup. Ct.).

Throughout the entirety of his reply brief, the Defense counsel cited several "New Grounds" for the Court to impose sanctions against this writer, which were not first introduced in his motion. If given an opportunity, this writer will detail and oppose all new arguments in his sur-reply.

One of the new arguments for sanctions raised by the Defense counsel was that this writer referenced Gordon's drug addiction as part of his opposition to the defense counsels' motion for sanctions. Gordon's inexplicable breach of ethics and possible malpractice has left this writer, as well as Plaintiff Hough, dumbfounded and in search of answers as to how a LICENSED attorney could be so ethically flawed, reckless, and unbothered by his duty and obligation to turn over all records to Plaintiff concerning his collusion with opposing counsel.

Out of sheer frustration, this writer asked Franklin to help him figure out what Gordon disclosed to the Defense counsel since Gordon refuses to comply with his ethical obligation to turn over all

---

[1] Gordon impersonated Franklin when he published the Youtube post, which is the basis for the "Your Wife" email sent by Defense Counsel. Gordon sent this writer text messages admitting to impersonating Franklin and being the author of the YouTube post.

 347-342-7432   tblackburn@tablackburnlaw.com    TABlackburnlaw.com



records concerning his collusion with the Defense counsel. Franklin requested to have dinner with this writer so she could inform me in person of what Gordon was putting her through.

On March 10, 2022, this writer and Franklin attended dinner in Long Island City. During that dinner, Franklin was apologetic to this writer due to Gordon's decision to collude with Defense counsel to harm Plaintiff Hough; Gordon's failure to provide Plaintiff Hough with the copies of all emails, text messages and details of phone conversations Gordon had with Defense counsel behind Plaintiff Hough's back, as well as the severe emotional distress Plaintiff Hough has experienced as a result of Gordon disclosing privileged information to Instagram bloggers, Youtube bloggers, and presumably Defense Counsel.

During the dinner, Franklin provided this writer with unsolicited details concerning Gordon's history of drug addiction and how his addiction led him to make questionable decisions throughout their marriage. Franklin provided this writer with unsolicited details of the type of drugs Gordon is addicted to and the location where he often traveled to retrieve his drugs. Franklin provided this writer with countless unsolicited examples of Gordon's drug-induced erratic behavior and the harm it caused Franklin, his friends, and his family[2].

At the end of the conversation, it was abundantly clear that Gordon's unethical and erratic behavior in this case was possibly a direct result of something more than an intentional violation of his duty and obligation as counsel to Plaintiff Hough.

**Conclusion**:

In the end, this writer was provided with a tangible explanation as to why Gordon violated Plaintiff's Attorney-client privilege and colluded with Defense counsel to harm Plaintiff. The referencing of Gordon's drug addiction in Tyrone Blackburn's Declaration was done to provide the Court with an explanation for Gordon's unethical breach, and to answer Defense Counsels claims concerning the "Your Wife" email. To date Gordon has NOT provided Plaintiff with the details of his secret conversations with Defense Counsel. To date Gordon has NOT provided Plaintiff with the details of the privileged information he provided to Instagram followers and YouTube bloggers.

This writer does not have the words to describe the impact that Gordon's actions has had on Plaintiff. Gordon's actions have caused Plaintiff to suffer from severe emotional distress, and he has left this writer with the task of repairing the damage Gordon has caused. Plaintiff placed her trust in Gordon in hopes of him representing her best interest, but instead, he colluded behind her back and disclosed privileged information to bloggers, Instagram users, and presumably Defense counsel.

---

[2] For this letter I will not provide the Court with the graphic details of the two-hour-long dinner conversation I had with Franklin.

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com

# T. A. Blackburn Law

We ask the Court to deny the Defense counsel's *sandbag* letter request for an emergency in camera hearing and set a briefing schedule for this writer to submit a sur-reply to the Defense counsel reply brief to this writer's opposition to the Defense counsels' motion for sanctions.

                                      Respectfully Submitted,

                                      *Tyrone A. Blackburn, Esq.*
                                      Tyrone A. Blackburn, Esq.

CC: All attorneys of record, via ECF.

347-342-7432　　tblackburn@tablackburnlaw.com　　TABlackburnlaw.com