# EXHIBIT # D

Case 1:21-cv-04568-ENV-JRC   Document 73-4   Filed 04/20/22   Page 1 of 7 PageID #: 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer Hough,<br><br>        Plaintiff,<br><br> -against-<br><br><br>Onika Tanya Maraj, AKA ("Nicki Minaj")<br>an individual,<br>Kenneth Petty, AKA ("Zoo"),<br>an individual<br>        Defendants. | **Declaration of Steven N. Gordon**<br><br>Civil Action No. 21-cv-4568 |

I, **Steven N. Gordon**, hereby declare pursuant to 28 U.S.C. §1746 the following:

  1.  I am an attorney admitted to the Bar of this Court. I am associated with Tsyngauz & Associates, P.C., and formerly, together with Tyrone A. Blackburn ("Blackburn"), represented Plaintiff Jennifer Hough ("Plaintiff") in this matter.

  2.  I submit this Declaration in Response to inflammatory, irrelevant and malicious allegations made by Blackburn in his Declaration in Opposition (the "Blackburn Declaration") to Former Defendant Onika Tanya Maraj's ("Maraj") Motion for Sanctions against Blackburn pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power (*See* ECF 62 Briefing Schedule for such Motion) (the "Motion for Sanctions").

  3.  I have personal knowledge of all facts stated herein.

  4.  On March 29, 2022, Counsel for Maraj, Mr. Judd Burstein ("Burstein"), was kind enough to make me aware that, on April 4, 2022, the Motion for Sanctions would be submitted via ECF and would include the Blackburn Declaration which contains approximately four pages of

harrowing, slanderous, false and misleading personal allegations about me that are entirely irrelevant to the Motion for Sanctions.[1]

5. As supported by the Declaration of my Wife, Mrs. Gordon ("Mrs. Gordon's Declaration"), Mr. Blackburn is baselessly attempting to smear my character and career by accusing me of being addicted to drugs, and that I allowed such to affect my representation of Ms. Hough from when it began, on October 18, 2021, to its termination, on January 27, 2022. But while refuting such allegations, I do not want to speak ill of those suffering from the disease of addiction. I have unfortunately lost a few friends – including, my best childhood friend – from drug addiction, and those suffering from such affliction should not have it be used as a personal weapon to injure someone's reputation and career. In fact, I fear Mr. Blackburn's statements in a matter this high-profile will be a deterrent to those who may be afraid to ask for help, especially our fellow Counselors in the legal field.

6. I am extremely appalled, as is my wife, by Mr. Blackburn's footnote which states: "respecting the wishes of Mrs. Gordon, for the purpose of this declaration I will refrain from detailing the specific substances and drugs that Mr. Gordon is addicted to[]." Clearly, Mr. Blackburn is attempting to insinuate that my wife was complicit in the drafting of his Declaration and the lies therein.

7. Incredibly, Mr. Blackburn is dishonest in even his least disparaging statements. Upon learning that Mr. Burstein was representing Maraj, Mr. Blackburn contacted my wife for my phone number because I am one of Burstein's former employees. Mr. Blackburn **asked me** to join

---

[1] Please note that upon the bundled filing of the Motion for Sanctions, I will be seeking the Court's permission to intervene in this matter to move for sanctions against Mr. Blackburn for slandering me, making false accusations with subjective bad faith, to unreasonably and vexatiously multiplying proceedings, and perpetrating fraud upon the Court to maliciously hurt me. **Mr. Blackburn's Declaration is an absolute abuse of the litigation privilege if the Court is willing to stretch it that far.**

him as co-counsel in this matter. I only agreed to join because of a life-long desire of assisting victims such as Plaintiff.

8. Unsurprisingly, because such is false, Mr. Blackburn does not provide any records to support that I was engaging in erratic behavior and incessantly calling Plaintiff, Monday through Sunday, and "crying complaining about the harassing messages [I] was receiving from Maraj's fans." I only called or messaged Ms. Hough when there were updates concerning the case and when I feared that she would be impacted by recent negative media stories.

9. Plaintiff and I spoke about many personal things and built an attorney-client rapport whereby I did not pretend to be a perfect person or greater than Plaintiff because of my status as an attorney. But to say that I shared "graphic details of … acts of adultery" is completely misleading, and an unwarranted and disgraceful attempt to hurt me publicly, and stain my character and reputation both as married man and in my personal life. My wife and I are horrified that Mr. Blackburn is attempting to paint a fictional image of our marriage to the public for no valid purpose. Indeed, the only possible purpose is that Mr. Blackburn is attempting to distract the public from the allegations in the Motion for Sanctions.

10. Equally appalling, Mr. Blackburn is attempting to make a narrative out of something that I told him has been a struggle of mine – self-confidence.[2] Many others deal with self-confidence issues and, like me, do not allow it to affect their work. In fact, I believe it makes me work harder. Contrary to Mr. Blackburn's convictions, it does not make me or anyone similar, **weak**.

