LAW OFFICES OF
# STEVEN D. ISSER
305 Broadway, 7th Floor
New York, New York 10007
(212) 812-5096
sisser@isserlaw.com

July 8. 2022

**BY ECF**
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:  *Hough v. Maraj, et al.,* 21-civ-04568 (EDNY)

Dear Judge Vitaliano:

  This firm represents Defendant Kenneth Petty ("Defendant") in the above-referenced matter. I write pursuant Rule III(A) of the Court's Individual Motion Practice and Rules to respectfully request a pre-motion conference in advance of a motion by Defendant Petty to dismiss the First Amended Complaint filed by Plaintiff Jennifer Hough ("Plaintiff"), pursuant to Fed. R. Civ. P 12(b)(5) for insufficient service of process. As there is a page limit concerning this letter, this letter will only summarize certain of the facts and arguments which would be made in support of Defendant's motion.

  In the Affidavit of Service previously filed with the Court, Plaintiff's process server claimed to have "personally served" the summons on Defendant. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit ("Ex.") 1. Yet, Plaintiff has admitted that the Affidavit of Service is inaccurate. In the Declaration of Robert Diaz, sworn to on November 8, 2021 ("Diaz Declaration"), previously filed by Plaintiff in opposition to Defendant's motion to vacate the Certificate of Default, Plaintiff's process server testified that on his *second* attempt to serve Defendant, made the same day as the first attempt, he "left them [the documents] outside the front of the door" at Defendant's California residence. Ex. 2. at ¶¶ 3, 7 and 11. A true and correct copy of the Diaz Declaration is attached hereto as Ex. 2.

  Based on these facts, this is not "personal service" or effective service. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff has the burden of demonstrating proper service under federal law, California law (the site of purported service) or New York law (the venue of this action). Plaintiff, however, cannot demonstrate proper service under any relevant law because proper service was not effectuated.

**Defendant Was Not Properly Served Under Federal Law**

  Pursuant to Rule (4)(e)(2)(a) of the Federal Rules of Civil Procedure, to effectuate personal service by leaving the summons and complaint on a defendant's doorstep under federal

Hon. Eric N. Vitaliano  July 8, 2022
Page 2 of 3

law, there first must have been several attempts to serve the defendant, demonstrating the defendant's intent to evade service, and immediate proximity between the process server and the defendant, neither of which occurred here. *See e.g., American Guarantee & Liability Ins. Co. v. Irvine Auto Towing Inc.,* 2021 WL 4459668, at *2 (N.D. Cal. March 26, 2021).

Cases in which service was proper when the process server left the papers outside of a defendant's door, as was done hers, require many more attempts at service than the one previous attempt made here, as well as verbal proximity between the process server and the defendant, which is completely absent here. *See e.g., American Guarantee & Liability Ins. Co.,* 2021 WL 4459668, at *2 (almost 20 prior attempts at service, at three different addresses, and the process sever saw the defendant driving a car, and yelled to the defendant, "I have court paperwork for you," but "the defendant continued driving into the tow lot without stopping and a man closed the gate behind him" and after the defendant got out of his car, the process server yelled to him, "Andi you are served and I'm dropping the court paperwork inside the gate."); *Trend Micro Inc. v. RPost Holdings,* 2014 WL 1365491, at *5 (N.D. Cal. April 7, 2014) (process server made five prior attempts to serve the defendant at his home, and on the sixth attempt "had a brief conversation" with the defendant, during which the defendant "lied about his identity and closed the door" so the papers were left on the front doorstep.); *Berdux v. Project Time & Cost, Inc.,* 669 F. Supp.2d 1094 (N.D.N.Y. 2009) (three separate attempts at service before leaving the papers with the defendant's wife, who the process server spoke with).

The facts in the instant case are far different than the facts in the above-discussed cases. Here, the process server left the papers outside of Defendant's house on his second attempt to serve Defendant, fifteen minutes after his first attempt (which is not a "good faith effort at substantial compliance"), never spoke to Defendant or was in close proximity to Defendant and claims only to have seen Defendant inside the house. Ex. 2. at ¶¶ 4 and 11. This does not satisfy the requirement of Rule 4(e)(2). Indeed, in the prior briefing in which Plaintiff sought a default judgment, Plaintiff did not cite any case in which leaving the summons and complaint outside of a defendant's house on only the second attempt at service, without any proximity to defendant, constituted proper service pursuant to Rule 4(e)(2)(a).

