

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

July 15, 2022

VIA PACER
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>**Re: Hough v. Maraj et al., 21-cv-04568-ENV-JRC**</u>

Dear Judge Vitaliano,

      We are counsel to Plaintiff Jennifer Hough ("Ms. Hough") in the above-referenced matter. I am writing in response to **THREE** time convicted **FELON**, Defendant Kenneth Petty's ("Petty") letter dated July 8, 2022 ("the letter"). Ms. Hough respectfully requests the Court to deny Petty's request to file a motion to dismiss according to Fed. R. Civ. P 12(b)(5) for insufficient service of process. A simple review of the Court's docket that addresses this issue reveals that Mr. Petty was served correctly under California law and Rule 4 of the Federal Rules of Civil Procedure. This procedural move by Mr. Petty is a Hail Mary attempt at escaping civil liability for raping Ms. Hough in 1994.

      In the Diaz Declaration cited by Defendants in the letter, the process server, Robert Diaz, ("Mr. Diaz,") clearly lays out the steps he took to execute personal service of the summons and complaint on Petty according to California and Federal Law. Mr. Diaz is a certified registered process server with over ten years of experience in California.

**<u>Defendant Was Properly Served Under Federal Law</u>**:
      Rule 4 of the Federal Rules of Civil Procedure's requirements for service of process. Mtn. to Dismiss 5. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4." <u>Travelers Cas. & Sur. Co. of Am. v. Brenneke</u>, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). <u>Trend Micro Inc. v. RPost Holdings, Inc.</u>, No. 13-cv-05227-WHO, 2014 U.S. Dist. LEXIS 47946, at *15-16 (N.D. Cal. Apr. 7, 2014).

      Rule 4(e)(2) establishes that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2). Service may be proper where a plaintiff makes a good faith effort at substantial compliance with Rule 4(e)(2) "result[ing] in the placement of the summons and complaint within the defendant's immediate




347-342-7432  tblackburn@tablackburnlaw.com  TABlackburnlaw.com



proximity and further compliance . . . is only prevented by the defendant's knowing and intentional actions to evade service." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1136 (9th Cir. 2009). A defendant bears the burden of proving that service did not occur where he had actual notice of proceedings but failed to act until after entry of default judgment and then moves to vacate based on improper service of process. S.E.C. v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1165 (9th Cir. 2007). Am. Guarantee & Liab. Ins. Co. v. Irvine Auto Towing, No. 20-cv-00264-JSW, 2021 U.S. Dist. LEXIS 193460, at *6 (N.D. Cal. Mar. 26, 2021).

Here, Mr. Diaz declared under penalty of perjury that he: 1. Approached Petty's door (located at 2348 Park Colombo, Calabasas, CA 91302). 2. After he knocked on the door, he saw Petty looking at him through the window. 3. He confirmed it was petty by matching his face and stature with the photo he was provided of Petty by Plaintiff. 4. Petty refused to open the door. 5. Mr. Diaz announced himself and informed Petty that he had been served. 6. Mr. Diaz showed Petty two documents and left them outside the front door.

Courts have found service attempts under similar circumstances to be sufficient to comply with Rule 4(e). See Travelers, 551 F.3d at 1134, 1137 (holding service was proper where, after four prior service attempts, the process server saw the Defendant watching him from a window and left the documents on the doorstep after loudly stating that the Defendant had been served); Trend Micro Inc. v. RPost Holdings, Inc., No. 13-CV-05227-WHO, 2014 U.S. Dist. LEXIS 47946, 2014 WL 1365491, at *6 (N.D. Cal. Apr. 7, 2014). Am. Guarantee & Liab. Ins. Co. v. Irvine Auto Towing, No. 20-cv-00264-JSW, 2021 U.S. Dist. LEXIS 193460, at *8 (N.D. Cal. Mar. 26, 2021).

Here, the service of process was executed under Rule 4 of the Federal Rules of Civil Procedure.

