# JUDD BURSTEIN, P.C.
## ATTORNEYS AT LAW

JUDD BURSTEIN*
JBURSTEIN@BURLAW.COM

PETER B. SCHALK**
PSCHALK@BURLAW.COM

EMILY C. FINESTONE***
EFINESTONE@BURLAW.COM

*ALSO ADMITTED IN CONNECTICUT
**ALSO ADMITTED IN NEW JERSEY
***ALSO ADMITTED IN MASSACHUSETTS,
   PENNSYLVANIA, AND VIRGINIA

260 MADISON AVENUE
15TH FLOOR
NEW YORK, NEW YORK 10016
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

12 OLD HILL FARMS ROAD
WESTPORT, CONNECTICUT 06880

August 8, 2022

**VIA ECF**
Magistrate Judge James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Hough v. Maraj and Petty*, Case No. 21-cv-04568-ENV-JRC

Dear Magistrate Judge Cho:

    I write to respectfully request that Your Honor schedule a prompt oral argument on Ms. Maraj's and my motion for sanctions[1] because Mr. Blackburn remains unchastened and has continued his outrageous and false assault upon my ethics in a July 7, 2022 complaint against his former co-counsel in the case styled *Hough v. Gordon et al.*, No. 22-cv-03978-WFK-VMS (E.D.N.Y.). (Exhibit A hereto) Since I do not have standing in the *Hough v. Gordon* case to object to the allegations made about my conduct or seek sanctions against Mr. Blackburn and Ms. Hough, my only forum for setting the record straight is the pending motion for sanctions in this action before Your Honor.

    I note that I had decided to remain silent about Mr. Blackburn's new complaint because I did not want to provide a vehicle for the allegations about me to be repeated. However, in light of a media article published on August 5, 2022 (Exhibit B hereto), entitled "Nicki Minaj's Husband's Accuser Sues Ex-Lawyer Accusing Him Of

---

[1] I am aware that Your Honor has scheduled an August 24, 2022 conference in Ms. Hough's ongoing case against Mr. Petty. I ask that oral argument not be scheduled at that same time because I am required to appear that day at 10:00 a.m. in the Queens County Surrogate's Court. I also ask for Your Honor's indulgence in not scheduling argument on August 13-18, 2022, when I will be on vacation, or on August 25 and 26, 2022, when I have depositions scheduled in another case.

Having 'Secretive Conversations' With Rapper's Team," I have been forced to seek to pursue Ms. Maraj's and my sanctions motion on a more expedited basis.

Mr. Blackburn's new complaint continues to falsely allege that I engaged in a very serious ethical violation while representing Ms. Maraj:

> Gordon's actions include … having secret conversations with opposing counsel….
>
> * * *
>
> According to Judd Burstein's ("opposing counsel") January 26, 2022, proposed sanction motion, opposing counsel and Gordon had several secretive conversations where opposing counsel provided Gordon with offers never disclosed to Mr. Blackburn or Plaintiff.
>
> Opposing counsel wrote in the relevant part:
>
> "Mr. Burstein privately implores Mr. Gordon to convince Mr. Blackburn to abandon the effort to secure a Default Judgment against Ms. Maraj and offers not to seek any sanctions if they do so."
>
> * * *
>
> As mentioned above, Plaintiff and Mr. Blackburn were unaware that Gordon had ongoing secret conversations with the opposing counsel concerning Plaintiff and Mr. Blackburn.
>
> Upon information and belief, **Gordon disclosed privileged information to the opposing counsel to selflessly (*sic*) secure a deal with the opposing counsel to avoid a sanctions motion**.

