# EXHIBIT D

# EXHIBIT 15

**From:** Steven Gordon
**To:** Judd Burstein
**Subject:** Re: Writing this to you alone
**Date:** Wednesday, November 24, 2021 11:10:41 AM

Hi Judd,

I apologize for the delay in responding to this kind email. As always, work has been hectic before the holiday. I appreciate your thoughtful and supportive words, ███████████████████████████

Tyrone, our new co-counsels, and I, will take your propositions under advisement.

In any event, have a happy holiday! I hope you get to take a well-deserved break from work.

Best,

Steve

On Tue, Nov 23, 2021 at 6:47 PM Judd Burstein <jburstein@burlaw.com> wrote:

> Steven:
>
> I hope you accept this email in the spirit that it is written. I am not cc'ing anyone on this (including Peter) ████████████████████ This is written from the heart with pure intent.



The bottom line here is that there is a better chance of you getting sanctioned than there is of getting default judgment against Nicki. I really do not want to go down that route ████████████████████████████████ ███████████. But if you force me to do so by not accepting this chance to reconsider, I will not hesitate. Trust me, I have been sanctioned once (thankfully reversed on appeal), and you have no idea how such a ruling can dog you for the rest of your life. Moreover, the value of representing a client in a high-profile case has legs only if you win it and then follow it up with additional wins. If you lose a high-profile case at an early stage of your career and also get criticized by a court for your work, it has the opposite effect. Until you get to a point in your career where you have an established track record or a base of client referrers who insist that you are the only lawyer who should be hired, most prospective clients will interview a few lawyers before hiring one. You can rest assured that if competing lawyers know you are in

the mix, they will seize upon any reason to denigrate you.

In my view, it makes sense to do a reset. You and Tyrone should abandon your effort to secure a default against Nicki with an understanding that, if asked, both of us will only say publicly that we discussed the matter and have agreed that it makes more sense to get to the merits of the case. I would also agree not to file any sanctions motions based upon any past filings.

Please do not mistake this offer as coming from a place of weakness or concern about the case; it is not. I am just trying to give you the benefit of my experience. One of the dangers of being a young talented lawyer (and I think you may fall into that category) is that your skills will often outstrip your judgment for many years. That is when you are most at risk of making a mistake with lasting negative consequences,

If you choose not to take my advice, that's fine. Indeed, if you really believe that you are likely to secure a default against Nicki ,you shouldn't accept my offer. In either circumstance, I will have no hard feelings and will feel that I have given you every chance to help yourself.

Regards

Judd Burstein

Judd Burstein, P.C.

260 Madison Avenue

15th Floor

New York, New York 10016

(212) 974-2400

(212) 974-2944 (Fax)

(917) 687-2981 (Cell—Best number)


**MY APOLOGIES IN ADVANCE FOR ANY TYPOGRAPHICAL AND/OR GRAMMATICAL ERRORS. I AM A TERRIBLE TYPIST AND PROOFREADER – PARTICULARLY WHEN I AM DRAFTING AN EMAIL UNDER TIME PRESSURE**



--
Steven N. Gordon, Esq.
Tsyngauz & Associates, P.C.
114 Mulberry Street, Ground Floor
New York, NY 10013
Telephone: (212) 337-9770
Facsimile: (212) 337-3375
Email: sg@nytlaw.com