

666 Old Country Road
Suite 700
Garden City, NY 11530

Admitted in New York and Massachusetts

Office: 516-683-0001
Cell: 516-459-4068
Fax: 516-228-0383
mark@goidell.com
www.goidell.com

September 22, 2022

<u>Via ECF</u>
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***Hough v. Maraj, et al.***
                Case No. 1:21-cv-04568 (ENV) (JRC)
                ("Maraj Action")

                ***Hough v. Gordon, et al.***
                Case No. 1:22-cv-03978 (WFK) (VMS)
                ("Action No. 2")

Dear Judge Vitaliano,

      This office represents both Defendants in Action No. 2, and submits this letter pursuant to Rule 3(b) of the Rules for the Division of Business for the Eastern District of New York ("Rule 3(b)"), effective June 1, 2022, to request that this matter be designated as "related" to the Maraj Action.[1] Pursuant to Rule 3(b), I hereby certify that I have conferred in good faith with the attorney for Plaintiff in Action No. 2, who also represents the same Plaintiff in the Maraj Action, and he expressed that he did not consent to this request but "would not oppose" the request. Both Judd Burstein, Esq. and Steven D. Isser, Esq., counsel for the respective Defendants in the Maraj Action, consent to the relief requested herein.

***Relevant Procedural History***

      Your Honor is assigned to preside over the Maraj Action. Action No. 2 is assigned to District Judge Kuntz and Magistrate Judge Scanlon.

      The identical Plaintiff, represented by the same attorney, Tyrone Blackburn, Esq., commenced both actions. Based on my review of the docket entries in the Maraj Action, the

---

[1] By letter to the Clerk of the Court dated September 2, 2022, I mistakenly submitted this request to the Clerk under Rule 50.3.1(d) of the now replaced Guidelines For The Division Of Business Among District Judges for the Eastern District of New York (the "Guidelines").

action has been dismissed against Defendant Maraj and there is motion practice that has been scheduled regarding Defendant Petty. Additionally, Defendant Maraj has brought a motion for sanctions against Plaintiff and Mr. Blackburn (Maraj Action, DE [69]), which is pending before Magistrate Judge Cho.

Plaintiff commenced Action No. 2 by filing the Complaint (Action No. 2, DE [1]) on or about July 7, 2022. Defendant Steven Nicholis Gordon ("Gordon") executed a Waiver of Service of Summons (Action No. 2, DE [3]) on July 7, 2022, and Defendant Tsyngauz & Associates, P.C. ("Tsyngauz") executed a Waiver of Service of Summons on July 12, 2022 (Action No. 2, DE[7]).

Gordon is an attorney employed by Tsyngauz who previously served as co-counsel with Plaintiff's attorney, Tyrone Blackburn, Esq., in the Maraj Action. Gordon was discharged by Plaintiff in the Maraj Action in January 2022. In opposition to the pending sanctions motion, Mr. Blackburn made allegations virtually identical to those set forth in the Complaint in Action No. 2. (Maraj Action, DE [70]).

Specifically, Mr. Blackburn has made vile and salacious allegations against Gordon in the Maraj Action, together with accusations that Gordon violated various duties owed to Plaintiff in that action, including but not limited to disclosures of confidential information (Maraj Action, DE [70], ¶¶ 4-6, 9-29). The allegations are demonstrably untrue.

Plaintiff has repackaged these identical allegations against Gordon in the Complaint filed in Action No. 2. However, the Civil Case Cover Sheet filed by Mr. Blackburn (Action No. 2, DE [2]) did not designate this case as related to the Maraj Action.

On September 1, 2022, pursuant to the individual rules of District Judge Kuntz, I filed a letter requesting a pre-motion conference in advance of a motion to dismiss (Action No. 2, DE [9]). By Order dated September 6, 2022 (Action No. 2, DE [10]), a briefing schedule for the motion to dismiss was directed without the necessity of a pre-motion conference. The briefing schedule was then extended because of the pendency of the misdirected motion to the Clerk to designate these matters as related. (Action No. 2, Order dated September 7, 2022 endorsing DE [11]).

### *The Actions Are Related*

Action No. 2 is related to the Maraj Action because (i) the facts and legal issues presented in the Complaint in Action No. 2 are substantially similar if not identical to the allegations submitted by Mr. Blackburn against Gordon in the Maraj Action, and/or (ii) the factual allegations in the two matters arise from the same transactions or events. Among other things, factual determinations regarding the merits of Mr. Blackburn's assertions in opposition to the sanctions motion may impact Action No. 2. For example, a finding that Mr. Blackburn's allegations against Gordon in the Maraj Action are without merit is likely to invoke the doctrine of collateral estoppel in Action No. 2. As a result, assignment of this action to the same District Judge and Magistrate Judge assigned in the Maraj Action is likely to result in a substantial saving of judicial resources.

My firm was not retained until August 29, 2022. As a result, I was unable to comply with the 30-day limit for submission of the original albeit misplaced application set forth in Rule 50.3.1(d) of the replaced Guidelines (now Rule 3(b)). Good cause therefore exists for the late filing of this application.

Pursuant to Rule 3(b), this letter motion is also being filed via ECF in Action No. 2. Rule 3(b) apparently provides for a conference between Your Honor and District Judge Kuntz to determine the application: "Where the judges presiding over the cases at issue agree on whether cases should be reassigned, the district or magistrate judge presiding over the lowest-numbered case may grant or deny the motion. In other cases, the motion shall be decided the Chief Judge."

Please let me know if you request any additional information. Thank you for your consideration of this matter.

Very truly yours,

*Mark E. Goidell*

Mark E. Goidell

cc:   Hon. William F. Kuntz and All Counsel in both Actions
      (Via ECF)