UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JENNIFER HOUGH,                                 :
                                                :   Civil Action No. 21-cv-04568
                              Plaintiff,   :   (ENV) (JRC)
                                                :
        - against -                              :
                                                :   **ANSWER**
                                                :
ONIKA TANYA MARAJ, AKA ("NICKI MINAJ")           :
and KENNETH PETTY, AKA ("ZOO"),                 :   **JURY TRIAL DEMANDED**
                                                :
                              Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Defendant Kenneth Petty, AKA ("Zoo") ("Defendant"), through his attorneys, the Law Offices of Steven D. Isser, as and for his Answer in response to the First Amended Complaint ("Complaint") of Jennifer Hough ("Plaintiff"), alleges as follows:

## INTRODUCTION

        1.      Paragraph 1 of the Complaint does not contain any factual allegations and no response is required. To the extent facts are alleged in paragraph 1 Defendant denies the allegations contained in paragraph 1 of the Complaint.

        2.      Paragraph 2 of the Complaint does not contain any factual allegations and no response is required. To the extent facts are alleged in paragraph 2 Defendant denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

        3.      Paragraph 3 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 3 Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 4 Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that Defendant is domiciled in California.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 7 Defendant denies the allegations contained in paragraph 7 of the Complaint.

## THE PARTIES

8. Denies the allegations contained in paragraph 8 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a resident of Florida and was a resident of the state of New York at sixteen years old.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Defendant is required to register as a level two sex offender, that Defendant pled guilty to First Degree Manslaughter concerning a shooting which the caused the death of a man and that Defendant was born on April 7, 1978.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits that Defendant and Ms. Minaj are residents of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits that Defendant knew Plaintiff when they were younger and both lived in Jamaica, Queens and the term relationship is vague and ambiguous.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 15 Defendant denies the allegations contained in paragraph 15 of the Complaint except admits that he had entered into a plea agreement in 1994, Defendant did not register as sex offender in California, he was prosecuted by the United by the United States Attorney's Office for the Central District of California for failing to register as a sex offender and Defendant entered into a plea agreement for this charge.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except denies that Defendant raped Plaintiff.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except denies that Defendant raped Plaintiff.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except denies that Defendant raped Plaintiff.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except denies that Defendant raped Plaintiff.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except denies that Defendant raped Plaintiff.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except denies that Defendant and/or his legal team ever intimidated or harassed Plaintiff.

## **TIMELINESS UNDER THE CHILD VICTIM ACT**

29. Paragraph 29 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 29 Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 30 Defendant denies the allegations contained in paragraph 30 of the Complaint.

## FACTUAL ALLEGATIONS

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint, except admits that Plaintiff and Defendant walked to a house.

41. Denies the allegations contained in paragraph 41 of the Complaint except admits that Plaintiff voluntarily entered a house with Defendant.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint, except admits that Plaintiff had consensual sexual intercourse with Defendant.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint except denies that Plaintiff ran from the house.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint except admits that Defendant was arrested and taken to the police station and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was taken to the hospital.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint except admit that Defendant's parents went to Plaintiff's house.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint except admits that Plaintiff and Defendant had consensual sexual intercourse.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint except denies that Defendant ever raped Plaintiff.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint except admits that Plaintiff wrote a letter requesting that the charges against Defendant be dropped, which Plaintiff has admitted, and that Plaintiff stated to the Court that she wanted to drop the charges and the Judge responded in words or effect that she should take it up with the District Attorney.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. The document (the post) referred to in paragraph 80 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 80, Defendant

denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. The document referred to in paragraph 81 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 81, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and Defendant denies he ever raped Plaintiff.

82. The document referred to in paragraph 82 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 82, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, except admits that Defendant was approximately 15 years old when he had consensual sex with Plaintiff, that Defendant was wrongly accused of rape, that he did not have bail money and that Plaintiff recanted her testimony.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Admits the allegations contained in paragraph 87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, except denies that Charles Mittlestalt acted on behalf of Defendant and denies that Ian Wallach ever represented Defendant.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint except denies that Defendant ever raped Plaintiff and denies that Defendant ever sent anyone to Plaintiff's home or the home of her loved ones.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint except denies that an attorney representing Defendant contacted Plaintiff.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint except denies that an attorney representing Defendant contacted Plaintiff.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint except denies that Defendant ever threatened Plaintiff.

114. The video referred to in paragraph 114 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 114, Defendant denies the allegations contained in paragraph 114 of the Complaint.

115. The documents referred to in paragraph 115 of the Complaint speaks for themselves and no response is required and to the extent facts are alleged in paragraph 115, Defendant denies the allegations contained in paragraph 115 of the Complaint.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint except denies that Defendant or anyone acting on Defendant's behalf ever threatened Plaintiff.

117. The post referred to in paragraph 117 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 117, Defendant denies the

allegations contained in paragraph 117 of the Complaint except admits he reached a plea agreement in his case in the Central District of California.

118. The post referred to in paragraph 118 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 118, Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. The video referred to in paragraph 119 of the Complaint speaks for itself and no response is required and to the extent facts are alleged in paragraph 119, Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. The montage and photo referred to in paragraph 120 of the Complaint speak for themselves and no response is required and to the extent facts are alleged in paragraph 120, Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint except denies that Defendant ever threatened Plaintiff.

## COUNT I

### Against Petty

### Intentional Infliction of Emotional Distress (New York)

122. Defendant repeats and realleges each and every allegation found in paragraphs 1-121, *supra*, as if fully set forth herein.

123. Paragraph 123 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 123 Defendant denies the allegations contained in paragraph 123 of the Complaint.

