# Individual Practices of
# Magistrate Judge James R. Cho

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

| | |
|---|---|
| Courtroom:  11D South | Courtroom Deputy:  Saudia Gillespie |
| Chambers:  Room 1227 South | 718-613-2114 (Courtroom Deputy) |
| 718-613-2110 (Chambers) | |
| Email:  cho_chambers@nyed.uscourts.gov | |

*Updated 4/26/2021*

The United States District Court for the Eastern District of New York is a teaching court, and the Court encourages opportunities for law students and junior attorneys to appear and argue in Court accompanied and supervised by a more experienced attorney. Requests for leave for law students to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

Unless otherwise ordered by Judge Cho in a specific case and subject to the Individual Practices and Rules of the presiding District Judge, matters will be conducted pursuant to the following practices:

**A.     ECF and Communication with Chambers**

1. Parties should primarily communicate with the Court through the Case Management/Electronic Case Files ("ECF") program.[1] Each attorney of record must file a Notice of Appearance as to each represented party and must register to receive ECF notifications before filing any motions, letters, or other documents. Attorneys will receive notification of all Court orders electronically.

2. Filing.  All documents must be filed electronically on ECF, except as stated below or otherwise directed by the Court.

    a. Courtesy Copies.  Courtesy copies should only be provided upon request of the Court.

    b. All papers submitted to the Court should include the docket number for the case followed by the initials of the presiding District Judge, followed by Judge Cho's initials (JRC).

---

[1] Parties are advised to contact the help desk for any ECF-related questions: https://www.nyed.uscourts.gov/help-desk.

      c. <u>Letters.</u>  All communications with Chambers shall be made by letter with copies simultaneously delivered to all parties.  The Court will not consider any *ex parte* correspondence, except settlement letters (*see* specific rules below).  If relief is sought from the Court, the application may be in the form of a letter, but must be filed using the "Motions" event.

3. <u>Telephone Calls.</u>  Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention, such as when a ruling is needed during the course of a deposition (*see* specific rules below).  Parties may contact the Courtroom Deputy with questions about scheduling matters, but all adjournment requests must be made in writing and will not be considered telephonically.

4. <u>Email.</u>  Emails are permitted only for sending *ex parte* settlement statements to Chambers (*see* specific rules below), or as otherwise directed by the Court.

5. <u>Fax.</u>  Faxes to Chambers are not permitted without prior authorization.

**B.**     *Pro Se* **Litigants**

1. *Pro se* litigants are exempt from ECF requirements, but may request permission to file documents and receive notices electronically.

2. Counsel in cases involving *pro se* litigants must send copies of documents filed on ECF to the *pro se* party, and file proof of service on ECF.

3. *Pro se* litigants are directed to make any filings via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office, to the attention of Judge Cho and the presiding District Judge, and by delivering a copy to the attorney for the opposing party.

4. Court orders will be provided to *pro se* litigants by U.S. mail, unless otherwise directed by the Court.  *Pro se* litigants must keep current contact information on file with the Court.

5. *Pro se* litigants are encouraged to contact the *Pro Se* Office for any case-related questions at 718-613-2665.  *Pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2.

**C.**     **Requests for Adjournments or Extensions of Time**

1. A request for adjournment or for extension of time must be filed on ECF as a "Motion" and not as a "Letter."

2. Please include the following information with any adjournment or extension request:  (1) the appearance date or deadline you wish to adjourn or extend; (2)

        the number of previous requests for adjournment or extension (by you or anyone else); (3) whether those previous requests were granted or denied; (4) whether the other party or parties consent (including any reasons given for withholding consent); and (5) whether the request affects any other scheduled Court appearance or deadline.

3. To the extent a party seeks to adjourn a Court conference, if appropriate, the party shall propose mutually convenient date(s) for the re-scheduled conference.

4. If the requested adjournment or extension affects any other Court appearance or deadline, the parties should include a proposed revised schedule with the request.

5. If the request is for an adjournment of a Court appearance, absent an emergency, it shall be made <u>at least two business days</u> prior to the scheduled appearance. If the request is made less than two business days prior to the scheduled appearance, the moving party should notify the Courtroom Deputy after the request has been filed.

**D.**   **Conferences**

1. Counsel shall appear promptly for all conferences. Counsel appearing before the Court must be prepared and authorized to discuss (1) the parties' progress in the case; (2) scheduling of further proceedings; and (3) the possibility of settlement and status of any settlement discussions. All attorneys must file a Notice of Appearance <u>prior</u> to appearing in Court.

