LAW OFFICES OF
# STEVEN D. ISSER
305 Broadway, 7th Floor
New York, New York 10007
(212) 812-5096
sisser@isserlaw.com

August 25, 2023

**BY ECF**
Hon. James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

   Re: <u>Hough v. Maraj, et al., 21-civ-04568 (EDNY) (ENV) (JRC)</u>

Dear Judge Cho:

  This firm represents Defendant Kenneth Petty in the above-referenced matter and this letter is in opposition to the letter sent by counsel for Plaintiff Jennifer Hough ("Plaintiff") to Judge Vitaliano, dated August 11, 2023 ("Pl. Ltr."), in which Plaintiff seeks to amend and supplement her First Amended Complaint ("FAC").  It is unclear whether Plaintiff is requesting a pre-motion conference (which has a three page limit), or has submitted a letter motion for leave to amend (which is improper).  In any event, leave to amend should be denied for the reasons discussed below.

  Plaintiff seeks "to amend the pleadings, add a cause of action for attempted rape and supplement the pleadings with evidence."  Pl. Ltr. at 1.  The purported basis for seeking to amend and supplement the FAC is that "it took a long time" for the Queen's District Attorney's Office to produce records to Plaintiff.  Pl. Ltr. at 1.  This, however, does not explain Plaintiff's delay in seeking to add a cause of action for attempted rape because Plaintiff was well aware that Defendant Petty had pled guilty to attempted rape when she commenced this action.  Further, "evidence" is not required in a complaint, so there is no need to "supplement" the FAC with the allegedly new "evidence" Plaintiff received, *i.e.,* the proposed Exhibits.

  Indeed, the true purpose of Plaintiff's request to amend and supplement her pleading is to feed her and her counsel's desire and need for publicity and to attempt to publicly embarrass Mr. Petty (and his celebrity wife).  Plaintiff publicly filed the unnecessary sixteen "supplemental" Exhibits with her letter motion, fourteen of which concerned Mr. Petty's arrest in 1994.  Plaintiff and her counsel then gave interviews to the media and made numerous posts on social media concerning the Exhibits and the proposed Second Amended Complaint ("Proposed Amendment").  *See e.g*. Ex. 1 attached hereto.  That it is not necessary to include such "evidence" attached to a complaint, combined with Plaintiff and her counsel's public statements concerning the "evidence" and Proposed Amendment, demonstrates that Plaintiff's true purpose in making the motion was in bad faith.

As for the merits, Plaintiff's motion should be denied in its entirety because, among other reasons discussed below, it is untimely and Plaintiff failed to demonstrate good cause. Pursuant to Fed.R.Civ.P. 16, the Court issued a Scheduling Order, which provided that "no amendment of the pleadings or joinder of additional parties permitted after 4/30/23." *See* Minute Entry for Initial Conference, December 6, 2022 (emphasis original). By filing the proposed amendment after April 30, 2023, Plaintiff violated the Scheduling Order. For this reason, in demonstrating that leave to amend should be granted, Plaintiff must show good cause, rather than the more lenient Rule 15 standard. *McCree v. City of New York,* 1023 WL 1825184 (E.D.N.Y. 2023); *Hossain v. Unilver United States, Inc.,* 2023 WL 4405654, *3 (E.D.N.Y. 2023).

As held in *Hossain,* "[t]he period of Rule 15(a)(2) 'liberal' amendment ends 'if the district court issues a scheduling order setting a date after which no amendment will be permitted.' *Sacerdote*, 9 F.4th at 115." An attempt to amend a pleading after the deadline in a scheduling order is "governed by Rule 16(b)(4)'s heightened 'good cause' standard." *Hossain,* 2023 WL 4405654 at *3 (citation omitted). "'The ... 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order ....'" *Id.* (citation omitted). "'A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline.'" *Id.* (citation omitted). The burden of demonstrating good cause rests with the movant. *Id.*

Plaintiff, however, has not demonstrated good cause because Plaintiff has failed to explain the reason for her failure to seek to add the cause of action for attempted rape before the April 30, 2023 deadline. As stated, Plaintiff was well aware of Mr. Petty's 1994 plea for attempted rape when she commenced this action, and before April 30, 2023. *See Montiel-Flores v. JVK Operations Limited,* 2021 WL 11690692, 7 (E.D.N.Y. 2021) ("'A party fails to show good cause when the proposed amendment rests on information that the party knew or should have known in advance of the deadline.'") (citation omitted).

