

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, WDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

September 1, 2023

VIA PACER:
Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

~ and ~

Hon. James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Jennifer Hough v. Onika Tanya Maraj AKA ("Nicki Minaj") and Kenneth Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC</u>

Dear Judges Vitaliano and Cho:

      We represent Plaintiff Jennifer Hough in the above-referenced matter. We respectfully submit this letter according to Your Honor's individual rules in response to the letter filed by Defendant Petty dated August 25, 2023. Defendant Petty claims that Plaintiff requested to leave and file the amended complaint in bad faith, but nothing could be further from the truth. For over five years, Plaintiff has been forced to live in a world where she has been called a liar and made to defend her lived experience that Defendant Petty visited upon her. The plaintiff has had her life threatened; she has been forced to move consistently and has been stripped of her ability to work due to the harassment she has received from the fans and followers of Defendant Petty and his wife. The fact that Defendant Petty wants to cry foul because the evidence of his crime was preserved and released to Plaintiff by the Queens District Attorney is quite rich.

The Plaintiff can supplement her pleadings with this newly discovered evidence. The defendants' claim that this evidence is not "new" is ludicrous. The Plaintiff was 16 years old when this evidence was compiled. After her rape and Defendant Petty's plea hearing, Plaintiff was run out of New York by Petty and his family.

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com



Plaintiff does not work for the Queens District Attorney's office, and as a minor child in 1994, did not have access to this evidence to preserve it for nearly 30 years.  So yes, this evidence was newly discovered to the Plaintiff when the Queens DA turned it over.  Regardless, Courts in this circuit have held that a party need not prove the existence of new facts or law to be granted leave to amend.  "[a party] need not prove that they uncovered new facts or law in order for this Court to grant leave to amend." *Affiliated FM Ins. Co. v. Liberty Mech. Contrs. Inc.*, No. 12 Civ. 5160 (KPF), 2013 U.S. Dist. LEXIS 122030, 2013 WL 4526246, at *5 (S.D.N.Y. August 27, 2013).  Ideavillage Prods. Corp. v. Copper Compression Brands LLC, 2021 U.S. Dist. LEXIS 208659, *11.

**Good Cause Exists, As Plaintiff Relied On The Queens DA To Provide The Evidence**:
Where a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the deadline to do so has passed, the Plaintiff must show good cause to modify the deadline under Fed. R. Civ. P. 16.  Whether good cause exists turns on the diligence of the moving party.  Indeed, a court may deny leave to amend for lack of diligence even if the amendment would not prejudice the non-movant.  Geo-Group Communs. v. Shah, 2020 U.S. Dist. LEXIS 176726, *1

Here, Plaintiff did not know what she did not know.  Unfortunately, the Queens DA did not provide Plaintiff with a preview of the records to come before releasing it.  Plaintiff could not forecast that images of her injuries, images of the knife used to facilitate the rape, forensic evidence of the Defendant's spermicide, and other relevant evidence would be forthcoming.

As detailed below, Defendant would not be harmed by the inclusion of this evidence and the new cause of action because he previously admitted to the attempted rape, and Defendant Petty authorized the Queens DA to conduct the forensic examination and to take photos of his room, the knife, and the contact solution bottle[1].

**Amended Pleading With New Cause Of Action Is Not Time-Barred**:
Regarding the timeliness of the filing, the amended complaint and the proposed added cause of action would relate back to the original filing date.  Under Fed. R. Civ. P. 15(c), an amended complaint asserting claims arising out of the same facts as those alleged in the original complaint relates back to the date of the original pleading ***even if the amendment seeks to add a new claim for relief and otherwise would be barred by a statute of limitations***.  Rivera v. Puerto Rican Home Attendants Servs., 930 F. Supp. 124, 126.

**Plaintiff's Amended Complaint Is Not Futile**:
Leave to amend should only be denied if the amendment would be futile, and an amendment would be futile only if the new claim would not survive a motion to dismiss.  "Leave to amend should be denied when amendment would be futile); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (amendment is futile if it cannot withstand a motion to dismiss).  Hayes v. Buffalo Mun. Hous. Auth., 2013 U.S. Dist. LEXIS 135964, *24.

---

[1] The plaintiff can provide the Court with a copy of the defendant's interrogation video from 1994, where he gave the Queen's DA permission to conduct the forensic examination and to enter his home to take photos and retrieve evidence.

  



# T. A. BLACKBURN LAW

Here, Defendant Petty was charged with rape and pled guilty to attempted rape to avoid spending 20+ years in prison. If Defendant Petty was privy to the Queens DA's evidence in 1995, it makes sense why he would plead guilty. There is no way he could have defended the bruises, bite marks, and spermicide discovered on and in Plaintiff's person.

