UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JENNIFER HOUGH,

                Plaintiff,

    -against-                               REPORT AND
                                                      RECOMMENDATION

KENNETH PETTY, A/K/A ("ZOO"),          No. 21-CV-4568-ENV-JRC

                Defendant.
------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

On August 13, 2021, plaintiff Jennifer Hough ("plaintiff") commenced this action against defendant Kenneth Petty (a/k/a Zoo) ("defendant") in connection with defendant's alleged sexual assault of plaintiff.[1] See Compl., Dkt. 1. On September 2, 2021, plaintiff filed an Amended Complaint. See Dkt. 8. On August 11, 2023, plaintiff moved for leave to file a Second Amended Complaint adding a cause of action for attempted rape, and adding factual allegations and exhibits in support of those allegations. See Pl. Motion to Amend, Dkt. 97. Defendant opposes the motion on the grounds that the proposed amendments are untimely, prejudicial and futile. See Def. Opp., Dkt. 98. For the following reasons, the Court respectfully recommends granting in part and denying in part plaintiff's motion to amend.[2]

---

[1] Plaintiff originally named Onika Tanya Maraj (a/k/a Nicki Minaj) ("Maraj") as an additional defendant. On January 12, 2022, plaintiff filed a notice of voluntary dismissal against Maraj, see Dkt. 46, which the court granted on January 19, 2022, see Dkt. 49.

[2] The Second Circuit has stated that a motion to amend is a "non-dispositive" matter that can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a) and subject to review under the "clearly erroneous" standard. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007). Accordingly, "[c]ourts in this Circuit typically treat motions to amend as non-dispositive pre-trial motions." Lema v. Fitzcon Constr./Ren Corp., No. 20-CV-2311, 2022 WL 1321596, at *1 n.1 (E.D.N.Y. May 3, 2022); see Prosper v. Thomson Reuters Inc., No. 18-CV-2890, 2021 WL 535728, at *1 n.1 (S.D.N.Y. Feb. 11, 2021) (collecting cases). However, some courts have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as

## Background

Plaintiff brings this action seeking damages against defendant for, *inter alia*, intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery. Plaintiff alleges that in 1994, when she was sixteen years old, defendant sexually assaulted her at knifepoint. *See* [Proposed] Second Amended Complaint ("Prop. Sec. Am. Compl.") ¶¶ 8, 22-53, Dkt. 97-1. Plaintiff immediately reported the rape to the police and defendant was arrested. *See id.* ¶¶ 54-59. On or about September 21, 1994, defendant was indicted in Queens County Supreme Court on five counts: Rape in the First Degree, Sexual Abuse in the First Degree, Unlawful Imprisonment in the Second Degree, Assault in the Second Degree, and Criminal Possession of a Weapon in the Fourth Degree. *See id.* ¶ 62. On or about April 5, 1995, defendant pled guilty to attempted rape in the first degree before Justice Arthur J. Cooperman of the Supreme Court of Queens County. *See id.* ¶ 154.

In March 2020, defendant was arrested for failing to register as a sex offender in California. *See id.* ¶ 80. After the arrest, defendant, Maraj, and their associates allegedly directed a campaign of harassment and intimidation at plaintiff to compel plaintiff to recant her rape allegation. *See id.* at ¶¶ 12-15, 74-114.

---

dispositive, while a grant of the same motion should be treated as non-dispositive. *See, e.g.*, *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-CV-3439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) ("unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to review under the 'clearly erroneous or contrary to law' standard of Rule 72(a)"). Other courts have suggested a distinction between denials based on undue delay or prejudice, treated as non-dispositive, and denials based on futility, which are treated as dispositive. *See Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438, 2021 WL 863264, at *1 n.1 (S.D.N.Y. Jan. 22, 2021). Out of an abundance of caution, since this Court recommends denying in part plaintiff's motion on futility grounds, this decision is issued as a report and recommendation. *See Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) (Vitaliano, J.) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it.").

In the operative complaint -- the First Amended Complaint (Dkt. 8), plaintiff asserted claims for Intentional Infliction of Emotional Distress (Counts 1, 7), Assault and Battery (Count 2), Sexual Assault (Count 3), Negligent Infliction of Emotional Distress (Count 4), Harassment and Witness Intimidation (Count 5),[3] and Aiding and Abetting an Intentional Tort (Count 6).

