# EXHIBIT # O

1

1  SUPREME COURT OF THE STATE OF NEW YORK

2  COUNTY OF QUEENS:  CRIMINAL TERM, PART K-6

3  ------------------------------------------------------------------X

4  THE PEOPLE OF THE STATE OF NEW YORK,           Indictment No.

5       -against-                                                               4521-94

6  KENNETH PETTY,                                                     **PLEA/SENTENCE**

7                      Defendant.
   ------------------------------------------------------------------X

8

9                                              April 5, 1995
                                               125-01 Queens Boulevard
10                                            Kew Gardens, New York 11415

11  B E F O R E :

12       HONORABLE ARTHUR J. COOPERMAN,
                                               Justice,
13

14  A P P E A R A N C E S :

15  FOR THE PEOPLE:

16       RICHARD A. BROWN, ESQ.
         District Attorney, Queens County,
17       BY:  Ada            , ESQ.
             Assistant District Attorney

18

19  FOR THE DEFENDANT:

20       OFFICE OF JANET SABLE, ESQ.
         The Legal Aid Society
21       120-46 Queens Boulevard
         Kew Gardens, New York  11415
22       BY:  JENNIFER MICHAELSON, ESQ.

23

24                                     **DAWN SPANO**,
                                       SENIOR COURT REPORTER
25

gjn

| | |
|---|---|
| 1 | THE CLERK:   Case number six on the calendar, indictment 4521 |
| 2 | of '94, Kenneth Petty. |
| 3 | Judge, my client has an application. |
| 4 | The People have indicated they're willing to allow the |
| 5 | defendant to re-instate the plea that was taken earlier on this case |
| 6 | and I have spoken to my client and he wishes to do so with the |
| 7 | Court's permission. |
| 8 | THE COURT:   Well we have to go through the allocution and |
| 9 | obtain the facts. |
| 10 | (Whereupon the defendant was sworn by the clerk of the court.) |
| 11 | THE COURT:   What's your name, please? |
| 12 | THE DEFENDANT:   Kenny Petty. |
| 13 | THE COURT:   Do you understand English? |
| 14 | THE DEFENDANT:   Yes. |
| 15 | THE COURT:   Is that your lawyer, Ms. Michaelson, standing next |
| 16 | to you? |
| 17 | THE DEFENDANT:   Yes. |
| 18 | THE COURT:   Did you hear and understand the application and |
| 19 | guilty plea she made to the Court a few moments ago on your behalf |
| 20 | which was that she wishes to -- she said that you wish to re-instate |
| 21 | your guilty plea that you had entered into in this case on November |
| 22 | 10, 1994 in which you pleaded guilty to an attempted rape in the |
| 23 | first degree under the first count of the indictment. |
| 24 | Is that what you wish to plead? |
| 25 | THE DEFENDANT:   Yes. |

| | |
|---|---|
| 1 | THE COURT:  Have you had a full and complete opportunity to |
| 2 | discuss your plea in this case with your lawyer and at the end of |
| 3 | that discussion, did you ask her to make this application for you? |
| 4 | THE DEFENDANT:  Yes. |
| 5 | THE COURT:  Do you now wish to withdraw your prior plea of not |
| 6 | guilty and plead guilty at this time to the charge of attempted rape |
| 7 | in the first degree under the first count of the indictment, a |
| 8 | Class C violent felony, to cover all of the charges against you in |
| 9 | this indictment? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  Are you pleading guilty because you are in fact |
| 12 | guilty? |
| 13 | THE DEFENDANT:  No. |
| 14 | MS. MICHAELSON:  You cannot take the plea if you're not guilty. |
| 15 | THE DEFENDANT:  Yes. |
| 16 | THE COURT:  What's your answer? |
| 17 | THE DEFENDANT:  Yes. |
| 18 | THE COURT:  Has anybody threatened you, coerced you or forced |
| 19 | you to plead guilty? |
| 20 | THE DEFENDANT:  No. |
| 21 | THE COURT:  Are you pleading guilty voluntarily? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | THE COURT:  Do you understand that you have the constitutional |
| 24 | right to a speedy trial before a jury on these charges and that the |
| 25 | People have the burden of proving these charges beyond a reasonable |

