

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

---

MEMBER OF
NY & NJ BAR

---

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, ILND & DNJ

---

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

July 16, 2024

Honorable Eric N. Vitaliano, USDJ
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Jennifer Hough v. Petty AKA ("Zoo"); Case No. 1:21-cv-04568-ENV-JRC

Dear Judge Vitaliano:

      We represent Plaintiff Jennifer Hough in the above-referenced matter. We respectfully submit this letter according to Your Honor's individual rules. The Plaintiff would like to file a motion to compel defendant Kenneth Petty to appear for an in-person deposition and to force the Defendant to provide complete answers and documents to the plaintiffs' outstanding discovery demands. As your honor knows, this litigation has been ongoing since 2021, and after several motions, the parties are in the middle of discovery. Plaintiff has turned over hundreds of pages of documents to Defendant Petty and sat for a six-and-a-half-hour deposition. At the same time, the Defendant and his Counsel intentionally slow-walked the discovery process to run out of the clock.

      As previously mentioned, Plaintiff was deposed by the Defendant for six and a half hours. The deposition was held on July 9, 2024. Toward the end of the deposition, the Defendant's Counsel began harassing the Plaintiff with questions that were wholly inappropriate and unrelated to this case. Counsel for the defendants was asking Plaintiff questions concerning whether Plaintiff colluded with the federal government. After Plaintiff said no to multiple variations of this question, Defendant's Counsel began questioning Plaintiff about her thoughts on Hollywood movies and began questioning her about either the Spider or Batman movies. After several warnings to move on from this pointless and harassing line of questioning, this writer ended the deposition.

      A court may sanction a party who fails to attend his own deposition. *Abreu v. Kooi*, No. 9:14-CV-1529-GLS-DJS, 2017 U.S. Dist. LEXIS 148544, 2017 WL 4621283, at *3 (N.D.N.Y. Sept. 12, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 169861, 2017 WL 4621100 (Oct. 13, 2017) (citing Fed. R. Civ. P. 37(d)(1)(A)(i)). A court must require the party who did not attend his deposition to "pay the reasonable expenses" stemming from his failure to appear "unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also Davis v. Citibank, N.A.*, 607 F. App'x 93, 94





(2d Cir. 2015) ("If a party fails to attend its own deposition, the district court may . . . order the party to pay reasonable expenses."). *McMurray v. Attica C.F.*, No. 15-CV-6398-FPG, 2019 U.S. Dist. LEXIS 143773, at *8 (W.D.N.Y. Aug. 23, 2019).

As a result, Defendant's Counsel refused to present Defendant Petty for his previously scheduled deposition, which was scheduled to be held today, July 16, 2024. This is the third time Defendant Petty has adjourned or refused to appear for a deposition. Time after time, Counsel for Defendant Steven Issner came up with excuse after excuse to delay the Plaintiff's right to depose the Defendant.

***The first excuse*** was the fact that Counsel wanted to depose Plaintiff first. ***The second excuse*** was the fact that he needed to delay the deposition of the Plaintiff because he wanted to wait four months to receive the prosecutorial file from the 1994 criminal case where the Defendant pleaded guilty to attempted rape of Plaintiff Hough. It is important to note that this writer has provided the defendants with the entire 1994 prosecutorial file multiple times since last year. During the Plaintiff deposition, Defendant's Counsel, Issner, presented two pages of the 300+ page 1994 prosecutorial file. This was a clear indication that the delay for deposition was done in bad faith and for the sole purpose of running out the clock on discovery.

Inexplicably, Defendant Petty did not appear for today's deposition, and Plaintiff had to incur the cost of reserving a court report and setting aside time to prepare for the deposition. Plaintiff respectfully requests that the court force defendant Petty to pay for the cost associated with intentionally failing to appear for the deposition. A court may sanction a party who fails to attend his own deposition. *Abreu v. Kooi*, No. 9:14-CV-1529-GLS-DJS, 2017 U.S. Dist. LEXIS 148544, 2017 WL 4621283, at *3 (N.D.N.Y. Sept. 12, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 169861, 2017 WL 4621100 (Oct. 13, 2017) (citing Fed. R. Civ. P. 37(d)(1)(A)(i)). A court must require the party who did not attend his deposition to "pay the reasonable expenses" stemming from his failure to appear "unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *see also Davis v. Citibank, N.A.*, 607 F. App'x 93, 94 (2d Cir. 2015) ("If a party fails to attend its own deposition, the district court may . . . order the party to pay reasonable expenses."). *McMurray v. Attica C.F.*, No. 15-CV-6398-FPG, 2019 U.S. Dist. LEXIS 143773, at *8 (W.D.N.Y. Aug. 23, 2019).

The Plaintiff respectfully requests leave to file a motion to compel Defendant Petty to provide the outstanding document requests and appear in person for deposition. The Plaintiff also respectfully requests a 60-day extension for the end of fact discovery, as the defendants' intentional delays and refusals to participate in depositions have harmed the Plaintiff's ability to effectively complete fact discovery.

Respectfully Submitted,
*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.




📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com