# LAW OFFICES OF
# STEVEN D. ISSER
305 Broadway, 7th Floor
New York, New York 10007
(212) 812-5096
sisser@isserlaw.com

July 24, 2024

**BY ECF**
Hon. James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Hough v. Maraj, et al.,</u> 21-civ-04568 (EDNY) (ENV) (JRC)

Dear Judge Cho:

      This firm represents Defendant Kenneth Petty ("Defendant") in the above-referenced action. By letter dated July 16, 2024, addressed to Judge Vitaliano, Plaintiff Jennifer Hough ("Plaintiff") seeks permission to file a motion to compel Defendant to appear for a deposition and to respond to discovery ("Plaintiff's Letter" or "Pl. Ltr."). This letter is written in both opposition to Plaintiff's Letter and to also seek permission for Defendant to file a motion to compel Plaintiff to appear for the continuation and conclusion of her deposition and for sanctions.

      It is unfortunate that this discovery dispute requires the Court's attention. Lawyers should be able to resolve such issues without the need of Court intervention, but Plaintiff's counsel's unprofessional conduct and bad faith have made this impossible. Indeed, Plaintiff's counsel's bad faith is demonstrated by Plaintiff's Letter itself, in which Plaintiff omits to inform the Court of numerous material facts, as discussed below. Plaintiff's Letter also is replete with mischaracterizations and inaccurate statements. For example, during Plaintiff's deposition, I did not "harass[]" Plaintiff, ask "inappropriate questions" or ask questions which were "unrelated" to the case, as Plaintiff's counsel falsely claims. Pl. Ltr. at 1. Nor did Defendant "[i]nexplicably" fail to appear for his deposition. Pl. Ltr. at 2.

      Plaintiff was deposed on July 9, 2024. There were limited objections by Plaintiff's counsel during the deposition (although many were improper speaking objections in an attempt to lead Plaintiff's testimony). Throughout the deposition, Plaintiff was questioned concerning numerous inconsistent statements and testimony she has provided concerning relevant issues and Plaintiff's responses were not credible. Clearly aware of this, Plaintiff's counsel unilaterally, and improperly, terminated the deposition before it was concluded.

      At the time Plaintiff's counsel improperly terminated the deposition, the questioning was appropriate and relevant. Plaintiff alleged in the Second Amended Complaint, and testified

during her deposition, that an unknown third-party contacted the US Marshal Service concerning the alleged harassment of Plaintiff in relation to her allegations against Mr. Petty and that the US Marshal Service offered her "witness protection." Plaintiff has made inconsistent statements concerning this allegation (*e.g.,* texting that the US Marshals were at her house, but admitting that they were not).

Although we do not yet have the transcript, I remember the questioning concerning this issue when Plaintiff's counsel improperly terminated the deposition. I asked Plaintiff what she had to provide in exchange for "witness protection," as my understanding is that an individual must be a witness to receive **witnes**s protection. Plaintiff was obviously confused by my question, so to place the question in context I began my next question by referring to movies (without mentioning a specific movie), as I would ask something along the lines of "have you seen movies in which a person agrees to testify against criminals and receives witness protection due to testifying." Before I could complete my question, however, Plaintiff's counsel began yelling, screaming and objecting. He then abruptly terminated the deposition by signing off.

I did not ask Plaintiff whether she "colluded" with the federal government or imply this in any way. Nor did I mention a Batman or Spiderman movie. These statements in Plaintiff's Letter are inaccurate, as will be demonstrated by the transcript. Although Plaintiff's counsel repeatedly states that Plaintiff was deposed for six and half hours, there were numerous 15 minute breaks and a one hour lunch break, so there was plenty of time for the deposition to continue.

Accordingly, there was no legitimate basis for Plaintiff's counsel's unilateral termination of the deposition. Even if I had asked an irrelevant question about movies, which was not the case, this would not be a valid basis for Plaintiff's counsel to unilaterally terminate the deposition because he did not like one question (or, more likely because he did not like his client's testimony concerning this line of questioning). If Plaintiff's counsel sincerely believed that the question was this objectionable, we could have telephoned the Court for a ruling. That Plaintiff's counsel abruptly left the deposition before we could do so belies Plaintiff's true motive, to prematurely end the deposition.

Further demonstrating Plaintiff's counsel's bad faith is his failure to inform the Court that he was well aware that Defendant would not be appearing for his deposition until Plaintiff's deposition was concluded. On July 11, 2024, I sent Plaintiff's counsel an email (attached as Ex. 1) stating:

> Your outburst at your client's deposition was uncalled for and unprofessional. More importantly, however, your unilateral termination of the deposition was improper and prejudiced my client. I am entitled to finish Ms. Hough's deposition and my client will not appear for a deposition until Ms. Hough's deposition is concluded. Please provide me with dates that you and Ms. Hough are available to finish her deposition.

In response, that same day, Plaintiff's counsel did not offer any dates to complete Plaintiff's deposition. Rather, he threatened to file a motion to compel, and made false

accusations concerning Plaintiff's deposition, to which I responded. Ex. 1. Hence, Plaintiff was well aware that Defendant would not be appearing for his scheduled deposition (and would not appear until Plaintiff's deposition was completed), it was not "inexplicable" that Defendant did not appear, as it had been explained beforehand, and there was no reason for Plaintiff to reserve a court reporter or prepare for the deposition. Further demonstrating Plaintiff's bad faith is that fact that Plaintiff's counsel never sent me the link to attend Defendant's deposition (the parties *agreed to remote depositions*). This demonstrates that Plaintiff was obviously aware that my client would not be appearing, and there was no need to hire a court reporter or prepare.

Plaintiff's claim that Defendant's deposition was adjourned three times is disingenuous. Although both parties served notices of deposition, neither parties' deposition was actually scheduled due to discovery issues, and Plaintiff agreed to all extensions of the deadline for fact discovery for this reason. There was never an adjournment so that Plaintiff could be deposed before Defendant, nor has Defendant attempted to run the clock on discovery. Merely because I only questioned Plaintiff at her deposition concerning a couple of documents from the prosecution file does not mean I did not need to review the file before Plaintiff's deposition and, more importantly, before my client's deposition.

Similarly disingenuous is Plaintiff's motion to compel Defendant to provide interrogatory responses and outstanding documents. Defendant served his interrogatory responses and document production on September 6, 2023. Plaintiff did not raise any objections to Defendant's discovery responses or document production until now, for the first time in Plaintiff's Letter. Indeed, although I made numerous objections to Plaintiff's discovery responses, and worked with Plaintiff to avoid motion practice, Plaintiff never raised any issue with Defendant's discovery responses or document production, and it is still unclear exactly what Plaintiff objects to and/or the basis of the objection, as Plaintiff's Letter is silent on these issues.

Denial of Plaintiff's motion, and granting Defendant's cross-motion, also is warranted because Plaintiff failed to comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure. As discussed above, Plaintiff did not make a good faith effort to resolve these discovery disputes.

For any and all of the above-discussed reasons, it is respectfully submitted that the Court issue an Order extending fact discovery and requiring the completion of Plaintiff's deposition before Defendant's deposition. Further, Defendant's deposition should be conducted remotely, as the parties agreed to remote depositions and, pursuant to this agreement, Plaintiff's deposition was conducted remotely. Plaintiff also should be sanctioned for the costs and time associated with the continuation of her deposition.

Thank you for the Court's attention to this matter.

Respectfully submitted,

Steven D. Isser

CC:	All counsel *via* ECF