LAW OFFICES OF
**STEVEN D. ISSER**
305 Broadway, 7th Floor
New York, New York 10007
(212) 812-5096
sisser@isserlaw.com

September 10, 2026

**BY ECF**
Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brookly, New York 11201

Re: *Hough v. Maraj, et al.,* 21-civ-04568 (EDNY)

Dear Judge Vitaliano:

This firm represents Defendant Kenneth Petty ("Defendant") in the above-referenced matter. I write pursuant Rule III(A) of the Court's Individual Motion Practice and Rules to respectfully request a pre-motion conference in advance of a motion by Defendant Petty to dismiss the Second Amended Complaint (the "Complaint") [Doc. No. 103] filed by Plaintiff Jennifer Hough ("Plaintiff"), pursuant to Fed. R. Civ. P 56. As there is a page limit concerning this letter, this letter will only summarize certain of the facts and arguments which would be made in support of Defendant's motion.

The Complaint primarily concerns Plaintiff's allegation that Defendant raped Plaintiff in 1994, when Plaintiff and Defendant were 16 years old. Plaintiff alleges that when Plaintiff was at a bus stop, Defendant held a weapon to Plaintiff's back (sometimes it is alleged to be a gun, at other times a knife), forced her into a home and after physically struggling with Plaintiff, raped her. Plaintiff further alleges that Defendant Petty threatened, harassed and intimidated Plaintiff to drop the charges against Defendant and/or recant her allegations of rape. Defendant denies these allegations, as their sexual intercourse was consensual, and denies that he ever threatened, intimidated or harassed Defendant, or that he asked anyone to do so.

Plaintiff has asserted four Causes of Action against Defendant: Count I (Intentional Infliction of Emotional Distress), Count II (assault and battery), Count III (Sexual Assault) and Count IV (Negligent Infliction of Emotional Distress). Defendant intends to seek summary judgment on all of these Causes of Action

**Plaintiff Was Not Raped**

The Causes of Action based on Plaintiff's claim that Defendant raped her should be dismissed because Plaintiff has admitted that she was not raped and/or due to inconsistent statements made by Plaintiff concerning the alleged rape. For example, in 1994, after Defendant

was charged with rape, Plaintiff provided a signed and notarized letter to the District Attorney's Office (attached hereto as Exhibit 1). In this letter, Plaintiff admits that her allegations of rape were "half false," that she "use to go with" Defendant and that she voluntarily went to the home with Defendant. Unlike the allegations of a violent sexual assault contained in the Complaint, in this letter Plaintiff states that after they had and argument, Defendant would not let her leave because she was "too upset," but would let her leave if she had sex with him. In the letter, Plaintiff expressly states that Defendant is "not a rapist" and that Defendant "never disrespected me in any way." Accordingly, these prior admissions by Plaintiff, and the inconsistencies between the letter and Plaintiff's allegations in this lawsuit, fatally undercut her allegations of rape, sexual assault and infliction of emotional distress contained in the Complaint, warranting summary judgment.

Additional evidence demonstrates that Plaintiff's claim of rape is conclusively false and should be dismissed. For example, Steve Moise, a childhood friend of Plaintiff's, testified that in 1994 Plaintiff told him after the alleged incident that another person was present and/or participated in the alleged rape. Yet, Plaintiff now alleges she was alone with Defendant. Further, Plaintiff has changed her allegations as to whether Defendant held a gun or knife to her back when he met her at the bus stop. Further undercutting Plaintiff's claims is that she waited 27 years to commence litigation and filed this action only after Defendant became romantically involved with his now wife Onika Tanya Maraj a/k/a Nicki Minaj, who was originally a co-defendant in this action. Ms. Maraj is a famous and wealthy musician and Plaintiff initiated this action believing that a celebrity with deep pockets, who is now married to Defendant, would fear adverse publicity, allowing Plaintiff to extract money based on the 27 year old alleged incident.

Defendant also may move for dismissal of Counts I-III on the grounds that these claims are time barred because Section 214-g of the New York Civil Practice Law and Rulesa ("CPLR"), which is a tolling statute, is inapplicable to Plaintiff's claims.

