**T.A. BLACKBURN LAW, PLLC**
1242 East 80th Street, Brooklyn, New York 11236
Phone: (347) 342-7432 | Email: tblackburn@tablackburnlaw.com

September 25, 2026

BY ECF
Hon. Eric N. Vitaliano
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Hough v. Maraj, et al.*, No. 21-cv-04568 (ENV) (JRC)

Dear Judge Vitaliano:

We represent Plaintiff Jennifer Hough. Plaintiff responds to Kenneth Petty's September 10, 2026, pre-motion letter (ECF 125), which seeks Rule 56 judgment on all four claims. The letter presents classic jury issues: disputed authorship of a purported 1994 recantation, conflicting witness recollections, and competing inferences about the evidence. Rule 56 does not permit weighing competing evidence or resolving genuine credibility disputes against the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Tolan v. Cotton, 572 U.S. 650 (2014). More fundamentally, Petty's assertion that the encounter was consensual omits his final sworn guilty-plea allocution admitting attempted rape by forcible compulsion. The proposed motion should not delay trial.

A. **The Purported 1994 Letter Does Not Establish Consent or Entitle Petty to Judgment.**

ECF 125 asserts as fact that Plaintiff 'provided a signed and notarized letter' to the District Attorney. ECF 125 at 2. Plaintiff disputes the page's attribution to her. Petty therefore cannot simply treat authorship as undisputed; as proponent, he must authenticate it under Fed. R. Evid. 901(a). Rule 56(c)(2) permits objection if the material cannot be presented in admissible form. Authentication does not itself establish the truth of the page's contents; any factual dispute must be supported by competent record evidence. Even an authenticated prior statement would not permit the Court to resolve credibility against Plaintiff. Anderson, 477 U.S. at 255.

Nor does the document say what ECF 125 claims it proves. It states that Petty 'wouldn't let me' leave; that 'if I would have sex with him, I can leave. So I did'; that Plaintiff 'didn't want to have sex the second time'; and that Petty would not allow her to go home until they had sex (ECF 125-1). Those words describe detention and compelled submission, not an undisputed consensual encounter. In assessing threats-based forcible compulsion, the inquiry focuses on the fear produced in the victim by the defendant's conduct, not merely his capacity to carry out the threat. People v. Thompson, 72 N.Y.2d 410, 415-16 (1988).

B. **Petty Is Precluded from Relitigating the Facts Necessarily Established by His Guilty Plea.**

New York gives collateral-estoppel effect to criminal convictions, including convictions based on guilty pleas, where the identical issue was necessarily resolved and the defendant had a full and fair opportunity to contest it. Grayes v. DiStasio, 166 A.D.2d 261, 262-63 (1st Dep't 1990); Lili B. v. Henry F., 235 A.D.2d 512, 512-13 (2d Dep't 1997) (affirming summary judgment on civil battery liability based on guilty plea to sexual abuse); see 28 U.S.C. § 1738.

On April 5, 1995, after the court retook the plea to ensure it was voluntary, Petty admitted under oath that he was guilty of Attempted Rape in the First Degree; that he attempted intercourse with Plaintiff 'by the means of forcible compulsion'; that he 'grabbed her and thrown her on to the bed and tried to rape her'; and that he held and used the long knife in the bedroom (ECF 103-13,

Tr. 8:16-24, 9:1-4, 11:19-23, 12:17-18, 13:24-14:6). The conviction precludes relitigation of the identical issues necessarily determined, including attempted rape by forcible compulsion. The additional allocution admissions independently supply admissible evidence under Fed. R. Evid. 801(d)(2)(A); Plaintiff does not contend that every detail of the allocution is conclusively established by issue preclusion. Although the plea does not itself prove completed penetration, the necessarily determined forcible compulsion defeats a Rule 56 theory that the entire encounter was consensual. The precluded issues and the admissions concerning physical contact and use of the knife support Plaintiff's requested partial summary judgment on Count II. Plaintiff therefore requests leave to cross-move, identifying the facts establishing each disputed element of civil assault and battery, and for preclusion of the issues necessarily determined by the conviction. See Lili B., 235 A.D.2d at 512-13.

C. **Petty's Remaining 'Inconsistencies' Are Evidentiary Conflicts for the Jury.**

ECF 125's 'gun or knife' argument creates a false dichotomy. The same-day complaint report records a blunt object pressed into Plaintiff's back, a clicking sound, and her belief it was a gun; the intake record separately states that Petty later held a large knife and told her she could not leave (ECF 103, Exs. G, I). The laboratory and medical records, knife evidence, and injury photographs provide additional corroborative evidence (ECF 103, Exs. A, B, D, E, J, K). Steve Moise's recollection of a different account, even if admissible under Fed. R. Evid. 801(d)(2)(A), creates conflicting evidence for trial; it does not make Petty's version undisputed. The same is true of ECF 125's unsupported theory that Plaintiff sued only because Petty married a wealthy celebrity. Motive and credibility are jury questions. Anderson, 477 U.S. at 255.