11. Before it is necessary for me to seek the Court's permission to subpoena Plaintiff's mental health counselor, I hope that Plaintiff will come forward with the real reason why she

---

[2] Please note that I intend to file a Motion to Intervene to file sanctions against Mr. Blackburn, where I will produce the email evidence of Mr. Blackburn previously shamed me upon disclosing a personal struggle.

needed to miss certain counseling sessions. I hope she also comes forward with who worked tirelessly – and on his own time – to find her that very counselor because he was genuinely concerned for her well-being and mental health.

12. As already stated, I never engaged in any erratic behavior so there was none that was ever confronted. Frankly, I do not understand Mr. Blackburn's confusing statement that "Gordon confirmed Plaintiff Hough's concerns when he attempted to shift the blame of his infidelity to his estranged wife." It is conclusory and lacks any factual basis.

13. The truth is that I had disagreements with the way in which Mr. Blackburn was handling this matter, and made a recommendation to Plaintiff which I thought was in her best interest.

14. Plaintiff apparently misunderstood some of what I stated. Since then, Mr. Blackburn and Plaintiff terminated me as co-counsel. This also led to Mr. Blackburn's current tirade of revenge to damage my reputation, character, and life.

15. Mr. Blackburn's accusation that I engaged in several secretive conversations with opposing counsel is completely in bad faith. In November 2021, Burstein emailed me concerning a personal medical issue of mine and at the end of the email requested that Mr. Blackburn and I abandon the effort to seek a default judgment against Maraj in exchange for Burstein not seeking sanctions against us. **While counsel for Plaintiff, this was the only written communication that I had with Burstein outside of Blackburn's presence**. I did, however, share the full email with other co-counsel at that time on this case, Mr. Michael Snizek, whom I trusted to keep my personal medical information confidential.

16. I immediately spoke with Mr. Blackburn by phone and advised that Burstein stated that he will not move for sanctions if we abandoned the default judgment effort against Maraj. As

is consistent throughout the record, Mr. Blackburn was steadfast in declining Burstein and Maraj's request to file a late Answer to the Amended Complaint.

17. The Blackburn Declaration supports my rationale for not forwarding to Blackburn the entire November 2021 email correspondence between Burstein and I. He regularly and shamefully attempts to use personal information – or purported personal information – to disparage, insult, harass and intimidate others. I will be seeking to the Court's permission to intervene in this matter to move to strike the Blackburn Declaration and for sanctions against him.[3]

18. Mr. Blackburn also ridiculously alleges that, in November 202,1 I impersonated my wife, Mrs. Gordon and posted a comment to a YouTube video are that I revealed that I posted a comment to a YouTube video under my wife's name. In her Declaration, Mrs. Gordon utterly refutes the veracity of such statement.

19. Other than not sharing the full contents of the November 2021 email correspondence with Burstein, while I was co-counsel on this case, the few, if any, other communications had with Mr. Burstein outside of Mr. Blackburn's and Plaintiff's presence were by phone, did not involve any settlement offers, and involved litigation procedure such as briefing schedules. I did not have any conversations with Burstein outside of Blackburn and/or Plaintiff's knowledge until I had been terminated as co-counsel on January 27, 2022.

20. However, even after I was terminated as co-counsel, I offered to assist Blackburn and Plaintiff in opposing a motion for sanctions which I was – at that time – also made a party thereto. Instead of accepting my assistance, Blackburn chose to insult me for an entire day via email and swearing that he was going to reveal alleged personal information about me at the withdrawal hearing that was scheduled for January 31, 2022 (the "Withdrawal Hearing").

---

[3] Please note that I will seek to file under seal the November 2021 email correspondence between Burstein and I.

21. Accordingly, as is my right in defending solely myself, I secured settlement with Burstein to not be made a party to the Motion for Sanctions. Blackburn apparently believes that he is entitled to these communications, but states no basis under the law to compel them.

22. My settlement consisted of sending one email dated January 28, 2022, where I simply told the truth. I never told Blackburn to use the vocabulary that he used in his letter in which he accused Burstein of cyberstalking, etc. I never declined that my wife posted the subject comment on YouTube.

23. Now, months after Blackburn did not get the opportunity to seek his "revenge" on me in the Withdrawal Hearing, he apparently hopes that his bad faith, slanderous, and fraudulent accusations about me in his Declaration will be salacious enough for the media run with a story that will follow my career forever.

24. Since learning of the Blackburn Declaration, I have been struggling to sleep, eat and generally enjoy life. I know the work and effort that I put in to become an attorney. Being sworn into the Bar as one of the happiest days of my life. I take my job very serious and always remain conscious of my ethical boundaries.

25. I cannot fathom how one could seek to hurt someone's career for one's own personal gain. This is a harrowing experience that will likely stick with me forever.

**I declare under penalty of perjury that the preceding is true and correct.**

Executed on April 8, 2022

*Steven N. Gordon*
Steven N. Gordon