### **Defendant Was Not Properly Served Under California Law**

Pursuant to Rule 4(e)(1) of the Federal Rules, service can be effectuated pursuant to the laws of the state where service is made. Fed. R. Civ. P 4(e)(1). Plaintiff, however, failed to serve Defendant pursuant to California law, where the purported service was attempted. Pursuant to California law, "the method described as 'personal service' means service that is accomplished 'by personal delivery of a copy of the summons and of the complaint to the person to be served.' (§ 415.10.) If the complaint and summons were personally delivered to, **i.e., handed to, defendant** then he could be said to have been 'personally served.'" *American Express Centurion Bank v. Zara,* 199 Cal.App.4th 383, 389 (6th Dist. 2011) (emphasis added). *See also Karnazes v. Hartford,* 2013 WL 4080950, *2 (Cal. Ct. of App. 1st District August 9, 2013). There is no dispute that the Summons was not handed to Defendant.

Having failed to effectuate personal service, Plaintiff must demonstrate service was properly made pursuant to Section 415.20 of the California Code of Civil Procedure ("California

Hon. Eric N. Vitaliano                                                                                    July 8, 2022
                                                                                                           Page 3 of 3

Code"), known as "substitute service." Indeed, Section 415.20 of the California Code expressly addresses the requirements of serving a defendant by leaving the summons and complaint on the defendant's doorstep, as was done here. To effectuate substitute service under Section 415.20 of the California Code, the summons and complaint must also be mailed to a defendant at the place where they were left for the defendant. C.C.P. § 415.20(b). Here, service is defective because there is no dispute that the Summons and Amended Complaint were not mailed to Defendant. *See e.g., Karnazes v. Hartford,* 2013 WL 4080950.

Further, Plaintiff's claimed method of service is defective under California law for the additional reason that before substitute service may be used, a plaintiff must have used reasonable diligence to try to personally serve the defendant. C.C.P. § 415.20(b). As held in *American Express Centurion Bank,* "an individual may be served by substitute service only after a good faith effort at personal service has first been made: **the burden is on the plaintiff to show that the summons and complaint 'cannot with reasonable diligence be personally delivered' to the individual defendant**." *American Express Centurion Bank,* 199 Cal.App.4th at 389 (emphasis added). "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *American Express Centurion Bank,* 199 Cal.App.4th at 389. *See also Karnazes,* 2013WL 4080950, at *2 (same). As Plaintiff's process server left the papers on Defendant's doorstep the second time he tried to serve Defendant personally (fifteen minutes after the first attempt), he failed to exercise reasonable diligence as he did not make two or three attempts to personally serve before resorting to substitute service. Ex. 2 at ¶9. He made only one attempt and then attempted substitute service on the second attempt.

**<u>Defendant Was Not Properly Served Under New York Law</u>**

Plaintiff also failed to effectuate service under New York law. For the same reasons as discussed above, Defendant was not personally served under New York, pursuant to Sections 308(1) and/or 313 of the New York Civil Practice Law and Rules ("CPLR"). Leaving papers on a doorstep is not personal service pursuant to Section 308(1). Nor was substitute service properly made pursuant to Section 308(4) of the CPLR, which requires the process server to: 1) demonstrate that personal service could not be made with due diligence; 2) to affix the summons to the door; and 3) to mail the summons to the defendant. CPLR § 308(4). As Plaintiff's process server did not demonstrate due diligence (only two attempts fifteen minutes apart), did not "affix" the summons to the door (he left it in front of the door) and/or did not mail the summons and Complaint to Defendant, service was not effectuated for any one of these reasons.

For any and all of the reasons discussed above, Defendant was not properly served, warranting dismissal of the First Amended Complaint. Thank you for your attention to this matter.

                                                                        Respectfully submitted,

                                                                        *[signature]*

                                                                        Steven D. Isser

CC:    All counsel *via* ECF