**Defendant Was Properly Served Under California Law**:

As assessed above under Rule 4 of the Federal Rules of Civil Procedure, service of process was executed correctly under California law. California's Code of Civil Procedure section 415.10 et seq. prescribes four basic methods: 1) Personal delivery to Defendant; 2) Delivery to someone else at the Defendant's usual residence or place of business; 3) Service by mail coupled with an acknowledgment of receipt; 4) Service by publication. Delivering copies of the summons and complaint to Defendant personally constitutes "personal service" of summons. (Code Civ. Proc. § 415.10.). If the process server identifies themself and tells the reluctant Defendant that he or she is being served with process and leaves the papers as close as possible to Defendant, service is valid notwithstanding Defendant's refusal to accept. (Trujillo v. Trujillo (1945) 71 Cal.App.2d 257, 260.) 2022 Cal. Super. LEXIS 36021.

As pointed out in the opposition, case law recognizes the sufficiency of attempted delivery where a defendant refuses to accept a paper; service cannot be avoided by denying service and moving away without consenting to actually take the document in hand. In re Ball (1934) 2 Cal.App.2d 578, 579 (process server came within 12 feet of the petitioner, said, "I have here another one of those things for you," tossed paper toward petitioner and added "now you are served."); See also Khourie, Crew & Jaeger v. Sabek (1990) 220 Cal.App.3d 1009, 1013 (finding good service where the Defendant refused to open the door and process server dropped papers after identifying who the person was). 2021 Cal. Super. LEXIS 125169.



T. A. Blackburn Law

The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at physical service on a responsible person, plus actual notification of the action by mailing the summons and complaint to the appropriate party.  It is established that a defendant will not be permitted to defeat service by rendering physical service impossible.  In In re Ball (1934) 2 Cal.App.2d 578 [38 P.2d 411], it was held that effective service was made when the process server informed the Defendant that he had "'another one of those things for you,'" and when the Defendant moved away, threw the summons and complaint so that it fell a few feet away from the Defendant.  "We take it that when men are within easy speaking distance of each other and facts occur that would convince a reasonable man that personal service of a legal document is being attempted, service cannot be avoided by denying service and moving away without consenting to take the document in hand." (Id. at p. 579.).  Khourie v. Sabek, 220 Cal. App. 3d 1009, 1013-14, 269 Cal. Rptr. 687, 689 (1990).

Here, as stated above, Mr. Diaz declared under penalty of perjury that he approached Petty's door, he saw Petty looking at him through the window, confirmed it was petty by matching him with the photo he was provided of Petty, announced himself, informed Petty that he had been served, showed Petty two documents and left them outside the front door.

Here, the service of process was executed under the California Code of Civil Procedure.

**Defendant Properly Served Under New York Law**:

As was the case under California and Federal Law, Defendant was served correctly according to New York States substitute service.  In Chernick v Rodriguez (2 Misc 2d 891), the process server identified himself to the Defendant who refused to open the door.  The process server then left the summons and complaint in the vestibule, where Defendant retrieved them.  Again, service was held valid. Bossuk v. Steinberg, 88 A.D.2d 358, 363, 453 N.Y.S.2d 687, 690 (App. Div. 1982).

**Conclusion**:

For all reasons discussed above, Defendant was properly served according to Federal, California, and New York Law.  The Court should deny the Defendants' weak attempt at delaying the inevitable.  The Defendant knows he cannot defend savagely raping Plaintiff in 1994.  The Defendant knows he will LOSE!

The Court should deny Defendant's request and allow the parties to proceed to a scheduling conference and discovery.  If the Court feels compelled to hear Defendants' baseless motion, Plaintiff requests oral argument instead of briefing this motion since this matter has been thoroughly briefed in Plaintiff's Motion for Default Judgment.

Respectfully Submitted,


Tyrone A. Blackburn, Esq.

347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com