(Exhibit A hereto, at ¶¶ 19, 25-26, and 31-32) (Emphasis supplied)

This is not just an allegation against Mr. Gordon; it is a false allegation of unethical conduct against me which, if true (which it isn't), would likely give rise to disbarment or, at best, suspension. In a July 7, 2022 email which I sent to Mr. Blackburn (redacted to remove extraneous matters) after reading the *Hough v. Gordon* complaint, I explained why his allegations were objectionable:

> I am not happy about the allegation in your new complaint against Steven [Gordon] that he communicated confidential information to me because, regardless of what you believe, it is not true. I assume that you believe that you are only making the accusation against him, but it is also an allegation against me because if he had communicated confidential information to me, I would have had an ethical duty to report him and I would have done so.

(Exhibit C hereto)

With one exception,[2] I am not in a position to comment on the truth of the remaining allegations in the complaint against Mr. Gordon or whether Mr. Blackburn has a good faith basis for making them. But Mr. Blackburn **knows** that the sections of it about me which are quoted above are false. Nonetheless, he continues to perpetuate the very lies which gave rise, in part, to the sanctions motion before the Court. As Mr. Blackburn knows, he has no good faith basis for continuing to allege that I had "ongoing secret conversations" with Mr. Gordon in which he disclosed privileged information to me. Rather, the sole basis for his "information and belief" is a statement in Ms. Maraj's and my January 26, 2022 draft sanctions motion (ultimately edited out when I decided not to seek sanctions against Mr. Gordon) that I had "privately implore[d] Mr. Gordon to convince Mr. Blackburn to abandon the effort to secure a Default Judgment against Ms. Maraj and offer[ed] not to seek any sanctions if they d[id] so."

As Mr. Blackburn unequivocally knows, this portion of the draft motion referenced a **single** email, which did not remotely suggest that Mr. Gordon had communicated privileged information to me, and explicitly did **not** contemplate the portion of it relating to this case remaining a secret from Mr. Blackburn. (*See* Exhibit 15 to my April 11, 2022 Reply Declaration in support of Ms. Maraj's and my sanctions motion (Exhibit D hereto) (Dkt. No. 71-15)) Indeed, as the email chain shows, Mr. Gordon responded to my email stating that "Tyrone, our new co-counsels and I will take your propositions under advisement." (*Id.*) I do not know whether Mr. Gordon followed through on his promise to discuss my offer with Mr. Blackburn. But there is absolutely no good faith basis for Mr. Blackburn to have alleged that I asked Mr. Gordon to keep my offer secret or that he provided me with privileged information.[3]

---

[2] Paragraph 94 of the *Hough v. Gordon* complaint falsely alleges that "Gordon was terminated from his employment as an Associate with Judd Burstein, P.C. A simple phone call to Gordon's previous employer would have revealed that Gordon had a pattern, practice, and history of drug use/addiction, as well as highlight Gordons (*sic*) … unethical behavior as an associate, and his inability to be trusted and to have self-control." (Exhibit A hereto) Exhibit C hereto, the email I sent to Mr. Blackburn on July 7, 2022, put him on notice that this allegation was utterly false. Incredibly, Mr. Blackburn has not withdrawn the allegation, which is yet another example of his practice of continuing to stand by allegations even after he has learned that they are untrue.

[3] As I have repeatedly stated under oath, the redacted portions of my email did not concern this litigation in any way. Thus, Mr. Blackburn is plainly contending that I have committed perjury by making this claim. Again, as I have previously offered, I am prepared to provide an unredacted copy of the email to the Court for an *in camera* review to confirm my representation. Mr. Blackburn has refused this offer -- undoubtedly because he does not want to know the truth.

Hon. James R. Cho
August 8, 2022
Page 4

       Accordingly, given that Mr. Blackburn has repeated his accusations against me in a proceeding in which I have no standing to correct the record, I ask the Court to schedule a prompt oral argument on Ms. Maraj's and my sanctions motion so that Mr. Blackburn's outrageous and knowingly false allegations against Ms. Maraj and me can be put to rest.

                          Respectfully yours,

                          /s/ Judd Burstein

                          Judd Burstein

cc:     All Counsel of Record (via ECF)