124. Denies the allegations contained in paragraph 124 of the Complaint.

125. Denies the allegations contained in paragraph 125 of the Complaint.

126. Denies the allegations contained in paragraph 126 of the Complaint.

127. Denies the allegations contained in paragraph 127 of the Complaint.

128. Denies the allegations contained in paragraph 128 of the Complaint.

129. Denies the allegations contained in paragraph 129 of the Complaint.

## COUNT II

### Against Petty

### Assault and Battery

130. Defendant repeats and realleges each and every allegation found in paragraphs 1-129, *supra*, as if fully set forth herein.

131. Denies the allegations contained in paragraph 131 of the Complaint.

132. Denies the allegations contained in paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 133 Defendant denies the allegations contained in paragraph 133 of the Complaint.

134. Denies the allegations contained in paragraph 134 of the Complaint.

135. Denies the allegations contained in paragraph 135 of the Complaint.

136. Denies the allegations contained in paragraph 136 of the Complaint.

137. Denies the allegations contained in paragraph 137 of the Complaint.

## COUNT III

### Against Petty

### Assault and Battery

138. Defendant repeats and realleges each and every allegation found in paragraphs 1-137, *supra*, as if fully set forth herein.

139. Paragraph 139 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 139 Defendant denies the allegations contained in paragraph 139 of the Complaint.

140. Denies the allegations contained in paragraph 140 of the Complaint.

141. Denies the allegations contained in paragraph 141 of the Complaint.

142. Denies the allegations contained in paragraph 142 of the Complaint.

143. Denies the allegations contained in paragraph 143 of the Complaint.

144. Denies the allegations contained in paragraph 144 of the Complaint.

145. Denies the allegations contained in paragraph 145 of the Complaint.

146. Denies the allegations contained in paragraph 146 of the Complaint.

## COUNT IV

### Against Petty

### Negligent Infliction of Emotional Distress (New York and California)

147. Defendant repeats and realleges each and every allegation found in paragraphs 1-146, *supra*, as if fully set forth herein.

148. Paragraph 148 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 148 Defendant denies the allegations contained in paragraph 148 of the Complaint.

149. Denies the allegations contained in paragraph 149 of the Complaint.

150. Denies the allegations contained in paragraph 150 of the Complaint.

151. Denies the allegations contained in paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint contains conclusions of law for which no response is required, and to the extent facts are alleged in paragraph 152 Defendant denies the allegations contained in paragraph 152 of the Complaint.

153. Denies the allegations contained in paragraph 153 of the Complaint.

154. Denies the allegations contained in paragraph 154 of the Complaint.

## COUNT V

### Against Petty and Defendant Minaj

### Harassment and Witness Intimidation

### (California and Georgia)

155. This Count was voluntarily dismissed by Plaintiff (Doc. Nos. 49 and 58) and no response to the allegations contained in paragraphs 155-162 is required.

## COUNT VI

### Against Defendant Minaj

### Aiding and Abetting (California and Georgia)

156. This Count was voluntarily dismissed by Plaintiff (Doc. No. 49) and no response to the allegations contained in paragraphs 163-170 is required.

## COUNT VII

## Against Defendant Minaj and Petty

## Intentional Infliction of Emotional Distress

## (California and Georgia)

157. This Count was voluntarily dismissed by Plaintiff (Doc. Nos. 49 and 58) and no response to the allegations contained in paragraphs 171-177 is required.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

158. Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST DEFENSE

159. The Complaint, in whole or in part, fails to state a cause of action for which relief may be granted.

## SECOND DEFENSE

160. Plaintiff's claims are barred in whole and/or in part by the doctrine of *laches*.

## THIRD DEFENSE

161. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

162. Plaintiff's claims are barred in whole or in part by the doctrines of wavier, estoppel and/or ratification.

**FIFTH DEFENSE**

163. If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

**SIXTH DEFENSE**

164. To the extent that the injuries of Plaintiff, if any, were caused or contributed to, in whole or in part, by subsequent, intervening, interceding and/or superseding causative factors, Plaintiff's claims against the Defendants would be barred.

**SEVENTH DEFENSE**

165. Plaintiff's claims fail in whole and/or in part because Defendant did not rape Plaintiff.

**EIGHTH DEFENSE**

166. Plaintiff's claims fail in whole and/or in part because Defendant did not assault Plaintiff.

**NINTH DEFENSE**

167. Plaintiff's claims fail in whole and/or in part because Defendant did not commit battery.

**RESERVATION OF DEFENSES**

168. Defendant has not knowingly or intentionally waived any applicable defenses or affirmative defenses and reserves the right to assert and rely on such other applicable defenses and/or affirmative defenses as may become available or apparent as facts become known through discovery. Accordingly, Defendant reserves the right to revise, modify or supplement the

foregoing and to raise additional defenses and/or affirmative defenses in the event discovery or further proceedings indicate that such defenses would be appropriate.

## **DEMAND FOR A JURY TRIAL**

169. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby asserts his rights and demands a trial by jury of all issues so triable.

WHEREFORE, Defendants demand:

A. A judgment dismissing the Complaint in its entirety; and

B. Such other and further relief as the Court or Jury deems just and proper.

Dated: New York, New York
October 24, 2022

Law Offices of Steven D. Isser

By:_____
Steven D. Isser
305 Broadway, 7th Floor
New York, New York 10007
(212) 812-5096
sisser@isserlaw.com
*Attorneys for Defendant Kenneth Petty*

CC: All Counsel *via* ECF