2. <u>Initial Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), the parties must meet and confer prior to the Initial Conference to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, and a proposed discovery plan. <u>Two business days</u> before the Initial Conference, the parties must file on ECF a <u>joint</u>, proposed discovery plan, that includes proposed deadlines for the following items: (1) exchange of initial disclosures, if not already completed; (2) amendment to pleadings; (3) joinder of parties; (4) completion of fact discovery; (5) completion of expert discovery, if applicable; and (6) commencement of dispositive motion practice, if any (subject to the Individual Practices and Rules of the presiding District Judge). In the event the parties are unable to reach agreement on any of the deadlines in the proposed discovery plan, the parties should note any areas of disagreement in the joint submission. To help guide the parties, a form proposed discovery plan can be found on the Court's website: https://www.nyed.uscourts.gov/content/magistrate-judge-james-r-cho.

>   The parties also should indicate whether they consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636.[2]

   3.   Settlement Conferences.  Counsel who appears must either have settlement authority or be able to contact a client or representative with settlement authority during the conference.  While clients are welcome to attend in person if they choose, they are not required to do so unless the Court orders otherwise.  At least seven days prior to the settlement conference, the parties shall submit to chambers by email (cho_chambers@nyed.uscourts.gov) *ex parte* settlement letters that address the following:  (1) the status of settlement discussions; (2) the last demand and offer made, if any; (3) the strengths and weakness of their case; and (4) any information that may assist the Court in helping the parties resolve the matter.  The parties are encouraged to discuss settlement prior to submission of the *ex parte* letters.  The *ex parte* letters shall be limited to five pages exclusive of attachments.  The parties should anticipate that the Court will hold a pre-settlement conference call with the parties in advance of the settlement conference.

**E.   Confidentiality Orders.**  To assist the parties, the Court has provided a form confidentiality order that the parties may submit to the Court for approval to protect the confidentiality of information exchanged in discovery.  The form confidentiality order may be downloaded from the Court's website: https://www.nyed.uscourts.gov/content/magistrate-judge-james-r-cho.  If necessary and the parties deem appropriate, the parties may submit to the Court both a redlined version identifying the proposed changes, the reason for the changes, and a clean version of the proposed confidentiality order for the Court to adopt.

**F.   Motions**

   As a general matter, and unless otherwise directed by the presiding District Judge, all non-dispositive pretrial motions, including discovery motions, are to be made to Judge Cho.

   1.   Pre-Motion Conferences.  Pre-motion conferences are not required for motions submitted to Judge Cho.

   2.   Litigants shall make discovery or other non-dispositive motions by letter motion, pursuant to Local Civil Rules 37.3(c) or 7.1(d), and shall be filed on ECF as a "Motion," not as a "Letter."

   3.   Motion papers shall be filed promptly.  Do not hold motion papers until all papers are complete.  The Court does not follow a "bundling rule."

---

[2] Navigate to https://img.nyed.uscourts.gov/files/forms/ClerksNoticeofRule73.pdf to locate the fillable consent form AO 85.  The form must be signed by all parties and filed electronically.

4. <u>Discovery Motions</u>.  Parties must make a good faith effort to resolve disputes before making any discovery motion.  *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37.3(a).  In the event the parties are unable to resolve a discovery dispute, the parties must write to the Court and describe their dispute in a <u>single letter, jointly composed.  Each party's portion of the joint submission shall be limited to three pages</u>.  *See* Local Civil Rule 37.3(c).  In the event parties are unable to agree upon a single, joint letter, the parties may submit separate letters within the time limits set forth in Local Civil Rule 37.3(c), but must demonstrate good cause why they were unable to submit a joint letter.  The parties shall adhere to the meet and confer requirements set forth in Fed. R. Civ. P. 37(a)(1), and should describe those efforts in their submission.  After submission of the joint letter, the Court may schedule a conference to discuss the dispute.  If the dispute cannot be resolved during the conference, the Court may order the parties to brief a motion to compel or for a protective order.  The parties should not file any discovery materials on ECF unless necessary for the joint letter or Court-ordered discovery motion.

5. <u>Other Non-Dispositive, Non-Discovery Pretrial Disputes.</u>  For other non-dispositive, non-discovery pretrial disputes, the parties must first make good faith efforts to resolve the disputes prior to seeking the Court's intervention pursuant to Local Civil Rule 37.3(a).  Parties are encouraged to make non-dispositive motions by letter.  Parties seeking judicial resolution of such issues should comply with Local Civil Rule 7.1(d) or 37.3(c), as applicable.  The Court expects parties to exercise judgment as to the length of the letter motion.  If necessary, after submission of the letter motion, the Court may advise the moving party to file a formal motion pursuant to Local Civil Rules 6.1 and 7.1.

6. <u>Dispositive Motions.</u>  Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in accordance with his or her Individual Practices and Rules, unless the parties have consented to Judge Cho for all purposes in accordance with 28 U.S.C. § 636(c)(1).  *See* footnote 2, above.