Further, under Rule 15 of the Federal Rules of Civil Procedure, a proposed amendment should be rejected if it is futile. *Levin v. Johnson and Johnson,* 2021 WL 9553623, *2 (E.D.N.Y. 2021). "An amendment is properly denied as futile if the proposed new claim 'has no merit or fails to demonstrate a cognizable or sufficient claim.'" *Id.* (citation omitted). Plaintiff's Proposed Amendment is futile because the statute of limitations on Plaintiff's claim for attempted rape, which allegedly occurred in 1994, expired in 1997. *See* CPLR § 214.

Plaintiff alleges in paragraph 16 of the Proposed Amendment that Section 214-g of the CPLR tolled the statute of limitations. Section 214-g tolls the statute of limitations until August 14, 2021 for "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which **would constitute a sexual offense as defined in article one hundred thirty of the penal law** committed against a child less than eighteen years of age." CPLR § 214-g (emphasis added). Section 130.52 requires that a defendant "forcibly touches the sexual or other intimate parts of another person." NY Penal Law § 130.52. Plaintiff, however, does not allege the forceable touching of any of her "intimate parts" in connection with

Hon. James R. Cho                                                                                                       August 25, 2023
                                                                                                                              Page 3 of 4

her claim for attempted rape. *See* Proposed Amendment, ¶¶ 149-57. Accordingly, Section 214-g does not apply and Plaintiff's proposed amendment is time barred and futile.

Further, even if Section 214-g applied, Plaintiff's Proposed Amendment is still time barred because Section 214-g tolled the statute of limitations only until August 14, 2021. CPLR § 214-g. Section 203(f) of the CPLR, the relate back doctrine, does not apply because the proposed claim for attempted rape is based on different factual allegations than the claim for rape, even though based on the same alleged occurrence. *See e.g., Raymond v. Ryken,* 98 A.D.3d 1265 (4th Dep't) (claim for lack of informed consent did not relate back to malpractice claim).

In addition, Plaintiff's claim for attempted rape in 1994 is futile because it contradicts her claim that Mr. Petty raped her in 1994. There could not have been both a rape and an attempted rape, and Plaintiff's motion to add a cause of action for attempted rape is an implicit admission that she was not raped by Mr. Petty. Futility is further demonstrated by the fact that Plaintiff dismissed her claims concerning conduct which occurred in or after 2018 (Doc. 58), but alleges 2018-2021 conduct in the Proposed Amendment in paragraphs 70-114, and Exs. M and N.

To the extent the Court applies Fed.R.Civ.P. 15 in determining Plaintiff's motion, denial of Plaintiff's motion is further warranted because "[d]espite the liberal construction generally afforded Rule 15, motions to amend are properly denied where they are founded in 'undue delay, bad faith, futility, or prejudice to the non-moving party." *Levin v. Johnson and Johnson,* 2021 WL 9553623, *2 (E.D.N.Y. 2021) (citation omitted). As discussed above, Plaintiff has not even attempted to explain why she delayed seeking to add a cause of action for attempted rape. As also explained above, Plaintiff's undue delay is combined with bad faith, as the true purpose of the public filing was to add Exhibits in an attempt to generate publicity and embarrass Mr. Petty.

Further, allowing the amendment to be granted would improperly delay resolution of this action. Discovery requests have already been served. If Plaintiff is permitted to amend the FAC, additional discovery requests will need to be served (the Proposed Amendment adds new factual allegations). This will cause undue delay and prejudice Defendant.

In addition to denial of Plaintiff's motion to amend her FAC, Plaintiff's request to "supplement" her pleadings by attaching Exhibits A-O should be denied pursuant to Fed.R.Civ.P 15(d). Rule 15(d) provides, in part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event **that happened after the date of the pleading to be supplemented**." Fed.R.Civ.P 15(d) (emphasis added). Concerning Exhibits A-O, Plaintiff expressly states that "[t]he following exhibits, attached hereto, will be included as part of the supplemental filing." Yet, all of these Exhibits concern events which occurred **before** the FAC (and the original complaint) was filed. Accordingly, leave to supplement Plaintiff's pleadings should be denied.

                                                                            Respectfully submitted,

                                                                            Steven D. Isser

Hon. James R. Cho                                                                                          August 25, 2023
                                                                                                                    Page 4 of 4

CC:      All counsel *via* ECF