The fact that Plaintiff would like to add a claim for attempted rape, an act which Defendant Petty has already admitted to, is not futile. It would bring this case closer to the end, as Plaintiff is confident Defendant Petty would remain consistent and admit that he attempted to rape Plaintiff. Defendant Petty would not be able to dismiss the claim, as he would have to deny the admission he gave in his plea deal from 1995.

**There Is No Improper Delay, And Defendant Petty Would Not Be Harmed**:
Courts in this Circuit have consistently held that "[t]he burden of conducting additional discovery does not automatically constitute undue prejudice." *State Farm*, 246 F.R.D. at 149 (citing *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989)); *see also A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993))).

Thus, while additional discovery may be necessary if defendants are granted leave to amend, that alone is not a reason to deny their motion. *See, e.g., Versace*, 87 F. Supp. 2d at 299 ("[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" (quoting *Foman*, 371 U.S. at 182)). In fact, the stage of these proceedings supports allowing leave to amend; discovery is ongoing, no trial date has been set, and Plaintiff identifies no duplication of effort that would be required if amendment is permitted. *See, e.g., State Farm*, 246 F.R.D. at 149 ("[Non-movants] will not suffer undue prejudice from the late timing of the amendments because the case is nowhere near resolution."); *Versace*, 87 F. Supp. 2d at 299 (finding no undue prejudice in part because "[n]o trial date has yet been set, nor has discovery been completed"); *Gem Glob. Yield Fund, Ltd. v. Surgilight, Inc.*, No. 04-cv-4451, 2006 U.S. Dist. LEXIS 58222, 2006 WL 2389345, at *11 (S.D.N.Y. August 17, 2008) [*9] ("Permitting defendants to amend . . . would not result in prejudicial delay to plaintiff. This is not a situation where a party filed its motion on the eve of trial." (distinguishing *Pereira v. Cogan*, No. 00-cv-619, 2002 U.S. Dist. LEXIS 21558, 2002 WL 31496224 (S.D.N.Y. November 8, 2002))). [Pereira v. Capala, 2018 U.S. Dist. LEXIS 152174, *8-9](#).

As of the date of this letter, Plaintiff Hough has turned over answers to the defendants' interrogatories and production of defendant document requests. Presumably, Defendants would not need additional documents from Plaintiff concerning the validity of Plaintiff's attempted rape claim, as the Defendant has his 1995 plea deal where he pled guilty to attempted rape.



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com



## T. A. BLACKBURN LAW

Nonetheless, Plaintiff would be amiable to provide Defendants with answers to any supplemental discovery demands concerning the attempted rape claim. This case is in its infancy as it relates to the discovery, and there would be no harm to the Defendant by adding the attempted rape claim.

**Plaintiff's Decision To Exercise Her First Amendment Right Is No Bar To Relief**
Finally, it is pretty sanctimonious of Defendant Petty to bemoan Plaintiff's decision to answer a couple of questions from a journalist concerning Plaintiff's feelings after discovering that the Queens DA preserved all of the evidence from 1994 and the fact that the evidence corroborates Plaintiff's account of what she endured in 1994.

Defendant Petty, his wife, and her fans have spent the last five years tormenting Plaintiff and her family. Accusing Plaintiff of lying about her rape because, at the time that Plaintiff recounted her rape, she did not have the benefit of pointing to evidence. They accused Plaintiff of having conflicting accounts of what occurred because her memory of the events was not as clear in 2023 as in 1994.

Now, Plaintiff has secured confirming evidence, and she is asked how that makes her feel, and all of a sudden, she is somehow "acting in bad faith." If anything, Plaintiff is acting in good faith, as she is solidifying a position that she has had concerning the rape in 1994, which is that she did not "lie on that man [Defendant Petty]."

Defendant Petty did not come forward to clear the record when his wife went on her Queen Radio program and accused Plaintiff of lying. Accused Plaintiff of being a white woman, saying "white equals right," and disgustingly insinuating that Plaintiff is comparable to Carolyn Bryant, the white woman who wrongfully accused Emmett Till.

Finally, this writer commented on a random social media post: "It's about to get worse. Stay tuned." There is no indication that this writer was referring to Defendant Petty, Plaintiff, or this lawsuit. Defendants failed to provide the contexts of this writer's comment, and the fact that Defendant would scour the internet in search of an obscure comment reeks of desperation.

**Conclusion**:
In the end, for the preceding reasons, Plaintiff respectfully requests that the Court grant her leave to amend or supplement the pleadings with the newly acquired evidence.

                                                Respectfully Submitted,

                                                *Tyrone A. Blackburn, Esq.*
                                                Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.


347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com