At the initial conference held on December 6, 2022, this Court set a deadline of April 30, 2023 for "amendment of the pleadings or joinder of additional parties." *See* Minute Entry dated December 6, 2022. Through the instant motion, plaintiff seeks leave (1) to amend the complaint to add a claim against defendant for attempted rape and (2) to supplement the complaint with factual allegations and exhibits derived from the Queens District Attorney's Office's recent production of materials from the 1994 rape prosecution. Plaintiff contends that any delay in seeking leave to amend is justified because the proposed amendments arise from evidence that was not in her possession until the recent production by the Queens District Attorney's Office. Defendant objects to plaintiff's proposed amendments on grounds of timeliness, undue prejudice and futility.

## Discussion

**I.   Legal Standards**

Where, as here, a court has issued a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court must address whether the party seeking to amend has shown "good cause" for modifying that scheduling order. *See* Fed. R. Civ. P. 16(b)(4); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007); *accord Gullo v. City of N.Y.*, 540 F. App'x 45, 46-47 (2d Cir. 2013) (affirming denial of untimely motion to amend to name defendant officers). One purpose of Rule 16 is to "offer a measure of certainty in pretrial

---

[3] Plaintiff acknowledged in the Amended Complaint that there is "no civil cause of action for witness intimidation." Am. Compl. at 21 n.6, Dkt. 8.

3

proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Rule 16 allows a party to obtain a modification of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the movant's burden to establish good cause under Rule 16. *See Parker*, 204 F.3d at 340; *Lema*, 2022 WL 1321596, at *2. "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotations and citations omitted); *see Kassner*, 496 F.3d at 243, 244. "A party has not acted diligently where the proposed amendment to the pleading is based on information 'that the party knew, or should have known,' in advance of the deadline sought to be extended." *Owens v. Centene Corp.*, No. 20-CV-118, 2021 WL 878773, at *3 (E.D.N.Y. Mar. 9, 2021) (quoting *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)); *see Lema*, 2022 WL 1321596, at *2; *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009) (collecting cases), *report and recommendation adopted*, 2009 WL 3467756 (S.D.N.Y. Oct. 28, 2009). Although diligence is the primary focus of a "good cause" analysis, a court may, in its discretion, also consider other factors, such as whether "allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244.

If the party seeking the amendment satisfies the "good cause" standard of Rule 16, the court then determines whether the movant has also met the liberal standards of Rule 15. *See Kassner*, 496 F.3d at 244; Fed. R. Civ. P. 15. Although Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), even under that

4

liberal standard, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party[,]" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The party opposing the amendment has the burden of demonstrating any bad faith, prejudice of the proposed amendment, or futility of the proposed amendment." *Ap-Fonden v. Goldman Sachs Grp., Inc.*, No. 18-CV-12084, 2023 WL 4865617, at *4 (S.D.N.Y. July 31, 2023).

## II. Proposed Claim for Attempted Rape

Although the Court need not decide whether plaintiff has satisfied Rule 15(a) unless plaintiff first establishes "good cause" under Rule 16, because a claim for attempted rape would be futile, the Court addresses the proposed claim on the merits. *See Mrani v. New York State Dep't of Corrs. and Cmty. Supervision*, No. 21-CV-1072, 2023 WL 3736781, at *6 n.6 (S.D.N.Y. May 31, 2023) (denying amendment on futility grounds rather than addressing arguments regarding "good cause"). Leave to amend may be denied based on futility where the proposed amendment would not survive a motion to dismiss. *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Hadid v. City of New York*, 182 F. Supp. 3d 4, 12 (E.D.N.Y. 2016). To make this assessment, courts must determine "if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, a proposed claim does not 'plausibly give rise to an entitlement to relief.'" *Marbury v. Pace Univ.*, No. 20-CV-3210, 2021 WL 5521883, at *1 (S.D.N.Y. Nov. 24, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Put simply, there is no common law cause of action under New York law for attempted rape. Rather, plaintiff's factual allegations concerning defendant's sexual assault are

5

"subsumed" within her existing cause of action for assault and battery. *See Girden v. Sandals Int'l*, 262 F.3d 195, 203-04 (2d Cir. 2001). As the Second Circuit explains:

> Under New York law, "[a]n 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact. A 'battery' is an intentional wrongful physical contact with another person without consent. It does not matter that the penal law lays down specific elements for the various offenses or degrees of offenses that entail unwanted touching. . . . In the civil context . . ., the common meanings of 'assault' and 'battery' subsume all forms of tortious menacing and unwanted touching. Thus, "a rape is an undisputed assault and battery" under New York law.