1   doubt to a unanimous jury and that the Court is prepared to begin
2   that trial shortly if you so desire?
3              Do you understand that?
4              THE DEFENDANT:   Yes.
5              THE COURT:   Do you further understand that if you were to
6   proceed to trial, you would have the right to confront the witnesses
7   against you and further, your lawyer will have a full opportunity to
8   cross-examine these witnesses and you would also have a right to
9   present witnesses on your own behalf.
10             Do you understand that?
11             THE DEFENDANT:   Yes.
12             THE COURT:   Have you had the opportunity to discuss with your
13  lawyer any defenses you may have to the charges brought against you?
14             THE DEFENDANT:   Yes.
15             THE COURT:   Do you realize that by pleading guilty to --
16             MS. MICHAELSON:   One second.
17             You did not discuss the defenses.
18             THE DEFENDANT:   Like what?
19             MS. MICHAELSON:   About the trial and how it would go.
20             THE COURT:   I guess I misheard you on that.
21             MS. MICHAELSON:   He said no but now he is changing his answer
22  to yes.
23             THE COURT:   I'm going to ask that question again:  Have you had
24  the opportunity to discuss with your lawyer any defenses you may
25  have to the charges brought against you?

| | |
|---|---|
| 1 | THE DEFENDANT: Yes. |
| 2 | THE COURT: Do you realize by pleading guilty to a felony today |
| 3 | this plea could serve as the basis for increased sentences in the |
| 4 | future should you commit and be convicted of any felony in the |
| 5 | future. |
| 6 | Do you understand that? |
| 7 | THE DEFENDANT: Yes. |
| 8 | THE COURT: Also, if you were to proceed to trial, you could |
| 9 | not be compelled to incriminate yourself in any way and that would |
| 10 | include not being compelled to take the stand and testify against |
| 11 | yourself, although you would have the right to take the stand on |
| 12 | your own behalf at the time of the trial if you wish to do so. |
| 13 | Do you understand that? |
| 14 | THE DEFENDANT: Yes. |
| 15 | THE COURT: Do you now wish to waive all of these rights and |
| 16 | plead guilty to the charge of attempted rape in the first degree? |
| 17 | THE DEFENDANT: Yes. |
| 18 | THE COURT: Do you understand that if your guilty plea is |
| 19 | acceptable to the Court, it is the same as if you had a trial and |
| 20 | were found guilty? |
| 21 | THE DEFENDANT: Yes. |
| 22 | THE COURT: Did your lawyer tell you there was a discussion |
| 23 | among the attorneys and the Court concerning the possible |
| 24 | disposition and sentence in this case? |
| 25 | THE DEFENDANT: Yes. |

| | |
|---|---|
| 1 | THE COURT: Did she further tell you that the Court indicated |
| 2 | that it would give favorable consideration of imposing a sentence of |
| 3 | incarceration of not less than one and a half and no more than four |
| 4 | and a half years if after reading the probation report that such |
| 5 | sentence would be in the interest of justice? |
| 6 | THE DEFENDANT: Yes. |
| 7 | THE COURT: Did your lawyer also tell you if after reading the |
| 8 | probation report the Court comes to the conclusion that the interest |
| 9 | of justice requires that you be given a longer sentence, then you |
| 10 | will be given the choice of accepting that longer sentence or |
| 11 | withdrawing this plea of guilt without prejudice. That's if the |
| 12 | Court cannot keep the promise with respect to the sentence, you can |
| 13 | make your plea and go on trial. |
| 14 | Do you understand all of that? |
| 15 | THE DEFENDANT: Yes. |
| 16 | THE COURT: Has anybody made any promises other than what I |
| 17 | have told you? |
| 18 | THE DEFENDANT: No. |
| 19 | THE COURT: Do you still wish to plead guilty? |
| 20 | THE DEFENDANT: Yes. |
| 21 | THE COURT: By pleading guilty, are you admitting that on or |
| 22 | about September 16, 1994 in the County of Queens, being male, you |
| 23 | attempted to engage in sexual intercourse with Jennifer Haugh, |
| 24 | H-A-U-G-H, a female, by means of forcible compulsion. |
| 25 | Is that correct? |