**The Emotional Distress Claims Based on Alleged Threats and Intimidation Fail**

Plaintiff's Causes of Action for emotional distress based on alleged threats and harassment also should be dismissed. In Count I, Plaintiff alleges that Defendant harassed and intimidated her in 1994 to drop the rape charge against him. This claim is time barred. Further, Plaintiff admits that Defendant did not directly threaten her or attempt to intimidate her. Rather, Plaintiff claims that unidentified people threatened her and her family. Plaintiff admitted during her deposition, however, that she has no direct proof that any of these unidentified people were acting at the request of Defendant, who was in jail at the time. Plaintiff merely speculates and believes that Defendant requested that these unidentified people contact Plaintiff, which is insufficient to maintain her claim.

In addition, the allegations of threats and intimidation are based on hearsay, as Plaintiff claims the threats were made to other people, who told Plaintiff of them. Such double hearsay may not defeat summary judgment, as "It is well-established in the Second Circuit that 'a party 'cannot rely on inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial.'" *McDonald v. County of Suffolk,* 2026 WL 1453872, at *10 (E.D.N.Y. May 22, 2026).

Plaintiff's claim for negligent infliction of emotional distress (Count IV) is based on allegations that in 2020, Defendant, directly or indirectly, harassed, threatened and intimidated her to recant her allegations of rape. Plaintiff asserted a similar causes of action in her First Amended Complaint, but voluntarily dismissed all claims for "conduct from 2018 or later" [Doc. No. 58]. Accordingly, this claim should be dismissed because it was withdrawn.

To the extent this claim is part of this action because it is contained in the Second Amended Complaint, after having been dismissed, the claim is time barred. The statute of limitations for a claim of negligent infliction of emotional distress is three years, and it is one year for a cause of action for intentional infliction of emotional distress, which, as discussed below, is the essence of Plaintiff's claim. *See* CPLR §§ 214 and 215; *Scifo,* 198 A.D.3d at 705; *Barbetta v. Facchini,* 236 A.D.3d 623, 625 (2d Dep't 2025). Either way, Count IV is time barred, as the last alleged act of harassment or intimidation occurred in October 2020, but Plaintiff did not file the Second Amended Complaint, the operative pleading because the claim was withdrawn, until December 23, 2023, over three years after the last alleged conduct supporting this claim. *See* Complaint at ¶¶ 71-107 [Doc. No. 103].

Count IV of the Complaint should be dismissed for the additional reason that all of Plaintiff's allegations in support of this claim concern alleged intentional conduct by Defendant, which not only requires application of the one year limitations period, but also cannot support a negligence claim. *See Scifo v. Taibi,* 198 A.D.3d 704, 706 (2d Dep't 2021) (dismissing negligent infliction of emotional distress claim because "Such a cause of action must fail where 'no allegations of negligence appear in the pleadings'…Here, as the complaint only alleges intentional conduct by Taibi, there is no basis for a cause of action sounding in negligence.'") (citation omitted). Further, Defendant did not owe Plaintiff any duty, which is a required element of a negligent infliction of emotional distress claim. *Id.*

Plaintiff also has failed to come forward with any admissible proof supporting her emotional distress claim. Plaintiff admitted during her deposition that Defendant did not communicate with her in 2020 and that she has no direct proof that any of people who threatened or intimidated her in 2020 were acting at the request of Defendant, and merely speculates and believes Defendant was involved. This is insufficient to sustain Count IV. In addition, these allegations also are based on double hearsay, as Plaintiff claims the threats were made to other people, who told Plaintiff of them. In addition, many of the alleged threats do not constitute threats or intimidation.

For any and all of the reasons discussed above, summary judgment would be warranted. Further, currently, the Pre-Trial Order is to be filed on or before October 12, 2026. It is respectfully requested that the Court adjourn the filing of the Pre-Trial Order until after the summary judgment motion is determined. Thank you for your attention to this matter.

Respectfully submitted,

Steven D. Isser

CC: All Counsel *via* ECF