D. **CPLR 214-g Revived the 1994 Child-Sexual-Abuse Claims.**

ECF 125 calls CPLR 214-g a 'tolling statute' and says it is inapplicable. ECF 125 at 2. The Court of Appeals instead describes the Child Victims Act as a claim-revival statute for previously time-barred tort claims based on sex offenses against children. Jones v. Cattaraugus-Little Valley Cent. Sch. Dist., 43 N.Y.3d 337 (2025). This action was commenced August 13, 2021, within the CVA window. Judge Cho's report and recommendation, adopted December 8, 2023, expressly recognized the revival of Plaintiff's assault-and-battery claim because it 'arise[s] from sexual abuse that occurred'; a separate attempted-rape tort was unnecessary. ECF 101 at 6 n.4 (Oct. 10, 2023); Dec. 8, 2023 Order. Petty's one-sentence limitations theory does not overcome revival of the claims arising from the 1994 sexual abuse. Count I expressly seeks recovery for emotional injury caused by the sexual assault as well as associated intimidation. ECF 103 ¶¶ 119-120, 122-124. To the extent it seeks redress for injury resulting from the 1994 sexual abuse, the same statutory revival applies.

E. **ECF 125 Misstates the Procedural History and the Limitations Record on Count IV.**

First, the January 27, 2022 dismissal (ECF 60) reached the Fourth cause of action only 'to the extent it relates to conduct from 2018 or later' and was expressly 'WITHOUT prejudice.' It neither dismissed Count IV in its entirety nor adjudicated its merits. The Court subsequently granted leave to amend, and Count IV appears in the operative Second Amended Complaint. ECF 101; Dec. 8, 2023 Order; ECF 103 ¶¶ 142-149. ECF 60 therefore does not support treating the entire count as withdrawn or adjudicated against Plaintiff.

Second, ECF 125's limitations calculation is factually wrong. It says the 'last alleged act' occurred in October 2020 because it stops reading at paragraphs 71-107. ECF 125 at 3. The pleading continues: paragraphs 112-115 and Exhibit O allege that on August 12, 2021, Black, identified as Petty's intermediary, publicly threatened Plaintiff, ending with circled firearms and 'be safe out here lol.' Whether Plaintiff can prove Black acted for Petty is an agency question; it does not make October 2020 the last alleged act. The Second Amended Complaint was filed

December 23, 2023, less than three years after August 12, 2021. Accordingly, applying the three-year NIED period to the August 2021 conduct, the December 2023 filing was within that period even without reliance on an earlier filing date. Barbetta v. Facchini, 236 A.D.3d 623 (2d Dep't 2025). This timeliness argument concerns the NIED claim insofar as it arises from the alleged August 2021 conduct; it does not depend on treating that conduct as automatically reviving every earlier act.

Upon information and belief, the plea disposition arising from the 1994 sexual assault required Petty to stay away from Plaintiff and prohibited direct or indirect contact with her. Count IV alleges that this victim-specific obligation imposed a protective duty running directly to Plaintiff, which Petty negligently breached, endangering her physical safety and causing fear for that safety. ECF 103 ¶¶ 147-149. Taggart recognizes NIED where breach of a duty owed directly to the plaintiff causes emotional harm with a guarantee of genuineness, generally supplied by physical endangerment or fear for personal safety; extreme-and-outrageous conduct is not an additional element. Taggart v. Costabile, 131 A.D.3d 243, 253, 255-57 (2d Dep't 2015). Taggart dismissed the claim because intervening criminal acts severed the causal nexus. Plaintiff's theory here attributes the communications to Petty's own participation or intermediaries acting for him, rather than independent third-party wrongdoing. Scifo requires negligence, not intentional misconduct repackaged as negligence. Scifo v. Taibi, 198 A.D.3d 704 (2d Dep't 2021). The theory pleaded here is negligent breach of the victim-specific protective obligation identified in paragraph 147, not simply that every intentional threat constitutes negligence. Plaintiff preserves that theory at this pre-motion stage; any Rule 56 opposition will address the obligation's existence and operative scope, negligent breach, and direct causation through competent record evidence, rather than treating an information-and-belief allegation as proof.

Separately, Petty's hearsay objection does not reach his own sworn testimony: he admitted giving Barry Dukes his wife's telephone number to pass to Plaintiff. Petty Dep. 176:10-13. That admission is evidence of Petty's participation in facilitating communication and is admissible against him under Fed. R. Evid. 801(d)(2)(A). A recipient's personal-knowledge testimony that a threat was made, offered for that purpose rather than the truth of an assertion within it, likewise is not hearsay. United States v. Bellomo, 176 F.3d 580, 586 (2d Cir. 1999). Whether those communications are attributable to Petty is a separate question from whether testimony that the threats were made constitutes hearsay. Plaintiff must establish attribution where required and address any independent hearsay layer, but those distinct questions do not justify excluding these categories of evidence wholesale as double hearsay.

F. **Requested Relief.**

Plaintiff respectfully requests that the Court decline to authorize the proposed motion or, alternatively, set a single consolidated schedule permitting Plaintiff to cross-move for partial summary judgment on Count II and for preclusion of the issues necessarily determined by Petty's conviction. Plaintiff also requests that the October 12, 2026 Joint Pretrial Order deadline not be adjourned indefinitely; any necessary extension should be to a date certain promptly after disposition of the motion.

Respectfully submitted,

/s/ Tyrone A. Blackburn
Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
tblackburn@tablackburnlaw.com
Counsel for Plaintiff Jennifer Hough

/s/ Marjorie Mesidor
Marjorie Mesidor, Esq.
Mesidor PLLC
mm@marjoriemesidor.com