   Parties wishing to consent to the Judge Cho's jurisdiction for a particular dispositive motion, should complete and file the following form: https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-dispositive-motion-magistrate-judge.

7. Where the parties have consented to Judge Cho, the following rules apply to dispositive motions:

   a. <u>Schedule</u>:  The parties shall present to the Court a proposed briefing schedule for approval.

      b.      The Court expects parties to exercise judgment as to the length of memoranda (including opposition briefs and replies).  Memoranda of 10 pages or more shall contain a table of contents.  All memoranda must use one-inch margins, double spacing, and 12-point font (including footnotes).  Legal arguments must be set forth in a memorandum of law rather than in affidavits, affirmations, or declarations.  *See* Local Civil Rule 7.1.

      c.      To the extent any party requests oral argument, the party shall note "Oral Argument Requested" in the caption of the Notice of Motion or the opposing memorandum.  The Court may on its own schedule oral argument.

8.      <u>Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time Limiting Rules</u>: If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these Individual Practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil or Appellate Procedure, together with an explanation of the basis for the conclusion.

## G.    Disputes During Ongoing Depositions

1.      Parties encountering deposition problems should first make every effort to resolve the dispute among themselves consistent with the rules regarding discovery disputes.

2.      In the event the parties are unable to reach a satisfactory resolution, the parties are directed to contact Chambers immediately by telephone with all parties on the line.  The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute.

3.      To the extent practical, the parties should continue the deposition while waiting for the Court to address the areas in dispute.  Under no circumstances should the parties discontinue the deposition without first attempting to contact the Court.

## H.    Interpreter Services

Interpreter services are generally not provided by the Court in civil cases.  If a party speaks a language other than English, the party must make his or her own arrangement to conduct his or her case in English.  A party may bring an English-speaking friend or family member to Court conferences.  However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

**I.      Filings Prior to Trial**

1. <u>Pretrial Orders in Cases to be Tried by the District Judge</u>. The parties must file a proposed joint pretrial order in the format prescribed by the presiding District Judge on or before the deadline set by the Court or as set forth in the presiding District Judge's Individual Practices and Rules.

2. <u>Consent Cases before Judge Cho for All Purposes.</u>

    a. <u>Joint Pretrial Orders</u>. In consent cases assigned to Judge Cho for trial, on or before the deadline set by the Court, the parties shall submit a proposed joint pretrial order that includes the following:

    (1)     The full caption of the action.

    (2)     The names, addresses (including firm names), telephone number, and email addresses of trial counsel.

    (3)     A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

    (4)     A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.

    (5)     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

    (6)     Any stipulations or agreed statements of fact or law that have been agreed to by all parties.

    (7)     A list of the names and addresses of all witnesses, including possible witnesses who may be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

    (8)     A designation by each party of those portions of any deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

(9) Exhibits

    (a) A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them.  The schedule should also separately include exhibits that the party knows or anticipates prior to trial it may offer for impeachment or rebuttal purposes.  The parties will list and briefly describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds.  Only exhibits listed will be received in evidence, except for good cause shown.

    (b) All exhibits must be pre-marked for the trial, exchanged with the other parties, and delivered to the Court <u>at least 10 days</u> before trial, or sooner if directed by the Court.  Where exhibits are voluminous, they should be placed in binders with tabs or clipped and placed in labeled folders.

b. <u>Filings Prior to Trial in Civil Consent Cases.</u>  Unless otherwise ordered by the Court, each party shall file the following items <u>15 days</u> prior to the start of trial:

(1) All motions addressing any evidentiary or other issues that should be resolved *in limine*.  Any opposition should be filed <u>7 days</u> prior to the start of trial.  Any reply should be filed <u>3 days</u> prior to the start of trial.

(2) For non-jury trials, a pretrial memorandum in any case where such party believes it would be useful.

(3) In jury cases, requests to charge limited to the elements of the claims, the damages sought and defenses.  General instructions will be prepared by the Court.

(4) In jury cases, proposed *voir dire* questions, and a proposed jury verdict form.

**J.   Sealing of Submissions**

1. Motions for leave to file documents under seal must be filed via ECF in accordance with the EDNY's instructions for electronically filing sealed documents.  The proposed sealed document(s) must be attached to the motion for leave to file under seal.

2. Instructions for filing sealed documents in civil cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf.

3. Instructions for filing sealed documents in criminal cases are at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCR.pdf.

**K.** **Required Notification to Chambers**

A party or the parties shall immediately notify Chambers by telephone if any of the following events occur:

1. Any motion has been referred to Judge Cho by the presiding District Judge.

2. The parties have reached a settlement.

3. Any party believes Judge Cho should be recused from any pending civil or criminal matter due to his direct or indirect involvement in the matter during the time he served in the United States Attorney's Office, or for any other reason.