*Girden*, 262 F.3d at 203 (quoting *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)); *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 n.7 (E.D.N.Y. 2020) ("Rape indisputably encompasses civil assault and battery under New York law."); *see also Farash v. Cont'l Airlines, Inc.*, 574 F. Supp. 2d 356, 368 (S.D.N.Y. 2008) ("a civil assault action lies where there is 'an intentional attempt or threat to do [physical] injury or commit a battery,' thereby placing an individual in reasonable apprehension of bodily harm") (citations omitted), *aff'd*, 337 F. App'x 7 (2d Cir. 2009). Thus, plaintiff's proposed cause of action for attempted rape is duplicative of her existing assault and battery claim.[4] *See Stone #1 v. Kubik*, No. 21-CV-1191, 2023 WL 3570443, at *6 (W.D.N.Y. May 19, 2023) (granting default judgment on common law battery claim alleging that corrections officer "forced [plaintiff] to

---

[4] To the extent plaintiff seeks to add a claim for attempted rape in order to revive this action pursuant to The Child Victims Act, N.Y. C.P.L.R. § 214-g, such a claim is unnecessary. Section 214-g revives "*every civil claim or cause of action* brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense[.]" N.Y. C.P.L.R. § 214-g (emphasis added). Thus, section 214-g applies to any claim that "arise[s] from sexual abuse that occurred." *See Shapiro v. Syracuse Univ*, 173 N.Y.S.3d 769, 773 (4th Dep't 2022) (finding that Child Victims Act applied to negligence claims). In other words, the reviving statute applies to plaintiff's claim for assault and battery rendering unnecessary a direct claim for the sexual offense itself. *See Wilkie v. Village of Hempstead*, No. 22-CV-00920, 2023 WL 5952056, at *7-*9 (E.D.N.Y. June 20, 2023) (finding that New York State Adult Survivors Act applied to claim of false arrest/false imprisonment).

6

engage in sexual acts"); *Goolden v. Wardak*, No. 19-CV-6257, 2020 WL 4271695, at *5 (S.D.N.Y. July 23, 2020) (denying motion to dismiss claim for assault and battery based on sexual assault). Accordingly, the Court recommends denying plaintiff's motion to add a cause of action for attempted rape on the grounds that such a claim, already subsumed under plaintiff's assault and battery claim, would be futile.

### III. Additional Factual Allegations and Exhibits

Plaintiff also seeks to add 15 exhibits as attachments to the Second Amended Complaint, as well as certain factual allegations describing the exhibits. This aspect of the motion to amend does not seek to add new causes of action, but only to provide additional details in support of the claims already alleged. Defendant objects largely on the ground that plaintiff's motive in seeking amendment is improper.[5] According to defendant, "the true purpose of Plaintiff's request to amend and supplement her pleading is to feed her and her counsel's desire and need for publicity and to attempt to publicly embarrass [defendant] (and his celebrity wife)." Def. Opp. at 1, Dkt. 98. Defendant points to statements plaintiff and her counsel gave to a reporter and certain social media posts as evidence of plaintiff's bad faith. *See* Dkt. 98-1 (*Daily Beast* article and various social media postings).

Notwithstanding defendant's suggestion to the contrary, it is well established that amending a complaint to add details learned through discovery is permissible. *See Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (reversing denial of motion to amend to add "relevant facts" revealed in discovery); *Blagman v. Apple, Inc.*, No. 12-CV-5453, 2014 WL

---

[5] Defendant correctly argues that insofar as plaintiff seeks to "supplement" her pleadings under Rule 15(d), that procedural vehicle is reserved for "facts and claims that arose after the operative complaint was filed." *Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019). Here, plaintiff seeks to "amend" her pleading to add facts that arose *before* the Complaint was filed, but were uncovered during the course of discovery.