| | |
|---|---|
| 1 | THE DEFENDANT:   Yes. |
| 2 | THE COURT:   Where did this take place? |
| 3 | THE DEFENDANT:   123-40 Elm Street. |
| 4 | THE COURT:   Is that in the County of Queens? |
| 5 | THE DEFENDANT:   Yes. |
| 6 | THE COURT:   And what is located at that address? |
| 7 | THE DEFENDANT:   My grandmother's house. |
| 8 | THE COURT:   Your grandmother's house? |
| 9 | THE DEFENDANT:   Yes. |
| 10 | THE COURT:   And were you there at that time with Jennifer |
| 11 | Haugh? |
| 12 | THE DEFENDANT:   Yes. |
| 13 | THE COURT:   And did you attempt to engage in sexual intercourse |
| 14 | with her by force at that time? |
| 15 | THE DEFENDANT:   No -- yes. |
| 16 | THE COURT:   Counsel, would you step up, please? |
| 17 | (Whereupon a discussion was held between all counsel and the Court |
| 18 | off the record at side-bar.) |
| 19 | MS. MICHAELSON:   All right.  Judge -- |
| 20 | THE COURT:   As I indicated to counsel, I wish to go over this |
| 21 | again because I wasn't satisfied with the taking of a plea of guilt |
| 22 | to the crime and I'm going to give the defendant an opportunity to |
| 23 | respond to my questions again.  The Court can ascertain whether the |
| 24 | defendant is pleading guilty or not. |
| 25 | What's your name, please? |

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | THE DEFENDANT:  Kenneth Petty.                                                      |
| 2  | THE COURT:  Do you understand English?                                              |
| 3  | THE DEFENDANT:  Yes.                                                                |
| 4  | THE COURT:  Is that your lawyer, Ms. Michaelson, standing next                      |
| 5  | to you?                                                                             |
| 6  | THE DEFENDANT:  Yes.                                                                |
| 7  | THE COURT:  Did you hear and understand the application and                         |
| 8  | guilty plea she made to the Court a few moments ago on your behalf?                 |
| 9  | THE DEFENDANT:  Yes.                                                                |
| 10 | THE COURT:  Have you had a full and complete opportunity to                         |
| 11 | discuss your plea in this case with your lawyer?                                    |
| 12 | THE DEFENDANT:  Yes.                                                                |
| 13 | THE COURT:  And at the end of that discussion, did you ask her                      |
| 14 | to make this application for you?                                                   |
| 15 | THE DEFENDANT:  Yes.                                                                |
| 16 | THE COURT:  Do you now wish to withdraw your prior plea of                          |
| 17 | not guilty and plead guilty at this time to the charge of attempted                 |
| 18 | rape in the first degree under the first count of the indictment, a                 |
| 19 | Class C violent felony, to cover all the charges against you in this                |
| 20 | indictment?                                                                         |
| 21 | THE DEFENDANT:  Yes.                                                                |
| 22 | THE COURT:  Are you pleading guilty because you are in fact                         |
| 23 | guilty?                                                                             |
| 24 | THE DEFENDANT:  Yes.                                                                |
| 25 | THE COURT:  Has anybody threatened you, coerced you or forced                       |

| | |
|---|---|
| 1 | you to plead guilty? |
| 2 | THE DEFENDANT:  No. |
| 3 | THE COURT:  Are you pleading guilty voluntarily? |
| 4 | THE DEFENDANT:  Yes. |
| 5 | THE COURT:  Do you understand you have a constitutional right |
| 6 | to a speedy trial before a jury on the charges and that the People |
| 7 | have the burden of proving these charges beyond a reasonable doubt |
| 8 | to a unanimous jury and that the Court is prepared to give you that |
| 9 | trial shortly if you so desire? |
| 10 | Do you understand that? |
| 11 | THE DEFENDANT:  Yes. |
| 12 | THE COURT:  Do you further understand that if you were to |
| 13 | proceed to trial, you would have the right to confront the witnesses |
| 14 | against you and further, your lawyer will have a full opportunity to |
| 15 | cross-examine these witnesses and you would also have the right to |
| 16 | present witnesses in your own behalf. |
| 17 | Do you understand that? |
| 18 | THE DEFENDANT:  Yes. |
| 19 | THE COURT:  Have you had the opportunity to discuss with your |
| 20 | lawyer any defenses you may have to the charges brought against you? |
| 21 | THE DEFENDANT:  Yes. |
| 22 | THE COURT:  Do you realize that by pleading guilty to a felony |
| 23 | today this plea could serve as the basis for increased sentence in |
| 24 | the future should you commit and be convicted of any felony in the |
| 25 | future? |