7

2106489, at *4 (S.D.N.Y. May 19, 2014) ("Amending a complaint to add color and detail gleaned from discovery is permissible."). Indeed, "[c]ourts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." *Power Up Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, No. 21-CV-1545, 2022 WL 426199, at *6 (E.D.N.Y. Feb. 11, 2022) (internal quotation marks and citation omitted); *see Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-CV-211, 2016 WL 5338550, at *3-*5 (S.D.N.Y. Sept. 23, 2016) (permitting an amended complaint whose proposed allegations were "based on evidence" obtained in discovery, even though the deadline to amend pleadings had passed); *Kirk v. Metropolitan Transp. Auth.*, No. 99-CV-3787, 2001 WL 258605, at *17 (S.D.N.Y. Mar. 14, 2001) (granting leave to amend "to plead facts learned in discovery that support previously noticed causes of action"). Here, the materials and allegations plaintiff seeks to add to the Amended Complaint are directly relevant to, and support, the existing causes of action contained in the Amended Complaint. As discussed further, the Court is not convinced that adding the information at this time was the result of any undue delay or bad faith, nor will the amendments result in any undue prejudice to defendant.

**A.     Delay**

With respect to the alleged delay in seeking amendment, the Court finds plaintiff's explanation for the timing of her motion adequate. Although plaintiff requested the Queens District Attorney's Office's file regarding defendant's rape prosecution "[a]t the onset of this litigation," those records were only recently produced. *See* Pl. Motion to Amend at 1, Dkt. 97. Defendant does not dispute that the new allegations and exhibits arise from files recently produced by the Queens District Attorney's Office. Further, defendant has not argued that any delay was strategic nor that plaintiff has shown bad faith due to the delay itself.

8

### B. Bad Faith

Defendant argues that because "it is not necessary to include such 'evidence' attached to a complaint, [and considering] Plaintiff and her counsel's public statements concerning the 'evidence' and Proposed Amendment, . . . that Plaintiff's true purpose in making the motion was in bad faith." Def. Opp. at 1. However, *The Daily Beast* article and social media posts submitted by defendant in opposition to the motion do not demonstrate that plaintiff is improperly using the proposed amendments to seek publicity. *See* Dkt. 98-1. In addition, the Second Circuit has held a party's efforts to generate media attention about court filings do not establish an improper purpose, at least "[t]o the extent that a complaint is not held to lack foundation in law or fact." *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) ("unless such measures are needed to protect the integrity of the judicial system or a criminal defendant's right to a fair trial, a court's steps to deter attorneys from, or punish them for, speaking to the press have serious First Amendment implications"). Here, defendant neither disputes the accuracy nor authenticity of plaintiff's proposed amendments. Thus, the Court finds defendant's claim of bad faith speculative.

### C. Prejudice

Finally, defendant "bear[s] the burden of 'of demonstrating that substantial prejudice would result were the proposed amendment to be granted.'" *Cat3, LLC v. Black Lineage, Inc.*, No. 14-CV-5511, 2015 WL 5559569, at *4 (S.D.N.Y. Sept. 21, 2015) (quoting *Oneida Indian Nation of New York State v. Cty. of Oneida, NY*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)). Here, defendant claims the amendment "would improperly delay resolution of this action," and require "additional discovery requests." Def. Opp. at 3. First, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a

9

pleading." *Bunay Villa v. Prima Contracting Ltd.*, No. 16-CV-6266, 2020 WL 3035202, at *4 (E.D.N.Y. May 29, 2020) (internal quotation marks and citation omitted). Second, defendant fails to specifically identify any additional discovery he would require as a result of the amendments. *See Bunay Villa*, 2020 WL 3035202, at *5 (holding defendants would not be prejudiced by an amendment where they "fail to specify what the discovery would entail and what additional cost would be associated with it").

Since the additional allegations and exhibits arise from defendant's criminal prosecution, which resulted in his pleading guilty to the attempted rape of plaintiff, the amendments are based on facts that should have been known to defendant. In any event, discovery is still open and no trial date has been set in this action. Accordingly, there is no risk of unfair surprise or undue prejudice to defendant. *See Kleeberg*, 331 F.R.D. at 316 ("in light of the fact that discovery is ongoing and a trial date has not yet been set, the Court finds that permitting the amendments described above will not cause undue delay or prejudice"); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (defendant "is not prejudiced because discovery has not yet concluded").

## Conclusion

For the reasons stated above, this Court respectfully recommends denying plaintiff's motion to add a claim for attempted rape, but grants her motion to add factual allegations and exhibits to the existing claims. A copy of this Report and Recommendation is being electronically served on counsel.

Any objections to the recommendations made in this Report must be filed with the Honorable Eric N. Vitaliano within 14 days after the filing of this Report and Recommendation

and, in any event, on or before **October 24, 2023**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

    **SO ORDERED.**

Dated:    Brooklyn, New York
           October 10, 2023

                                    s/ James R. Cho
                                    James R. Cho
                                    United States Magistrate Judge