gjn

1    THE DEFENDANT:   Yes.
2    THE COURT:   Also, if you were to proceed to trial, you could
3    not be compelled to incriminate yourself in any way and that would
4    include not being compelled to take the stand and testify against
5    yourself although you would have the right to take the stand on your
6    own behalf at the time of trial if you wish to do so.
7    Do you understand all of that?
8    THE DEFENDANT:   Yes.
9    THE COURT:   Do you now wish to waive all of these rights and
10   plead guilty to the charge of attempted rape in the first degree?
11   THE DEFENDANT:   Yes.
12   THE COURT:   Do you understand if your guilty plea is acceptable
13   to the Court it is the same as if you had a trial and were found
14   guilty?
15   THE DEFENDANT:   Yes.
16   THE COURT:   Did your lawyer tell you that there was a
17   discussion among the attorneys and the Court concerning the possible
18   disposition and sentencing in this case?
19   THE DEFENDANT:   Yes.
20   THE COURT:   Did she further tell you that the Court indicated
21   that it would give favorable consideration of imposing a sentence of
22   incarceration of not less than one and a half and no more than four
23   and a half years if after reading the probation report the Court is
24   of the opinion that such sentence would be in the interest of
25   justice, did she tell you that?

gjn

| | |
|---|---|
| 1 | THE DEFENDANT:   Yes. |
| 2 | THE COURT:   Did your lawyer also tell you if after reading the |
| 3 | probation report the Court comes to the conclusion that the interest |
| 4 | of justice that you be given a longer sentence, then you will be |
| 5 | given a choice of accepting that longer sentence or withdrawing this |
| 6 | plea of guilt without prejudice, that's that the Court cannot keep |
| 7 | its promise with respect to the sentence, you can take back your |
| 8 | plea and go on trial. |
| | Do you understand that, all of that? |
| 9 | |
| 10 | THE DEFENDANT:   Yes. |
| 11 | THE COURT:   Has anybody made any promises other than what |
| 12 | I have told you? |
| 13 | THE DEFENDANT:   Yes -- no. |
| 14 | THE COURT:   Just so the record is clear, has anybody made any |
| 15 | promises other than what I have told you? |
| 16 | THE DEFENDANT:   No. |
| 17 | THE COURT:   You still wish to plead guilty? |
| 18 | THE DEFENDANT:   Yes. |
| 19 | THE COURT:   By pleading guilty, are you admitting that on or |
| 20 | about September 16, 1994 in the County of Queens, being a male, you |
| 21 | attempted to engage in sexual intercourse with Jennifer Haugh, a |
| 22 | female, by the means of forcible compulsion; is that correct? |
| 23 | THE DEFENDANT:   Yes. |
| 24 | THE COURT:   Now where did that take place? |
| 25 | THE DEFENDANT:   123-40 Elm Street. |

| | |
|---|---|
| 1 | THE COURT:   What's located at that address? |
| 2 | THE DEFENDANT:   My grandmother's house. |
| 3 | THE COURT:   And were you there with -- |
| 4 | THE DEFENDANT:   My grandmother. |
| 5 | THE COURT:   And -- |
| 6 | THE DEFENDANT:   Jennifer. |
| 7 | THE COURT:   Were you in a room alone with her? |
| 8 | THE DEFENDANT:   Yes. |
| 9 | THE COURT:   What did you attempt to do on that occasion? |
| 10 | THE DEFENDANT:   I attempted to rape her. |
| 11 | THE COURT:   And how did you attempt to do that? |
| 12 | THE DEFENDANT:   By having sex with her. |
| 13 | THE COURT:   Okay.  Well you just told me that you attempted to |
| 14 | have sexual intercourse with her by means of forcible compulsion. |
| 15 | And could you tell me what it is that you did that you |
| 16 | attempted to do that involved force on your part? |
| 17 | THE DEFENDANT:   I grabbed her and thrown her on to the bed |
| 18 | and tried to rape her. |
| 19 | THE COURT:   How tall are you? |
| 20 | THE DEFENDANT:   Six-one. |
| 21 | THE COURT:   How tall was she at the time? |
| 22 | THE DEFENDANT:   I don't know. |
| 23 | THE COURT:   Well are you bigger than she is? |
| 24 | THE DEFENDANT:   Yes. |
| 25 | THE COURT:   Heavier than she is? |

| | |
|---|---|
| 1 | THE DEFENDANT:   No. |
| 2 | THE COURT:   About the same weight? |
| 3 | THE DEFENDANT:   Yes. |
| 4 | THE COURT:   You say you grabbed her with your hands or arms? |
| 5 | THE DEFENDANT:   Yes. |
| 6 | THE COURT:   What part of your body did you grab her with? |
| 7 | THE DEFENDANT:   With my hands. |
| 8 | THE COURT:   You grabbed her arms? |
| 9 | THE DEFENDANT:   Yes. |
| 10 | THE COURT:   You threw her down? |
| 11 | THE DEFENDANT:   Yes. |
| 12 | THE COURT:   And you got on top of her? |
| 13 | THE DEFENDANT:   Yes. |
| 14 | THE COURT:   All right. |
| 15 | SNAO:   Do you remember when you were interviewed by the |
| 16 | assistant district attorney the day that you were arrested? |
| 17 | THE DEFENDANT:   Yes. |
| 18 | SNAO:   You signed a form, allowing the police to go into your |
| 19 | house? |
| 20 | THE DEFENDANT:   Yes. |
| 21 | SNAO:   And on that form it said that they were allowed to look |
| 22 | for a knife, a long knife? |
| 23 | THE DEFENDANT:   Yes. |
| 24 | SNAO:   Did you hold that long knife when you had Jennifer Haugh |
| 25 | in the bedroom with you? |

gjn

```
1                THE DEFENDANT:   Yes.
2                SNAO:   Did you use that when you tried to throw her down on to
3        the bed?
4                THE DEFENDANT:   Yes.
5                SNAO:   All in the room?
6                THE DEFENDANT:   Yes.
7                THE COURT:   Is there a waiver?
8                SNAO:   Your Honor, I filled out a waiver and I'm handing it
9        over to the defense counsel.  (Handing.)
10               MS. MICHAELSON:   Judge, I'm handing up a Waiver of Appeal
11       signed by myself and the defendant.
12               THE COURT:   Okay.  All right.  Mr. Petty, do you understand in
13       every case the defendant has a right to appeal?
14               THE DEFENDANT:   Yes.
15               THE COURT:   In this case you're waiving your right to appeal?
16               THE DEFENDANT:   Yes.
17               THE COURT:   Have you discussed this with your attorney?
18               THE DEFENDANT:   Yes.
19               THE COURT:   Has anybody threatened you, coerced you or forced
20       you to waive your right to appeal?
21               THE DEFENDANT:   No.
22               THE COURT:   Do you do so voluntarily?
23               THE DEFENDANT:   Yes.
24               THE COURT:   Do you understand by waiving your right to appeal
25       you waive your right to appeal from the judgment of conviction
```

gjn

| | |
|---|---|
| 1 | herein and it's including but not limited to any decision by this |
| 2 | Court on any motion and also waives your right to appeal from this |
| 3 | sentence in this case. |
| 4 | Do you understand that? |
| 5 | THE DEFENDANT:   Yes. |
| 6 | THE COURT:   Is that what you wish to do? |
| 7 | THE DEFENDANT:   Yes. |
| 8 | THE COURT:   Do you understand by waiving your right to appeal |
| 9 | you waive your right to have somebody appointed to represent you in |
| 10 | an Appellate Court in the event that you can not afford an attorney |
| 11 | for that purpose and that purpose would have submitted a brief or |
| 12 | argued in your behalf before the Appellate Court on any of the |
| 13 | issues relating to your conviction and sentence, but by waiving your |
| 14 | right to appeal you waive your right to have that happen. |
| 15 | Do you understand that? |
| 16 | THE DEFENDANT:   Yes. |
| 17 | THE COURT:   The defendant has executed a waiver of the right to |
| 18 | appeal form.  His attorney has signed it, this Court is affixing his |
| 19 | signature as well. |
| 20 | This will remain in the file pending sentence in this case and |
| 21 | the Court will accept the plea. |
| 22 | MS. MICHAELSON:   Judge, we have the probation report.  We ask |
| 23 | that the sentence be imposed now. |
| 24 | THE COURT:   We do have a probation report in this case.  The |
| 25 | defendant has been incarcerated since this report so that I do not |

1   believe another report is necessary.
2           Does the defendant waive any -- do the People wish to be heard
3   on the sentence?
4           SNAO:   Your Honor, the sentence -- this case has been
5   conferenced quite frequently during the course of the pendency, your
6   Honor, the People would rely upon the imposition of the intended
7   sentence.
8           MS. MICHAELSON:   Judge, I would ask that you consider waiving
9   the mandatory surcharge in light of the defendant's age and
10  indigency.  He is being represented by Legal Aid.
11          THE COURT:   Mr. Petty, do you have anything to say on your own
12  behalf before you're sentenced?
13          THE DEFENDANT:   No.
14          THE COURT:   After reading the probation report and taking into
15  consideration the statements made before me today and all the facts
16  and circumstances therein, the Court renders the following sentence:
17  It is the judgment of the Court that he be sentenced as follows:
18  Attempted rape in the first degree, a Class C violent felony, to an
19  indeterminate term of imprisonment of no less than one and a half
20  years and no more than four and a half years.
21          And there's a $150 mandatory surcharge and a $5 crime victim
22  assistance fee.
23          I appreciate your application, however, under the
24  circumstances, the application is premature.  Inmate's funds is the
25  appropriate manner in lieu of incarceration in view of the

gjn

1   incarceration for this matter.
2       MS. MICHAELSON:   Judge, I'm going to ask that you not go into
3   the surcharge, that you allow the parents to pay the surcharge, give
4   them a month's time to pay it and not take it from inmate's funds.
5       THE COURT:   The problem there is if it's not paid within that
6   time I have no jurisdiction over the parents, I only have
7   jurisdiction over him and if it doesn't get paid, if he gets paid --
8       MS. MICHAELSON:   Do you want to --
9       THE COURT:   We can change that requirement.
10      MS. MICHAELSON:   Can you change it from -- give the parents a
11  month to pay it and if they don't pay it then change it to inmate
12  funds?
13      THE COURT:   I prefer to say inmate funds and if it's paid we
14  can give that information to Corrections so that it's not taken out.
15  If it's been paid if it's been --
16      MS. MICHAELSON:   Maybe I will have her send it to his inmate's
17  funds, can't you do that?
18      THE COURT:   See if it's paid.  If it's paid.
19      MS. MICHAELSON:   Thank you.
20      *     *     *     *     *
21  CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT OF
    THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS
22  PROCEEDING BY DAWN SPANO.
23
24      _____
    GAIL J. NEUFELD, RPR
25      Official Court Reporter

**GAIL J. NEUFELD, RPR**
Official Court Reporter
Supreme Court, Queens County
125-01 Queens Boulevard
Kew Gardens, NY  11415
718-298-1544
GNeufeld@NYCourts.gov

Date:  January 27, 2022

INVOICE

TO:   TYRONE BLACKBURN, ESQ.
      tblackburn@tablackburnlaw.com

For the stenographic transcript on the case of:

PEOPLE V.   **KENNETH PETTY**

INDICTMENT NO.  **4521-94**

SUPREME COURT, PART  **K-6**

BEFORE THE HON.  **ARTHUR J. COOPERMAN**

DATE(S):         **April 5, 1995**


AMOUNT DUE:  $ **102.00**

Payable by Cash, check, Zelle, Venmo or PayPal: gaili@aol.com (please do not add note in memo, pay to "friends and family."  Thank you!)